(2) 10/11/00 JA

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

------------------------------X

Ronald Tucker,
**Petitioner**

v.

1: CV 00-1780

Case No.

Michael Zenk, Warden, Allenwood Federal Correctional Institution, Bureau of Prisons, U.S. Attorney General, U.S. Marshal Service,
**Respondents**

------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241**

FILED
SCRANTON
OCT 10 2000
PER ____ DEPUTY CLERK

**MEMORANDUM OF LAW**

**IN SUPPORT OF PETITION FOR**

**WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241**

**BY A PERSON IN FEDERAL CUSTODY**

Ronald Tucker 39032-053
Petitioner, Pro Se
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887

Dated: White Deer, Pa
September 25, 2000

## TABLE OF AUTHORITIES


| CASES | PAGE # |
|---|---|
| Armstrong v.Manzo,380 US 545, 14 L.Ed 62, 85 S.Ct 1187...... | 14 |
| Brown v. Perrill,28 F.3d 1073(10th Cir.1994) ............... | 11 |
| Cozine v. Crabtree,15 F.Supp 2d 997 ........................ | 10 |
| Haywood v. Looney,246 F.2d 56 (10th Cir.1957) .............. | 6 |
| Hernandez v. U.S. Attorney General,689 F.2d 915 (1982) ..... | 6 |
| Kayfez v. Gasele,993 F.2d 1288 (7th Cir.1993) .............. | 10 |
| Kim v. Hurston,182 F.3d 113 (2nd Cir.1999) ................. | 13 |
| Rios v. Wiley,29 F.Supp 232 (M.D.Pa 1998)................... | 8 |
| Rios v. Wiley,201 F.3d 257 (3rd Cir.2000) .................. | 11 |
| United States v. Benefield,942 F.2d 60 (1st Cir.1991) ...... | 8,9,10 |
| U.S. Ex Rel Johnson v. Chairman, New York State Board of Parole,500 F.2d 925 ...................................... | 14 |
| United States v. Dorsey,166 F.3d 558 (3rd Cir. 1999) ....... | 7 |
| United States v. Drake,49 F.3d 1438 (9th Cir.1995) ......... | 11 |
| United States v. Keifer,20 F.3d 874(8th Cir.1994) .......... | 11 |
| United States v. Mauro,544 F.2d 588(2nd Cir 1976) .......... | 13 |
| United States v. Smith,812 F.Supp 368 (E.D.N.Y. 1993) ...... | 5 |
| **STATUTES** | |
| Title 18 U.S.C. §3584(a) ................................... | 9,12 |
| Title 18 U.S.C. §3585(b) ................................... | 7,9,10 |
| Title 18 U.S.C. §4082 [Now §3621] .......................... | 6 |
| U.S.S.G. §5G1.3(b) ......................................... | 15 |
| **CONSTITUTIONAL AMENDMENTS** | |
| Const. Amend. 5 ............................................ | 9 |
| Const. Amend. 14 ........................................... | 5,12 |

United States District Court
Middle District of Pennsylvania
---------------------------------------X

Ronald Tucker,

**Petitioner**

-against-

Michael Zenk, Warden,FCI Allenwood, U.S. Attorney General,U.S. Marshal Service,

**Respondents**

---------------------------------------X

Case No.____________

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241

## PRELIMINARY STATEMENT

On January 23,1992, Ronald Tucker,(hereinafter "Petitioner") was taken into federal custody and held indefinitely, pursuant to a writ of habeas corpus ad prosequendum, and charged with federal offenses that were related to his state offense. After Petitioner was sentenced in federal court, he was awarded all presentence detention credit, for all days he spent in federal custody prior to sentencing. Thereafter One thousand, three hundred-thirty two (1,332) days were retracted from Petitioner's sentence by the Bureau of Prisons.

## STATEMENT OF FACTS

On September 19,1990, Petitioner was arrested in Queens, New York and charged with criminal sale of a controlled substance. (cocaine base-crack) Petitioner pled guilty to said charge and was sentenced on November 20,1990 to a term of 20 months to 60 months in state prison.

On January 23,1992, while in service of the above-mentioned state sentence, Petitioner was removed from Fulton Correctional Facility via writ of habeas corpus ad prosequendum, to answer to federal charges that were related to his state conviction. [See Exh. A ]

Petitioner was scheduled to have his initial (state) parole hearing in March, 1992, and would have been eligible for release on parole from his state sentence as early as May,1992. [See Exh. B ]

On April 21,1993 Petitioner's federal trial commenced. Petitioner had been in federal custody for sixteen (16) months.

On June 21,1993 Petitioner was found guilty, by jury trial, of counts 1,2, and 9. Petitioner's state narcotics conviction was included in count 1, Racketeering Act 9. [See Exh. A ]

Petitioner was sentenced in federal court on April 19,1995 to a term of 168 months imprisonment. The Sentencing Court was silent as to whether petitioner's federal sentence should run concurrent with or consecutive to his state sentence that was "running" at the time of sentencing. [See Exh. C ]

Petitioner was never returned to state custody.

On June 8,1995, Petitioner was designated to begin service of his federal sentence at F.C.I. Allenwood. Petitioner was awarded all presentence jail credit,(commencing on January 23,1992 through April 18,1995) toward his federal sentence. (a total of 1,182 days) [See Exh. D ]

On January 21,1998, Petitioner initiated, via "inmate request to staff member", a request to have sixteen(16) months spent in state prison , to be also credited toward his federal sentence, as the state and federal charges were related. [See "cop-out" Exh. E ]

On February 3,1998, Ms. Carrol J. Coffey,(LIE), responded to petitioner's "request", denying credit sought. [See also Exh. E ]

On February 8,1998, Petitioner filed an "informal resolution attempt" (BP-8), and requested the above-mentioned sixteen months (from September 19,1990 through January 23,1992) to be credited toward his federal sentence. [See Exh. F ]

On February 19,1998, Petitioner received a new "sentence computation data as of February 5,1998", in which all presentence detention time that petitioner was previously awarded, was removed, as well as an additional 150 days were removed from petitioner's sentence computation. (a total of 1,332 days) and Petitioner's sentence was increased to reflect a new projected release date. [See Exh. G and H ]

On February 26,1998, Petitioner filed a "request for administrative remedy" (Bp-9) and requested that jail credit from January 23,1992 through September 17,1995, be reinstated, as well as the sixteen months originally sought.[See Exh. I ]

On February 27,1998, Petitioner wrote the Sentencing Court for clarification of concurrent or consecutive sentencing. No response was ever received by the Petitioner. [See Exh. K ]

On March 11,1998, Warden, Jake Mendez, denied petitioner's "Request for Administrative Remedy (BP-9). [See Exh. J ]

In March, 1998, Petitioner received a copy of a letter dated March 12,1998, addressed to A.U.S.A. Leslie Caldwell. [See Exh. L ]

On April 6,1998, Petitioner filed a 'Regional Administrative Remedy Appeal" (BP-10) appealing the decision of the Warden. [See Exh. M ]

On May 14,1998, Petitioner's "Regional Administrative Remedy Appeal" (BP-10) was denied by Mr. David M. Rardin, Regional Director. [See Exh. N ]

On May 27,1998, Petitioner file a "Central Office Administrative Remedy Appeal" (BP-11) to the Office of the General Counsel, appealing the decision of the Regional Director. [See Exh. O ]

On July 22,1998, Petitioner's "Central Office Administrative Remedy Appeal" (BP-11) was denied by Ms. Wendy J.Roal, Administrator, National Inmate Appeals. [See Exh. P ]

On February 29,2000, a letter was written to the sentencing court, by Mr. Douglas S. Goldring, Attorney at F.C.I. Allenwood, seeking clarification of the sentence that was imposed on Petitioner.

On March 6,2000, Judge Raymond J.Dearie (USDJ) responded to Mr.Goldring's letter and "so ordered" Petitioner's federal sentence to run concurrent to his state sentence.

Petitioner has exhausted his administrative remedies.

**THE BUREAU OF PRISONS/ U.S. ATTORNEY GENERAL HAVE EFFECTIVELY VIOLATED THE PRINCIPLES OF COMITY, BY THE ERRONEOUS DESIGNATION OF PETITIONER TO A FEDERAL FACILITY TO BEGIN SERVICE OF HIS FEDERAL SENTENCE, WHICH HAS RESULTED IN THE MISCALCULATION OF PETITIONER'S SENTENCE COMPUTATION, AND HAS VIOLATED THE PETITIONER'S 14TH AMENDMENT RIGHTS TO DUE PROCESS**

Petitioner was serving a New York State sentence of 20 to 60 months when he was removed from a State Facility pursuant to a writ of habeas corpus ad prosequendum and taken into Federal custody on January 23,1992. When Petitioner was sentenced for his federal crimes,(some thirty-nine months later) on April 19,1995, Instead of being returned to State custody (as required by the writ and the principles of comity) Petitioner was designated to a Federal Facility to commence service of his federal sentence. This act by the Bureau of Prisons,(BOP) constituted a violation of Petitioner's due process protections as required by the 14th Amendment.

U.S. v. Smith 812 F.Supp 368 (E.D.N.Y. 1993) Principles of Comity require that when writ of habeas corpus ad prosequendum is satisfied, federal court return prisoner to State.

In the instant case, the State of New York did not waive its jurisdiction or right of custody of Petitioner. [See Exh. B ] Therefore the agreement between New York State and the Federal Government, that petitioner be returned to the State for completion of his state sentence was mandatory unless expressly waived by the State of New York. Therefore without custody of the Petitioner, neither the BOP, nor the U.S. Attorney General was in a position to designate a place of confinement for the Petitioner.

See Hernandez v. U.S. Attorney General 689 F.2d 915 (1982)

" The State of Colorado transferred Hernandez to the Federal District Court exclusively for the purpose of sentencing, thus according Hernandez expeditious administration of justice."id. @918

"... the agreement between the United States and the State of Colorado that Hernandez be returned to the State for the completion of his State sentence was mandatory unless expressly waived by the State. Thus, at no time has Hernandez been delivered into the custody of the Attorney General pursuant to 18 U.S.C.A. §4082. Without custody of Hernandez, the Attorney General was in no position to designate a place of confinement of Hernandez.

In Haywood v. Looney 246 F.2d 56(10th Cir. 1957) it provides:

> **Either a federal or or a state government may voluntary surrender its prisoner to the other without the consent of the prisoner. Whether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity and is to be determined by the sovereign having prior custody...**
>
> **It is well settled that when a state surrenders a prisoner to the federal government for the purpose of trial on a federal charge and upon conviction and sentence in the federal court , the federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a federal penal institution for service of his federal sentence.**

Petitioner was taken to trial some sixteen months subsequent to being detained by federal authorities pursuant to the writ. Thereby, instead of being returned to state custody, Petitionerremained in federal custody for an additional twenty-two months before he was sentenced. Furthermore, instead of being

returned to the State, he was designated to a federal facility to begin service of his federal sentence. Petitioner has not been given any credit toward his federal sentence for time spent in federal custody (on a related case) pursuant to the writ of habeas corpus ad prosequendum.

**THE BUREAU OF PRISONS' DETERMINATION OF THE LENGTH OF PETITIONER'S SENTENCE , BASED UPON THE HAPPENSTANCE OF PETITIONER'S SENTENCING DATE IS SIMPLY IRRATIONAL**

After the Petitioner was sentenced in federal court, he was awarded presentence detention credit from January 23,1992 through April 18,1995, a total of 1,182 days. Subsequently, on February 5,1998, a total of approximately 1,332 days of credit was removed from petitioner's sentence computation. The "administration" at F.C.I. Allenwood has reasoned that because the Petitioner was still serving a state sentence during the time in question, (January 23,1992 through September 17,1995) Petitioner could not be given credit toward his federal sentence because 18 U.S.C. §3585(b) prohibits the granting of such credit.

However the BOP does realize the error in failing to return the petitioner to the state authorities. On February 28,2000, Mr. Goldring, Attorney at F.C.I. Allenwood, wrote a letterto the sentencing court asking if the court has any objections to the petitioner's sentence running concurrent from the date on which petitioner was sentenced. [See Exh. Q ]

United States v. Dorsey 166 F.3d 558 (3rd Cir.1999) Actual time of imprisonment should not turn on the happenstance of the scheduling of sentencing dates. id. @ 563

The BOP is using the happenstance of when petitioner was sentenced to determine the length of petitioner's sentence. For example: If petitioner was sentenced on March 19,1995, the BOP would have then asked the sentencing court for an additional month to be credited toward the petitioner's federal sentence.

In Rios v. Wiley 29 F.Supp 232(M.D.Pa 1998) Rios argued that "It is simply irrational for the length of his sentence to depend on the happenstance of how long after his conviction his sentencing took place." id. @ 233

In the present case, this is especially true since Petitioner was sentenced twenty-two (22) months after he was convicted and thirty-nine (39) months after he was taken into federal custody via "writ".

On March 6,2000, the Sentencing Court "So Ordered" the request by the BOP to make petitioner's federal sentence concurrent to his state sentence from the day of sentencing. To grant petitioner five months credit towards his federal sentence that has been "ordered" to run concurrently to his related state sentence is simply fallacious.

Rios v. Wiley 29 F.Supp 232 (M.D.Pa 1999)

"[Benefield 942 F.2d 60] provides us with the correct approach to the issuespresented here. A concurrent sentence is a sentence that runs simultaneously in whole or in part to another sentence, but if [a] sentence is made to turn on the vagary of when a defendant is sentenced, thereby effectively causing the sentence to be partially consecutive to the other sentence increasing the total period of incarceration, the sentences are not truly concurrent.

Benefield, supra, prevents this illogical result, and effectuates the intent of the federal sentencing court to make its sentence concurrent with the related state sentence, by granting credit on the federal sentence for the time spent incarcerated before the federal sentencing even if the result appears to be prohibited by the literal language of 3585(b).

Therefore all of petitioner's credit that was removed from his sentence computation on February 5,1998, should be reinstated and petitioner should also be awarded sixteen months toward his federal sentence for time served in state prison on the related offense.

**THE DETERMINATION BY THE BUREAU OF PRISONS, THAT PETITIONER'S SENTENCE BE MADE TO RUN CONSECUTIVE TO HIS RELATED STATE SENTENCE VIOLATES THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT.**

At the time of petitioner's sentencing, he was serving a New York State sentence for an offense that was an ingredient of the instant federal indictment. The Federal District Court which sentenced petitioner was silent as to whether the federal sentence should run concurrent with or consecutive to the New York State sentence that was in place at the time of sentencing. The BOP has concluded that the federal sentence is to run consecutive to his state sentence. In reaching this conclusion, the BOP relied upon 18 U.S.C. §3584(a) which provides in relevant part:

> **Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.**

The Bureau of Prisons also relies on the literal language of 18 U.S.C. §3585(b) to determine that they (the BOP) are precluded from awarding petitioner credit toward his federal sentence for time he spent in federal custody prior to sentencing, pursuant to the"writ", as the time in question, January 23,1992 through September 17,1995 was already credited against Petitioner's state sentence. Title 18 U.S.C. provides: 3585(b)

> **A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.**
> **(1) as a result of the offense for which the sentence was imposed; or**
> **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**
> **that has not been credited against another sentence.**

In Cozine v. Crabtree 15 F.Supp 2d 997 @ 1023 (D.Or. 1998)

Other courts have recognized that credit for time served may, in some instances,properly be credited against two sentences that are intended to run concurrently. "[A]n acrooss-the-board prohibition [on granting credit against both the federal and state sentences] under all circumstances would lead to illogical results.

United States v. Benefield 942 F.2d 60,66 (1st Cir.1991) (observing that any credit granted by the state court would be rendered meaningless if not similarly reflected in Benefield's federal sentence) See also Kayfez v. Gasele 993 F.2d 1288,1290 rejecting BOP's contention that credit for time served against a concurrent state sentence automatically precludes an award of credit against the federal term.

United States v. Drake 49 F.3d 1438,1441(9thCir.1995) (time previously served in state prison under state sentence intended to run concurrently with federal sentence under 18 U.S.C. §924(e)(1) could be credited against service of both sentences, since alternative construction "would frustrate the concurrent sentencing principles mandated by other statutes."; United States v. Keifer 20 F.3d 874,877 (same) See also Brown v. Perrill 28 F.3d 1073 (10th Cir.1994) and Rios v. Wiley 201 F.3d 257(3rd Cir.2000)

There can be no doubt that petitioner's state offense was related to his federal offense. The federal indictment alleged in Count 1, Racketeering act 9 that :

> **On or about September 19,1990, within the Eastern District of New York, the defendant Ronald Tucker did knowingly and unlawfully sell a narcotic drug in violation of New York Penal Law 220.39.**

Petitioner pled guilty to the above mentioned charge in state court on November 20,1990. Petitioner was also convicted of this offense in federal court. When petitioner was sentenced in federal court, he had been in continuous federal custody for nearly three and one half years. The fact that petitioner was still a "state inmate" and his state sentence was still "running" was never addressed at sentencing. It can reasonably be presumed,(since the Federal District Court was silent as to the concurrent/ consecutive issue) the Court could have mistakenly believed that the petitioner was in federal "custody" for the service of the federal sentence on the date of imposition. [Please See Petitioner's Judgement and Commitment Order. Exh. C ]

In the instant case, Petitioner's state court conviction was included as relevant conduct and was fully taken into account in the determination of the offense level for the instant offense. Indeed, Petitioners state offense was part of the instant offense itself. Therefore the BOP's presumption that the petitioner's sentence be served consecutive pursuant to 18 U.S.C. §3584, is not applicable to the particulars of the case at hand. In the present case, the silence of the District Court has no bearing, as the District Court had no discretion to impose a consecutive sentence upon the petitioner.

Furthermore, had the District Court imposed a consecutive sentence upon petitioner, it would have violated the Double Jeopardy Clause of the Fifth Amendment. This is precisely what the BOP has done when it removed all of petitioner's credit from his sentence computation and determined that petitioner's federal sentence should run consecutive to his state sentence.

**WHEN PETITIONER WAS REMOVED FROM A NEW YORK STATE WORK-RELEASE PROGRAM AND DETAINED BY FEDERAL AUTHORITIES PURSUANT TO A WRIT OF HABEAS CORPUS AD PROSQUENDUM AND NEVER RETURNED TO STATE CUSTODY HE WAS DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW AS REQUIRED BY THE FOURTEENTH AMENDMENT**

Petitioner was removed from Fulton Correctional Facility (work-release program) by United States Marshals pursuant to a writ ad prosequendum on January 23,1992. Prior to this removal, Petitioner had been in state custody for sixteen (16) months, beginning on the day of his state arrest.(September 19,1990)

In January 1992, Petitioner was actively employed while participating in the work-release program.

Petitioner enjoyed the liberty of "5 and 2" status, which meant, petitioner was allowed to live at home for five(5) days per week and go to work, and petitioner had to reside in the facility for two(2) days per week. However, even on the days when petitioner was required to sleep in the facility, he was given an eight(8) hour pass to spend at home with his family on those two days. [Please See Exh. R ]

Petitioner was scheduled to have an initial parole hearing in March 1992, and would have been eligible for release on parole as early as May,1992, but because petitioner was being detained by federal authorities pursuant to the "writ", he was never given the opportunity to be heard for parole. [See Exh. B ]

United States v. Mauro 544 F.2d 588 @592

It has been suggested that the habeas writ, since it is executed at once, cannot have the adverse effects upon rehabilitation which the agreement was designed to avoid. While it is true that the expeditious disposition of pending charges in another jurisdiction was a prime concern of the agreement, it was also its aim to eliminate uncertainties which obstruct programs of prisoners treatment and rehabilitation.

When petitioner was removed from the state work-release program by U.S. Marshals pursuant to the "writ", his liberty and his rehabilitative efforts were annihilated because of his being detained by federal authorities.

Kim v. Hurston 182 F.3d 113 (2nd Cir.1999)

Inmate had liberty interest,protected by due process clause, in her continued participation in work release program which allowed inmate to live at home and work at job.

Petitioner was scheduled to have his initial parole hearing in March 1992, but because he was, for all intents and purposes "kidnapped" by federal authorities (U.S. Marshals. Bureau of Prisons etc.) and never returned to the state, he was never given the opportunity to be considered for parole. United States Ex Rel Johnson v. Chairman, New York State Board of Parole 500 F.2d 925 Parole was thenceforth to be treated as a "conditional liberty" representing an "interest" entitled to due process protection.

The likelihood that petitioner would have been granted parole (had he been given the opportunity) was exceptionally strong, given the fact that petitioner was already involved in a work release program whereby he was actively employed and enjoyed the liberty of staying at his home for five(5) days per week.

Armstrong v. Manzo 380 US 545, 14 L.Ed 2d 62, 85 S.Ct 1187 A fundamental requirement of due process is "the opportunity to be heard."

Petitioner's state sentence continued to "run" simply because he was being detained by federal authorities. For the BOP to not grant the petitioner credit on his federal sentence because "his state sentence was still running" is simply illogical in this case, especially given the fact that petitioner's state and federal charges are related, and the only reason petitioner's state sentence continued to run is because he was never given the opportunity to be heard for parole from his state sentence because federal authorities held petitioner in their custody indefinitely.

**CONCLUSION**

Based on the foregoing, this Court should issue an Order, directing the Bureau of Prisons to reinstate Petitioner's sentence with the entire presentence time that was removed from his sentence computation on February 5,1998, a total of 1,332 days. (44 months)

Alternatively, this Court should resentence petitioner nunc pro tunc in such a manner that he will in effect receive the benefits pursuant to U.S.S.G. 5G1.3(b), and credit the time Petitioner spent in state custody (16 months) on a related offense, as well as the Forty-four(44) months Petitioner spent in federal custody, a total of sixty(60) months credited toward his federal sentence.

Respectfully Submitted,

Ronald Tucker, Petitioner, Pro Se

Ronald Tucker

Dated; September 25,2000

# PROOF OF SERVICE

I certify that on September 25,2000 (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

The Clerk of the Court
United States District Court
Middle District of Pennsylvania
235 N. Washington Ave
P.O. Box 913
Scranton, Pennsylvania 18501

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on 9/25/00 (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

Ronald Tucker
Signature

Dated: 9/25/00