APPENDIX FOR PETITIONER'S TITLE 28 U.S.C. §2241 MOTION

# 1: CV 00-1780

FILED
SCRANTON

OCT 1 0 2000

PER _____
DEPUTY CLERK

## TABLE OF CONTENTS

**Description**                                                           **Exhibit**

1. Indictment (cover) showing "state" charge...............   A

2. Letter from New York State Department of Correctional

   Services and Petitioner's State sentence computation.....   B

3. Judgement and Commitment ...............................   C

4. Sentence Monitoring Computation and Good Time Data as

   of 8/04/95 .............................................   D

5. Inmate Request to Staff Member dated 1/21/98 and response

   dated 2/03/98 ..........................................   E

6. Informal Resolution Attempt (BP-8) dated 2/08/98 ........   F

7. Response to Informal Resolution Attempt 2/19/98 .........   G

8. Sentence Monitoring Computation and Good Time Data as

   of 2/05/98 .............................................   H

9. Request for Administrative Remedy (BP-9) dated 2/26/98 ..   I

10. Response to Request for Administrative Remedy dated

   3/11/98 ................................................   J

11. Letter to the District Court requesting clarification of

the appropriate concurrent sentence, dated 2/27/98 .........   K

12. Letter to A.U.S.A. Leslie Caldwell from the Bureau of

   Prisons,dated 3/12/98 ..................................   L

13. Regional Administrative Remedy Appeal (BP-10) 4/06/98 ...   M

14. Response to Regional Administrative Remedy Appeal,dated

   5/14/98 ................................................   N

15. Central Office Administrative Remedy Appeal (BP-11),dated

   5/27/98 ................................................   P

16. Response to Central Office Administrative Remedy Appeal,

   dated 7/22/98 ..........................................   Q

## TABLE OF CONTENTS CONT'D

| Description | Exhibit |
|---|---|
| 17) P.S.R. showing Petitioner was in work-release program ...... | R |
| 18) Letter to Sentencing Court from Lawyer at F.C.I. Allenwood seeking clarification of petitioner's semtence............. | S |
| 19) Memorandum and Order Denying Petitioner's §2255 Motion...... | T |
| 20) Denial of Certificate of Appealability .................... | U |

MEF:LRC:lrc
F#9101879
MILLIND.S2

EXHIBIT. A

#7
Super Super
Seding

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    -against-

GERALD MILLER, a/k/a
    "Prince",
WILFREDO ARROYO, a/k/a
    "C-Justice" and
    "C.J.",
ROY HALE, a/k/a
    "Pookie",
DAVID ROBINSON, a/k/a
    "Bing",
SHANNON JIMENEZ,
HARRY HUNT, a/k/a "C" and
    "Dready",
FABIO ARCINIEGAS, a/k/a
    "Chico",
WAVERLY COLEMAN, a/k/a
    "Teddy",
RONALD TUCKER,
CYNTHIA BROWN, a/k/a
    "Bunny", and
RAYMOND ROBINSON, a/k/a
    "Ace",

              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>92 Cr. 91 (S-1)(RJD)</u>
(T. 18, U.S.C., 1962(c),
1952(a), 1956(a), 1959, 2,
and 3551 <u>et seq.</u>; T. 21,
U.S.C., 846, 841(a)(1),
841(b)(1), 848(a), 848(b)
and 860)

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

    1.    At all times relevant to this indictment, the

SUPREME TEAM was an organization of individuals who associated

together for the purpose of engaging in the business of narcotics

trafficking.  The primary goal of the SUPREME TEAM organization.

was to earn large amounts of money through trafficking in cocaine

and cocaine base ("crack"), mainly in Jamaica, Queens, New York.



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES
THE HARRIMAN STATE CAMPUS
1220 WASHINGTON AVENUE
ALBANY, N.Y. 12226-2050
(518) 457-4951
FAX (518) 457-7555 *
*Not for service of papers.

**EXHIBIT. B**

GLENN S. GOORD
COMMISSIONER

ANTHONY J. ANNUCCI
DEPUTY COMMISSIONER and COUNSEL

October 26, 1998

Mr. Ronald Tucker
39032-053
FCI Allenwood
PO Box 2000
White Deer, PA 17887

Dear Mr. Tucker:

This is in response to your letter of October 5, 1998.

When an inmate is not in a New York State Correctional Facility at the time of his parole hearing, the hearing is postponed until the inmate is returned.

Since you were never returned, you never had a parole hearing.

A copy of your legal date computation is enclosed.

Sincerely,

Diane H. Holford
Coordinator
Office of Sentencing Review

DHH:vdr
Enclosure

```
10/20/xx    SRCL009   RECEPTION/CLASSIFICATION SYSTEM  *RCLASS*         PAGE  001
10:58:50                   LEGAL DATE COMPUTATION

          TYPE 92 (UPDATE OF P.E., P.H. AND/OR T.A.C. INFO      )

   DIN:  90R0529  NAME: BURGESS, RONALD                    NYSID:  5727835K

   CURRENT LOCATION:              - DISCH M E

DATE RECEIVED              1990 12 05
MINIMUM TERM              001 08 00   TIME TO SERVE (MINIMUM)    001 05 13
MAXIMUM TERM             005 00 00   TIME TO SERVE (MAXIMUM)    004 09 13
JAIL TIME (DAYS)              0077   TIME OWED (MINIMUM)
DATE SENTENCED                       TIME OWED (MAXIMUM)
ORIG. MAX. EXP. DATE                 NET TIME OWED
DATE DECLARED DELINQUENT             ADJUSTED MAX. EXP. DATE
DATE RETURNED                        CALCULATED MAX. EXP. DATE
ORIG. DATE RECEIVED                  PRIOR TIME CREDIT
PAROLE JAIL TIME (DAYS)              MERIT TIME POSSIBLE
DATE RELEASED                        GOOD TIME POSSIBLE         001 08 00
DATE FAILED TO RETURN                        FINAL RESULTS
DATE ESCAPED                         MERIT ELIGIBILITY DATE
ORIG. PAR. ELIG. DATE                PAROLE ELIGIBILITY DATE    1992 05 17
OTHER STATE SENT. DATE               PAROLE HEARING DATE/TYPE   1992 03  INIT
DATE DISCHARGED                      PAROLE HEARING RELEASE DATE
DATE REAFFIRMED                      MAXIMUM EXPIRATION DATE    1995 09 17
PAR. ELIG. DATE (INTERMED)           CONDITIONAL RELEASE DATE   1994 01 17
GOOD TIME ADJUSTMENT                 T.A.C. DATE/TYPE

REMARKS: SHOCK RECYCLE KICKOUT                        DIST:  IRC (1), GUI
```

EXHIBIT. B

UNITED STATES DISTRICT COURT                    EXHIBIT. C
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA              JUDGMENT IN A CRIMINAL CASE
        -vs-

____RONALD TUCKER_____        CASE NO.: CR 92-91(S-1)-10____

                                 COUNSEL: LLOYD EPSTEIN, ESQ.____

THE DEFENDANT:
  X  was found guilty on counts ONE (1), TWO (2) and NINE (9) OF
     THE SUPERSEDING INDICTMENT (S-1) after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s),
which involve the following offenses:

| Title/Section | Nature of Offense | Date concluded | Count # |
|---|---|---|---|
| 18 USC § 1962(c) | RACKETEERING | 7/29/93 | 1 |
| 21 USC § 841(a)(1) | CONSPIRACY TO DISTRIBUTE AND POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE | 7/29/93 | 2 |
| 21 USC § 841(a)(1) and 841(b)(1)(A) | DISTRIBUTION OF COCAINE BASE | 7/29/93 | 9 |

        The deft is sentenced as provided in pgs. 2 through ___4__
of this judgment.   The sentence is imposed pursuant to the
Sentencing Reform Act of 1984.

  X   THE UNDERLYING INDICTMENT is dismissed on motion of A.U.S.A.
  X   It is ordered that the deft shall pay a special assessment of
     $150.00 for counts ONE (1), TWO (2) and NINE (9) OF THE
     SUPERSEDING INDICTMENT (S-1).

IT IS FURTHER ORDERED that the deft shall notify the U.S. attorney
for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special
assessments imposed by this judgment are fully paid.

Defts S.S. No. 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          APRIL 19, 1995
                                    Date of imposition of sentence

Defts D.O.B.  3/11/69

Defts USM No. 39032-053             Signature of Judicial Officer

Deft mailing address:
                                    RAYMOND J. DEARIE, U.S.D.J.
    IN CUSTODY.                     Name/Title of Judicial Officer

                                    A TRUE COPY ATTEST
                                    DATED  5-24-95
                                    ROBERT C. HEINEMANN
                                              CLERK
                                    BY
                                    DEPUTY CLERK

Deft: RONALD TUCKER                    Judgment-Page  2 of  4
Case Number:    CR 92-91(S-1)-10

### IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: ONE HUNDRED SIXTY-EIGHT (168) MONTHS ON COUNTS ONE (1), TWO (2) AND NINE (9) OF THE SUPERSEDING INDICTMENT (S-1) TO RUN CONCURRENTLY.

_____  The defendant has orally waived his right to a Deportation Hearing or Exclusion proceeding.  It is Ordered that the defendant be deported immediately.

_____  The Court makes the following recommendations to the Bureau of Prisons:

# EXHIBIT. C

__X__  The defendant is remanded to the custody of the U.S.Marshal.

_____  The defendant shall surrender to the U.S.Marshal for this district.
   ___ at _____ on _____.
   ___ as notified by the U.S. Marshal.

_____  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ___ by _____.
   ___ as notified by the U.S.Marshal.
   ___ as notified by the Probation Office.

### RETURN
I have executed this judgment as follows:_____
_____
_____
_____

    Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
                 United States Marshal

_____
By               Deputy Marshal

# EXHIBIT. C

Deft: RONALD TUCKER                    Judgment -Page  3 of  4
Case Number:    CR 92-91(S-1)-10

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>FIVE (5) YEARS ON COUNTS ONE (1), TWO (2) AND NINE (9) OF SUPERSEDING INDICTMENT (S-1) TO RUN CONCURRENTLY.</u>

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state of local crime.  In addition, the defendant:

-shall not leave the judicial district without permission of the Court or probation officer.
-shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
-shall answer truthfully all inquiries by and follow the instructions of the probation officer.
-shall support his/her dependents and meet other family responsibilities.
-shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
-shall notify the probation officer within 72 hrs of any change in residence or employment
-shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except a prescribed by a physician.
-shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
-shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
-shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
-shall notify the probation officer within 72 hrs of being arrested or questioned by a law enforcement officer.
-shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
-as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Deft: RONALD TUCKER                    Judgment ~Page   4 of   4
Case Number:    CR 92-91(S-1)-10

## STATEMENT OF REASONS

\_\_\_\_    The Court adopts the factual findings and guideline
        application in the presentence report.

\_X\_    The Court adopts the factual findings and guideline
        application in the presentence report except:

        IN LIGHT OF THE AMENDMENT TO GUIDELINE 2D1.1, EFFECTIVE
        NOVEMBER 1, 1994, THE BASE OFFENSE LEVEL IN PARAGRAPH 69 IS
        38.   THE ADJUSTED OFFENSE LEVEL IN PARAGRAPH 74 IS 40.   THE
        COURT FINDS THE DEFENDANT'S CRIMINAL HISTORY CATEGORY TO BE A
        LEVEL I.    THE PROBATION DEPARTMENT IS DIRECTED TO AMEND
        PARAGRAPHS 69, 70, 74 AND 97 ACCORDINGLY.


**Guideline Range Determined by the Court**

Total Offense Level:        \_\_\_\_40\_\_\_\_

Criminal History Category:    \_\_I\_\_\_

Imprisonment Range:    \_\_292\_\_ to \_\_365\_\_

Supervised Release Range:    \_5\_ years

Fine Range: $ _____    to    _____
        \_X\_ Fine is waived or is below the guideline range, because
            of the defendant's inability to pay.

        Restitution:    $\_\_\_\_\_N/A_____
        \_\_\_\_ Full restitution is not ordered for the following reason:



\_\_\_\_ The sentence is within the guideline range, that range does
     not exceed 24 months, and the Court finds no reason to depart
     from the sentence called for by application of the guidelines.

                        **OR**

\_\_\_\_\_    The sentence is within the guideline range, that range
         exceeds 24 months, and the sentence is imposed for the
         following reasons:

                        **OR**

The sentence departs from the guideline range
\_\_\_\_ upon motion of the government pursuant to 5K1.1 of the
     Sentencing Guidelines, as a result of defendant's substantial
     assistance.
\_X\_ for the following reasons:

        THE COURT WILL DOWNWARDLY DEPART PURSUANT TO 18 U.S.C. §
        3553(b) FOR THE REASONS STATED ON THE RECORD.

EXHIBIT. C

# EXHIBIT. D

```
ALMB3  542*22 *                 SENTENCE MONITORING                08-04-1995
PAGE 001 OF 001 *                  GOOD TIME DATA                   15:08:44
                                AS OF  08-04-1995
```

```
REGNO...: 39032-053     NAME: TUCKER, RONALD
ARS 1...: ALM A-DES
COMPUTATION NUMBER..: 010               FUNCTION............: PRT
LAST UPDATED:  DATE.: 07-14-1995        FACL..: ALM    FUNC: AUTOMATIC
UNIT...............: UNIT 1B            QUARTERS............: 1B
DATE COMP BEGINS....: 04-19-1995        COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 1182              TOTAL INOP TIME.....: 0
CURRENT REL DT......: 08-13-2005 SAT    EXPIRES FULL TERM DT: 01-22-2006
PROJ SATISFACT DT...: 04-04-2004 SUN    PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                   ACTUAL SATISF METHOD:
DAYS REMAINING......:                   FINAL PUBLC LAW DAYS:
```

```
---------------------------GOOD CONDUCT TIME AWARDS---------------------------
```

| GOOD TIME ACTION DATE | SEQ NO | AWARDED DATE | MAX GCT POSSIBLE TO BE AWARDED | AWARDED AMOUNT |
|---|---|---|---|---|
| 01-23-1993 | 1 | 06-13-1995 | 54 | 54 |
| 01-23-1994 | 1 | 06-13-1995 | 54 | 54 |
| 01-23-1995 | 1 | 06-13-1995 | 54 | 54 |
| 01-23-1996 | 1 | | 54 | |
| 01-23-1997 | 1 | | 54 | |
| 01-23-1998 | 1 | | 54 | |
| 01-23-1999 | 1 | | 54 | |
| 01-23-2000 | 1 | | 54 | |
| 01-23-2001 | 1 | | 54 | |
| 01-23-2002 | 1 | | 54 | |
| 01-23-2003 | 1 | | 54 | |
| 01-23-2004 | 1 | | 54 | |
| 02-23-2004 | 1 | | 10 | |

```
TOTAL AWARDED AMOUNT......................................:  162
TOTAL AWARDED AND PROJECTED AMOUNT........................:  658
```

```
G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

# EXHIBIT. D

```
ALMB8  540*23 *            SENTENCE MONITORING          *   08-04-1995
PAGE 001        *            COMPUTATION DATA            *   15:07:28
                              AS OF 08-04-1995
```

REGNO..: 39032-053 NAME: TUCKER, RONALD


```
FBI NO...........: 306682MA3           DATE OF BIRTH: 03-11-1969
ARS1.............: ALM/A-DES
UNIT.............: UNIT 1B              QUARTERS.....: 1B
DET/NOTIF RMK....: NO                   NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 04-04-2004 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION..........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER..................: CR92-91(S-1)-10
JUDGE..........................: DEARIE
DATE SENTENCED/PROBATION IMPOSED: 04-19-1995
DATE COMMITTED.................: 06-08-1995
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED. : $150.00         $0.00            $0.00        $0.00

RESTITUTION...: PROPERTY: NO   SERVICES: NO        AMOUNT: $0.00
```

----------------------CURRENT OBLIGATION NO: 010 ----------------------
```
OFFENSE CODE....: 545
OFF/CHG: RACKETEERING 18:1962(C); CONSPIRACY TO DISTRIBUTE AND
         POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE 21:841(A)(1)
         DISTRIBUTION OF COCAINE BASE 21:841(A)(1) AND 841(B)(1)(A)

 SENTENCE PROCEDURE............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  168 MONTHS
 TERM OF SUPERVISION...........:    5 YEARS
 DATE OF OFFENSE...............: 07-29-1993
```

G0002      MORE PAGES TO FOLLOW . . .

EXHIBIT. D

```
. ALMB8  540*23 *           SENTENCE MONITORING          *      08-04-1995
  PAGE 002 OF 002 *          COMPUTATION DATA             *      15:07:28
                               AS OF 08-04-1995
```

REGNO..: 39032-053 NAME: TUCKER, RONALD


-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 07-14-1995 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 04-19-1995
TOTAL TERM IN EFFECT............:    168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     14 YEARS

JAIL CREDIT.....................:    FROM DATE       THRU DATE
                                     01-23-1992      04-18-1995

TOTAL PRIOR CREDIT TIME.........: 1182
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 658
TOTAL GCT AWARDED...............: 162
STATUTORY RELEASE DATE (CURRENT): 08-13-2005
SIX MONTH /10% DATE.............: 10-04-2003
EXPIRATION FULL TERM DATE.......: 01-22-2006
SUPERVISION TERMINATION DATE....: 04-03-2009


PROJECTED SATISFACTION DATE.....: 04-04-2004
PROJECTED SATISFACTION METHOD...: GCT REL
```


G0000      TRANSACTION SUCCESSFULLY COMPLETED

EXHIBIT. E

BP-S148.070  INMATE REQUEST TO STAFF MEMBER CDFRM
APR 94
UNITED STATES DEPARTMENT OF JUSTICE        FEDERAL BUREAU OF PRISONS

DATE  *1-21-98*

TO:  *RECORDS DEPT   IBM.*
          (Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you
desire assistance and what you think should be done (Give
details).

*I AM REQUESTING A CREDIT FOR TIME THAT WAS
NOT ADDED FOR MY SENTENCING COMPUTATION. I HAVE BEEN
CONTINUOUSLY INCARCERATED SINCE SEPTEMBER 19, 1990.
IN JANUARY 1992, I WAS BROUGHT VIA WRIT FROM STATE CUSTODY
TO FEDERAL CUSTODY. MY STATE CHARGES WERE INCLUDED IN
THE FEDERAL INDICTMENT. I HAVE NOT BEEN GIVEN CREDIT FOR
THE SIXTEEN MONTHS I SPENT IN STATE CUSTODY, FOR THE SAME
CRIME I WAS CONVICTED OF BY THE FEDERAL GOVERNMENT.
THE CREDIT I AM SEEKING IS FROM SEPT 19, 1990  TO JANUARY 23L*

(Use other side of page if more space is needed)

NAME: *RONALD TUCKER*                          No. *39082-053*

Work Assignment: *COMISSARY*          Unit: *3A*

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and
intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your
failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE  02-03-98

The time that you are requesting credit for, 09-19-90 to 01-23-92 has already
been credited to your state term, from which you were paroled on 01-23-92.
Your PSI indicates that you were in a work release program, under the control
and supervision of the New York State Division of Parole, at the time of your
arrest on 01-23-92, for the instant offense. Any consideration for the state
charge being related to the instant federal offense should have been granted by
the court, reflected in your sentencing. Your Judgment and Commitment Order
does indicate a downward departure under 18:3553(b), sentencing guidelines.

Carol J. Coffey, LIE
                                              Officer

EXHIBIT. F

ALM 1330.13B
Attachment 1

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.13, <u>Administrative Remedy Procedures for Inmates</u>. This form will serve as documentation by the respective staff member and his/her unit manager to indicate an informal attempt to resolve the complaint of the following inmate. Inmates are <u>NOT</u> to complete this form.

NAME: _Ronald Tucker_    REG. NO. _39032-053_

DATE FORM INITIATED: _2-8-98_    STAFF: _Chris McConnell    3A_
                Date                  Name           Unit

**A BP-229 (13) WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED**

1. Nature of complaint (to be completed by staff):

_I am requesting a credit for time that was not added to my sentencing computation. I have been continuously incarcerated from Sept. 19, 1990 to January 23, 1992. I was brought via writ from state custody to federal custody. This is part of my instant offense and I was never paroled from state._

2. I have read the complaint above as written by Unit Staff and agree it is accurate.

_Ronald Tucker_    _2-8-98_
Inmate's Signature                   Date

3. Staff Member Assigned to Respond by U/M: _Case Mgr. 3A._

4. Efforts Made to Resolve the Problem: _Please see attached._

_____

_____

_____

5. Applicable Program Statement Used in this Informal Resolution Attempt: _None_

6. Inmate's Response to Informal Remedy Attempt: _____

_____

_____

_____

Prepared by: _Baroline Logra-Kycki_

Reviewed by: _____

Original Returned to Inmate (Date): _2-19-98_

EXHIBIT. ˉG

## RESPONSE TO INFORMAL RESOLUTION ATTEMPT

TO:    Tucker, Ronald
        Reg. No. 39032-053

4.      Officials at the State of New York, Department of Correctional Services, verified that you had not been paroled.  You were furloughed from Fulton Correctional Facility on January 23, 1992, to a work release program.  You were to be reviewed for parole in March 1992.  You never had a parole review and maxed out on the state sentence on September 17, 1995.

      Accordingly, your computation has been adjusted to reflect a new date sentence began, as the federal judgment is silent, and all the jail credit you had (from January 23, 1992, thru April 18, 1995) was removed.

```
ALMB8   540*23  *              SENTENCE MONITORING         *    02-05-1998
PAGE 001          *             COMPUTATION DATA           *    15:56:37
                                AS OF 02-05-1998
```

REGNO..: 39032-053 NAME: TUCKER, RONALD


```
FBI NO...........: 306682MA3              DATE OF BIRTH: 03-11-1969
ARS1.............: ALM/A-DES
UNIT.............: UNIT 3A                QUARTERS.....: 3A
DET/NOTIF RMK....: NO                     NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  11-28-2007 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

```
COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: CR92-91(S-1)-10
JUDGE...........................: DEARIE
DATE SENTENCED/PROBATION IMPOSED: 04-19-1995
DATE COMMITTED..................: 06-08-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:   $150.00        $00.00          $00.00        $00.00

RESTITUTION...:   PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00
```

------------------------CURRENT OBLIGATION NO: 010 -------------------------
```
OFFENSE CODE....:  545
OFF/CHG: RACKETEERING 18:1962(C); CONSPIRACY TO DISTRIBUTE AND
         POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE 21:841(A)(1)
         DISTRIBUTION OF COCAINE BASE 21:841(A)(1) AND 841(B)(1)(A)
```

```
 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:  168 MONTHS
 TERM OF SUPERVISION............:  5 YEARS
 DATE OF OFFENSE................: 07-29-1993
```

EXHIBIT. H

G0002      MORE PAGES TO FOLLOW . . .

```
  ALMB8  540*23 *          SENTENCE MONITORING          *    02-05-1998
 PAGE 002 OF 002 *         COMPUTATION DATA             *    15:56:37
                            AS OF 02-05-1998
```

REGNO..: 39032-053 NAME: TUCKER, RONALD


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-05-1998 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 09-17-1995
TOTAL TERM IN EFFECT...........:    168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    14 YEARS

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 658
TOTAL GCT AWARDED...............: 108
STATUTORY RELEASE DATE (CURRENT): 05-31-2009
SIX MONTH /10% DATE.............: 05-28-2007
EXPIRATION FULL TERM DATE.......: 09-16-2009


PROJECTED SATISFACTION DATE.....: 11-28-2007
PROJECTED SATISFACTION METHOD...: GCT REL
REMARKS........: COMPUTATION UPDATED 02-05-98 TO REFLECT CORRECT DATE SENTENCE
                 BEGAN AND REMOVE JAIL CREDIT - NY STATE TERM EXPIRED 09-17-95.
```

*See me at open house
on Tuesday or
Thursday
11:30 - 12:30
if you have questions.
Mrs. Coffey*

**EXHIBIT. H**

G0000        TRANSACTION SUCCESSFULLY COMPLETED

```
  ALMB8  542*22  *              SENTENCE MONITORING              *    02-05-1998
 PAGE 001 OF 001 *               GOOD TIME DATA                  *    15:56:38
                                AS OF   02-05-1998
```

```
REGNO...: 39032-053    NAME: TUCKER, RONALD
ARS 1...: ALM A-DES                                    SRA
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 02-05-1998       FACL..: ALM    CALC: AUTOMATIC
UNIT................: UNIT 3A          QUARTERS............: 3A
DATE COMP BEGINS....: 09-17-1995       COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 0                TOTAL INOP TIME.....: 0
CURRENT REL DT......: 05-31-2009 SUN   EXPIRES FULL TERM DT: 09-16-2009
PROJ SATISFACT DT...: 11-28-2007 WED   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:
```

--------------------------GOOD CONDUCT TIME AWARDS-------------------------

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 09-17-1995 | 09-16-1996 | 54 | 0 | | | 54 | 10-01-1996 |
| 09-17-1996 | 09-16-1997 | 54 | 0 | | | 54 | 10-01-1997 |
| 09-17-1997 | 09-16-1998 | 54 | | | | | |
| 09-17-1998 | 09-16-1999 | 54 | | | | | |
| 09-17-1999 | 09-16-2000 | 54 | | | | | |
| 09-17-2000 | 09-16-2001 | 54 | | | | | |
| 09-17-2001 | 09-16-2002 | 54 | | | | | |
| 09-17-2002 | 09-16-2003 | 54 | | | | | |
| 09-17-2003 | 09-16-2004 | 54 | | | | | |
| 09-17-2004 | 09-16-2005 | 54 | | | | | |
| 09-17-2005 | 09-16-2006 | 54 | | | | | |
| 09-17-2006 | 09-16-2007 | 54 | | | | | |
| 09-17-2007 | 11-28-2007 | 10 | | | | | |

```
     TOTAL AWARDED AMOUNT...........................................:    108
     TOTAL AWARDED AND PROJECTED AMOUNT.............................:    658
```


EXHIBIT. H

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

UNICOR FEDERAL PRISON INDUSTRIES INC.
LEAVENWORTH KANSAS

*Sentence Credit*

## EXHIBIT. "I

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: TUCKER RONALD E    39032-053    3A    F.C.I ALLENWOOD
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A- INMATE REQUEST ON JANUARY 21, 1998 I REQUESTED FROM THE RECORDS DEPT, 16 MONTHS = JAIL TIME CREDIT FOR TIME I DID IN STATE CUSTODY ON A RELATED CASE. I WAS TOLD THAT ONLY THE COURT THAT SENTENCED ME COULD CONSIDER GIVING ME JAIL CREDIT FOR THE TIME I AM SEEKING... AFTER AN INFORMAL RESOLUTION ATTEMPT, I WAS INFORMED THAT ALL OF THE JAIL CREDIT TIME THAT I HAD RECEIVED FROM JANUARY 23, 1992 THRU APRIL 18, 1995 (9-17-95) WAS REMOVED. BECAUSE I WAS NEVER RETURNED TO STATE CUSTODY, THEREFORE I HAVE BEEN DOING STATE TIME IN A FEDERAL FACILITY, (FOR 3½ YEARS). I WAS BROUGHT TO THE FEDS VIA WRIT IN JANUARY OF 92, I WAS IN A WORK RELEASE PROGRAM AT THE TIME AND WAS SCHEDULED FOR A PAROLE REVIEW TWO MONTHS LATER IN MARCH OF 1992. I NEVER HAD THE PAROLE REVIEW BECAUSE I WAS IN FEDERAL CUSTODY. I AM SEEKING THE SIXTEEN MONTHS CREDIT THAT I ORIGINALLY SOUGHT, AS WELL AS THE JAIL CREDIT THAT WAS DELETED

FEB 26 1998    FROM JAN 23 1992 - SEPT 17, 1995    Ronald Tucker
DATE                                SIGNATURE OF REQUESTER

Part B- RESPONSE

RESPONSE ATTACHED

_____          _____
DATE                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: _____

CASE NUMBER: 153406-F1

Part C- RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**EXHIBIT. J**

## REQUEST FOR ADMINISTRATIVE REMEDY

TUCKER, Ronald
Reg. No.: 34032-053
Remedy ID: 153406-F1

**RESPONSE:** This is in response to your Request for Administrative Remedy, receipted February 26, 1998, in which you request that you be given 16 months "jail credit" toward your federal sentence for time spent in state custody for a related case.

A review of your custody status reveals that you were arrested on state charges on September 19, 1990, by the Queens County, New York Police Department. You were sentenced by the state of New York to 20 months incarceration on November 20, 1990. On January 23, 1992, the U. S. Marshals Service assumed custody pursuant to a federal writ ad prosequendum. You were sentenced on April 19, 1995, in the U. S. District Court, Eastern District of New York to 168 months imprisonment. You completed your New York state sentence completely on September 17, 1995.

According to Title 18 USC 3584, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders the terms to run concurrently." Your federal sentence cannot begin to run until you complete your state sentence. In your case, the state sentence terminated on September 17, 1995.

Since you were in primary state custody serving a state sentence, you are not eligible to receive any credit toward your federal sentence for time spent while on a federal writ. We are precluded from awarding you further credit for the time spent while on a writ from the state of New York as your state sentence was still "running." This would result in double credit, which is contrary to the intent of Title 18 USC 3585. You were inadvertently designated to a federal facility to begin service of your federal sentence while on writ form the state of New York. A letter explaining the situation regarding these circumstances involving your case will be forwarded to the U. S. Attorney's Office in Brooklyn, New York for consideration to have your federal sentence ordered to run concurrently to your state sentence rather than consecutive.

March 11, 1998                                      Jake Mendez, Warden

**EXHIBIT. K**

Ronald Tucker 39032-053
F.C.I. Allenwood-m
P.O. Box 2000
White Deer,Pa 17887
February 27, 1998

Honorable Raymond J. Dearie
        District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

Re:U.S. v Miller (Tucker)
Cr. No. 92-91(S-1)-09(RJD)

Dear Judge Dearie,
        This is a resolutional attempt to rectify the error
which recently arrived here at the Allenwood Federal Correctional
Institution(FCI),in White Deer,Pa regarding the appropriate detention
time need be credited toward my federal sentence.
        Notwithstanding, In September 1990 I was sentenced
to a 20 month to five year term of imprisonment in New York State
for criminal sale of a controlled substance 3°.
        On January 23,1992 I was removed from the state corr-
ectional facility at Fulton Work Release, and placed into federal
custody;via writ ad prosequendum by the U.S. Marshall to amswer to
federal charges where I was later given an 168 month sentence to same
on April 19,1995 and have been in said custody since. The state and
federal charges are related inasmuch as the state offense was later
named in the federal superseding indictment.

        However,I've been incarcerated a total of eight(8)
years,six(6) of which have been spent in federal custody, but the
administration here at F.C.I. Allenwood is now advising me that I
can [only] be credited 2½ years toward my federal sentence because
my state sentenced expired in September 17,1995 while I was still in
federal custody.The administration here basis this analysis on the
fact that I was never returned to state custody, and because the
federal sentencing record is[silent] with whether the state and fed-
eral sentence is to run concurrent.

        Pursuant to my April 19,1995 sentencing record;how-
ever ,it can reasonably be presumed that my state and federal sentence
was ran concurrent within meaning set forth in U.S.S.G. §5G1.3(b)
and therefore my full detention time should be credited where it
was determined that my prior state conviction could not be used to
compute my criminal history points, because they were related in
nature. See e.g.(April 19,1995 record at 2-3 attached hereto)

        Assuming for the sake of arguendo that the[record
is silent],it is respectfully requested for this court to rectify
the record and make it clear that both state and federal sentences
are to run concurrent,and that the Bureau of Prisons should credit
me the full six(6) years I've been in federal custody on writ from
the state toward my federal sentence.

EXHIBIT. K

(2)

Moreover the consequences in failing to return me back to state cus-
tody should not be placed on me, but instead on the inadvertance
of the Marshall, State and Federal administration(s) and therefore
said federal custody should be credited toward my current sentence.
    See, e.g. Brown V. Perrill 21 F3d 1008(10th cir. 1994) Brown V.
Perrill 28 F.3d 1073 (10th cir. 1994) ('holding that period commencing
on date state authorities surrendered defendant to federal authorities
to stand trial on conspiracy case ,until state sentenced expired, was
required to be credited against sentenced imposed...)).


        I will await patiently for your reply.
Thank you for your cooperation in the disclosure process


                        Sincerely,

                        Ronald Tucker

                        Ronald Tucker


** Please note that this application is not intended to be construed
as a motion under §28U.S.C.2255. If so, withdraw without prejudice.



Federal Bureau of Prisons

*Federal Correctional Institution*
*Allenwood Medium*

## EXHIBIT. L

*P.O. Box 2500*
*White Deer, PA 17887-2500*

March 12, 1998

Leslie Caldwell
Assistant United States Attorney
Eastern District of New York
225 Camden Plaza E.
Brooklyn, New York 11201

RE: TUCKER, Ronald
     Reg. No.: 39032-053
     Docket #: CR 92-91(S-1)-10

Dear Ms. Caldewell:

The above named individual was sentenced by the Honorable Raymond J. Dearie,
United States District Court, Eastern District of New York, on April 19,
1995, to an aggregate term of 168 months. He was sentenced for the offenses
of 18:1962(c) Racketeering, 21:841(a)(1) Conspiracy to Distribute and
Possession With Intent to Distribute Cocaine Base, and 21:841(a)(1) and
841(b)(1)(A) Distribution of Cocaine Base.

During the time that Mr. Tucker's trial was in progress, he was serving a
state sentence with the New York State Department of Corrections for Criminal
Sale of Controlled Substance and Violation of Probation. As a result Mr.
Tucker was writted from the state. Upon completion of sentencing on his
federal charges, Mr. Tucker was inadvertently designated to a federal
facility to begin service of his federal sentence. He should have been
returned to state authorities for completion of his state sentence.

According to Title 18 USC 3584 "Multiple terms of imprisonment imposed at
different times run consecutively unless the court orders that the terms are
to run concurrently." Mr. Tucker's federal sentence was erroneously started
before being released from his state sentence. Due to the time frame
involved before the error was realized, and the fact that the state sentence
has expired, we are asking if the court has any objection to his federal
sentence running concurrently with the state sentence in place at the time
of sentencing.

If you have any questions or concerns, please feel free to contact Mrs. Lana Klopf, Inmate Systems Manager, at (717) 547-7950.

Sincerely,


Jake Mendez
Warden

**EXHIBIT. L**

EXH*IT. M

3-25-98  CLM
Credit on Sentence

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administ**ative Remedy Appeal

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: ___Tucker,Ronald E_____  ___39032-053___  ___3A___  ___F.C.I.Allenwood___
LAST NAME, FIRST, MIDDLE INITIAL                          REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL** --On January 23,1992, while serving a state sentenced(20mon ·5years)that was imposed on Nov.20,1990 I was taken by U.S. Marshalls via writ ad prosequendum and placed into federal custody to answer to federal charges,where I as later given an 168 month sentence to same.I was never returned to state custod nd because of this inadvertence on the part of the U.S.Marshalls,B.O.P. etc.I hav een denied due process. My entire state sentence was allowed to expire while I ha een in federal custody.I was told by the records office(I.S.M.),that a letter wou e sent to the U.S.Attorney's office asking"that my federal sentence be ordered to un concurrently to my state sentence due to the fact that I was inadvertently des ated to a federal facility while on writ from the state of New York". However,I eceived a copy of said letter(attached hereto, dated March 12,1998)and was told b arol J. Coffey, LIE (I.S.M.) that the letter was not sent to the U.S. Attorney ecause she needs permission from the regional office, and she has still not recei response from the regional office. I was originally given credit for the time th have been in Federal custody,but my computation has been adjusted to reflect a n date sentence began'. Accordingly,18 U.S.C. 3568 states"a prisoners sentence must e credited with any days spent in custody in connection with the offense or acts or sentenced was imposed".I request jail credit to be reinstated.

___April 6,1998____                                    _Ronald Tucker_____
        DATE                                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                    _____
        DATE                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

**Part C—RECEIPT**

                                                        CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

EXHIBIT. N

Tucker, Ronald
Reg. No. 39032-053
Appeal No. 153406-R1
Page One

---

### Part B - Response

In your appeal, you challenge the decision by the Warden at FCI
Allenwood to deny you prior custody credit towards your present
sentence for time in official detention from January 23, 1992,
through April 18, 1995.  You are also seeking credit toward your
federal sentence from April 19, 1995, through September 16, 1995.
You claim you should receive this credit because you were
mistakenly kept in federal custody upon satisfaction of your
state writ.

Our records show the following.  On September 19, 1990, you were
arrested by officers of the Queens County Police Department in
New York for Criminal Sale of Controlled Substance. You remained
in continuous state custody.  On November 20, 1990, you were
sentenced in the Supreme Court in Queens County to a 20-month
term of imprisonment.  At the time of your sentencing, this
offense was merged with your violation of probation.

On January 23, 1992, while in service of your state sentence, the
United States Marshals removed you from the State of New York
via a Federal Writ of Habeas Corpus Ad Prosequendum to answer
federal charges.  On April 19, 1995, you were sentenced in the
United States District Court in the Eastern District of New York
to an 168-month term of imprisonment for Racketeering; Conspiracy
to Distribute and Possession with Intent to Distribute Cocaine
Base; and Distribution of Cocaine.  The court ordered your
sentence to run concurrently on all counts.  At the time of
federal sentencing, the federal court did not stipulate how your
federal sentence was to run in conjunction with the state
sentence you were serving.

Once your federal sentence was satisfied, you should have been
returned to the state.  However, the United States Marshals
requested designation in error and you were designated to a
federal institution.  You arrived at FCI Allenwood on June 8,
1995.  Upon an investigation conducted by staff at FCI Allenwood,
it was determined that the you were still a state prisoner who
had been removed from the State of New York via a federal writ.
The state was contacted and confirmed that you should have been

(Continued on Page Two)

EXHIBIT. N

Tucker, Ronald
Reg. No. 39032-053
Appeal No. 153406-R1
Page Two

returned to the state.  Your state sentence expired while you
were in federal custody on September 17, 1995.

The state confirmed that you have received presentence credit
from March 19, 1990, through December 4, 1990.  Your state
sentence commenced on December 5, 1990.  All time spent in
custody from January 23, 1992, through September 17, 1995, was
credited towards your state sentence.  Your federal sentence
commenced on September 17, 1995, the date you completed your
state sentence.  You have a scheduled release date of November
28, 2007.

The federal statute which governs prior custody credit for
federal sentences is 18 U.S.C. § 3585(b), which provides: "A
defendant shall be given credit toward the service of a term of
imprisonment for any time he has spent in official detention
prior to the date the sentence commences --- (1) as a result of
the offense for which the sentence was imposed; or (2) as a
result of any other charge for which the defendant was arrested
after the commission of the offense for which the sentence was
imposed; that has not been credited towards another sentence."
The period of time you are requesting from January 23, 1992,
through September 16, 1995, was time spent in service of your
state sentence and was credited towards that state sentence.
Under § 3585(b), this same period cannot be credited towards your
federal sentence.

In fairness to you, since the Judgment and Commitment Order did
not specify whether your federal sentence was to run
consecutively or concurrently with the state term, the
institution has written the federal sentencing court to see if
the court wished your federal sentence to be concurrent with the
state term.  If the federal court so wishes, your federal
sentence would commence on the date of imposition (April 19,
1995) or a date thereafter specified by the court.  Once the
Court's intent is known, the institution will advise you of their
decision and if necessary recompute your sentence computation.
Your sentence has been correctly computed.  Accordingly, your
appeal is denied.

(Continued on Page Three)

EXHIBIT. N

Tucker, Ronald
Reg. No. 39032-053
Appeal No. 153406-R1
Page Three


If you are dissatisfied with this response, you may appeal the
General Counsel, Federal Bureau of Prisons.  Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, N.W.
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

May 14, 1998
_____
Date

_____
DAVID M. RARDIN
Regional Director

*5-20-98   Credit on Sentence*

**EXHIBIT. P**

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Tucker Ronald E | 39032-053 | 3A | F.C.I. Allenwood |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL    Officials here at F.C.I. Allenwood have repeatedly led me to believe that a letter was forwarded to the A.U.S.A regarding their "inadvertence" in not returning me to "state" authorities, once my federal writ had been satisfied. (see attachment letter) Because of this so called inadvertence on the part of the B.O.P. , all jail credit I had from January 23,1992 through April 18, 1995 was removed and my projected release date was changed from April 2004 to November 2007. I was denied my due process by not being able to have a parole review in the state of New York (because I was being detained by the federal gov't), And had not the federal gov't intervened in my state sentence , I would have been paroled from the state in May 1992-- As I was already in a work-release program(under the supervision of the New York State Department of Parole )at the time I was taken into federal custody via writ dated January 23,1992. After said federal writ had been satisfied(three and one half years later) I was never returned to state custody. It is my contention , that I was intentionally not returned to state custody once the federal writ had been satisfied, for I was constantly told (by the unit team, here at F.C.I. Allenwood) that "there are no detainers lodged against me". I have been in the custody of the federal government since January 23,1992. The consequences in failing to return me back to state custody should not be placed on me, but instead on the "inadvertence of the B.O.P., U.S. Marshalls, State and Federal authorities and therefore said federal custody should be reinstated toward my current sentence.

| MAY 27,1998 | *Ronald Tucker* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

Part B—RESPONSE

| | |
|---|---|
| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

Part C—RECEIPT

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

## EXHIBIT 2   (Continued)

The Records office has written a letter to the sentencing court ,asking that my federal sentence be ran concurrent with my state sentence, however the letter was never forwarded for reasons unknown.

Pursuant to my April 19,1995 sentencing record, however, it can be reasonably be presumed that my state and federal sentence was ran concurrent within meaning set forth in U.S.S.G.- 5G1.3(b) and therefore my full detention time should be credited where it was determined that my prior state conviction could not be used to compute my criminal history points, as they were related in nature. See e.g. (April 19,1995 record at 2-3 attached hereto)

In **Kayfez v. Gasele** 993 F.2d 1288 it states "postconviction prisoner serving concurrent state and federal sentences was entitled to credit against his federal sentence for all of his presentence incarceration even though time had already been credited against state senten Since defendants sentences were concurrent, crediting only against state sentence would not reduce his actual period of incarceration".

The Bureau looks at the full "raw" term of a concurrent sentence and points out that five(5) years from September 19,1990 will expire September 17,1995 ; but it is true that my actual imprisonment under the state sentenc is considerably shorter. My state sentence,under New York State rules, would have expired in May 1992- Had I been in state custody.It is true indeed that had I stayed in state custody, I would not have done the full "raw" term of my state sentence; Instead , it is suffice to say that I would have been paroled when my minimum (20 months) was served, which would have been May 1992.

In **Brown v. Perrill** 21 F.3d 1008 (10th Cir.1994) it states "interval commencing on date state authorities released defendant to federal authorities,so that he could stand trial on charges of conspiracy to distribute heroine, and ending on the day his state sentence expired was required to be credited against defendants sentence following his conviction on that char even though it was claimed that state had given defendant credit for that period against stat sentence, and that granting in federal credit would result in "double counting";

Federal statute mandated credit for time spent in custody in connection with offense for which sentence was imposed, and states crediting of time was irrelevant. 18 U.S.C 3568. " It should be noted , that the credit that I am asking for (January 23,1992 through April 18 1995) was originally credited to my federal sentence. **It wasn't until I asked that my state jail time to be ran concurrent with my federal sentence, that all of my jail credit was remov Up until February 5,1998 I was credited for the jail time I am seeking. On February 5,1998 my jail credit was removed.**

There appears to be no doubt that the Federal District court that sentenced appellant, granted him the disputed 562 days of jail time credit. We can find no authority justifying th subsequent deduction of that time by the prison administration regardless of the procedural safeguards employed by the prison. **The reduction of such jail time is not within the discret- ionary powers of the prison, but more properly lies with the sentencing court.**(emphasis added **Brown v. Perrill** (supra)

I respectfully request for my jail credit time (January 23,1992 through April 18,1995) One thousand one hundred and eighty-two days, 1182 days) that was removed from my sentence computation on February 5,1998 ,be reinstated.

Let me also reiterate the fact that I was never returned to state authorities, once the federal writ was satisfied. In **Brown v. Perrill** 28 F.3d 1073  it states although the opinio in "Hernandez"(citation omitted) is silent on this point, it appears that Hernandez was 'on loan' under the writ for only the time necessary to sentence him.This short duration is typical of all cases cited by appellees and numerous other cases reviewed by this court. However, in the case presented herein, appellant was in federal prison,pursuant to a federal writ, for over a year and a half, before he was released by the federal court on bond, and he was not even tried for his federal crimes for an additional seven months. Thus he was in federal control for over two years."

I was on writ from the state of New York for eighteen months before I was tried and convicted by federal authorities. I remained in federal custody for another twenty-two(22) months before I was sentenced. I have been in federal custody now for seventy-seven(77) mont and still not been returned to the state.

...We recognize that our holding is fact specific and we are unwilling to announce a per se rule as to how long a state may be on "loan" to federal authorities without the autho ities taking custody of the prisoner. Suffice it to say that absent a clear directive from the state authorities the nineteen month detention by appellees constitutes "federal custody

EXHIBIT. Q

Administrative Remedy No. 153406-A1
Part B - Response

You are appealing the Regional Director's denial of your request
that you receive credit for time spent in federal custody while
your state sentence was continuing to run.

We concur with the response you received from the Regional
Director.  All credit applicable to your federal sentence at this
time has been appropriately applied.  As stated in the Regional
Director's response, the institution has written a letter to the
federal sentencing court to determine if the court wishes to run
your federal sentence concurrent with your state sentence instead
of consecutive.  Once a response from the court is received, you
will be advised of the results by the institution.  Currently,
your federal sentence has been computed according to federal
statute and Federal Bureau of Prisons' policy.  Your appeal is
denied.

7-22-98
_____
DATE

_____
WENDY J. ROAD, ADMINISTRATOR
NATIONAL INMATE APPEALS

EXHIBIT. R

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA    )
                            )
        vs                  )    PRESENTENCE INVESTIGATION REPORT
                            )
RONALD EDWARD TUCKER        )    DOCKET NO. 92-CR-91 (S-1)-09

---

Prepared for:  THE HONORABLE RAYMOND J. DEARIE
               U. S. District Judge

Prepared by:   MADELINE HART
               Senior U. S. Probation Officer


<u>Assistant U. S. Attorney</u>              <u>Defense Counsel</u>
Leslie Caldwell, Esq.                   Joel Walters, Esq.
                                        47 Atlantic Avenue
                                        Brooklyn, NY  11201
                                        (718) 237-2900

Sentence Date: August 10, 1994 @ 9:30 a.m.


Offense: Ct. 1: 18 USC 1962 RICO:  TRAFFICKING IN NARCOTICS, a
                Class A Felony.
         Ct. 2: 21 USC 846(a)(1):  CONSPIRACY TO DISTRIBUTE
                COCAINE BASE, a Class A Felony.
         Ct. 9: 21 USC 841(b)(1)(A):  DISTRIBUTION OF COCAINE
                BASE, a Class A Felony.

Arrest Date:   January 23, 1992


Release Status:  In custody since date of arrest.


Detainers:  New York State Department of Corrections


Other Defendants:  See page 2


Date Report Prepared:  June 15, 1994



EXHIB. S



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

*Allenwood Medium*

*P.O. Box 2500*

*White Deer, PA  17887-2500*

February 29, 2000

Honorable Judge Raymond J. Dearie
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  TUCKER, Ronald
        Register Number:    39032-053
        Docket Number:    ~~CR-92-92~~ (S-1, -10

                    CR 92-91

Dear Judge Dearie:

The purpose of this letter is to seek clarification regarding the
sentence which you imposed in the above referenced case. As you
may recall, on April 19, 1995, you sentenced Ronald Tucker to a
168 month sentence for Racketeering, in violation of 18 U.S.C. §
1962(c); Conspiracy To Distribute And Possession With Intent To
Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);
and Distribution of Cocaine, in violation of 21 U.S.C. §
841(a)(1), (b)(1)(A).  In addition to the Federal sentence,
inmate Tucker was also sentenced to twenty months to five years
by the Supreme Court of New York, Queens Division for Criminal
Sale of a Controlled Substance and Parole Violation.

The issue in this case arose when inmate Tucker was transferred
to Federal custody on January 23, 1992 pursuant to a Writ of
Habeas Corpus Ad Prosequendum.  Upon the trial's conclusion,
however, inmate Tucker was designated to a Federal facility
instead of being returned to the state authorities.
Nevertheless, the state of New York had primary jurisdiction
because they arrested inmate Tucker two months earlier than
Federal agents.  Therefore, his state sentence began to run
immediately upon its imposition on November 20, 1990.

Because the Federal sentence was silent as to concurrency, it was
initially computed as a consecutive sentence pursuant to 18
U.S.C. § 3584(Multiple terms of imprisonment run consecutively
unless otherwise indicated by the Court).  As such, his Federal

# EXHIBIT. S

sentenced commenced on September 17, 1995, the date his state
sentence expired.

Due to an administrative error, however, inmate Tucker was
designated to a Federal facility immediately following his April
19, 1995 sentencing.  In order to rectify this oversight, the
Bureau of Prison will compute the 'state and Federal sentences as
running concurrent and designate this status nunc pro tunc to the
date the Federal sentence was imposed.  This would have the
effect of commencing his Federal sentence on April 19, 1995
instead of September 17, 1995 (approximately 5 months).  His
projected release date of December 10, 2007 would be moved to no
earlier than July 10, 2007.

Please contact me if you object to this calculation, or if it
contrary to your intent at (570) 547-7950, extension 5116.

Respectfully submitted,

Douglas S. Goldring
Attorney
FCI-Allenwood

## EXHIBIT. R

### Educational and Vocational Skills

104. The probation department for Queens County previously verified that the defendant acquired a GED in 1987 during his first period of incarceration.

105. A transcript of high school records provided by Thomas Edison Technical and Vocational High School in Jamaica, New York, verified that the defendant was discharged from that school in March, 1987. He had entered secondary school in September, 1983 and was expected to graduate in June, 1987. His incarceration prevented his completion of high school.

### Employment Record

106. According to the defendant, in January 1992, when he was arrested for the instant offense, he had just begun working for Lynn Starr Productions at 1775 Broadway in New York City. He stated that he was doing clerical work in the office at a rate of pay of $225 per week, off the books. Previously, from the time he commenced the New York State Department of Corrections Work Release program in October, 1991, until he was hired by Lynn Starr in January, 1992, he was looking for work. His job seeking efforts followed 13 continuous months at the Ulster Correctional Facility in upstate New York.

107. According to an earlier probation report, the defendant had worked for Lynn Starr Productions from March, 1990 until his arrest in September, 1990, earning $300 gross pay each week. Before that time, his mother had provided for his financial support.

### Financial Condition:  Ability to Pay

108. During the presentence interview, the defendant reported that he had no assets, no liabilities and no income.

109. Based on the defendant's financial profile, he appears to be unable to pay a fine.

PART D.  SENTENCING OPTIONS

### Custody

110. Statutory Provisions:

Count 1: The maximum term of imprisonment is life. 18 USC 1963.

EXHIBIT. T

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -X

RONALD EDWARD TUCKER,

              Petitioner,

    - against -

UNITED STATES OF AMERICA,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM AND ORDER**

98 CV 5322 (RJD)

    Ronald Tucker petitions to vacate his conviction and sentence pursuant to 28 U.S.C. §

2255. The request for a hearing is denied. The petition is dismissed.

    Petitioner, along with several co-defendants, was convicted after a lengthy trial of

racketeering and related drug charges. His conviction was affirmed on appeal. United States v.

Miller, 116 F.3d 641 (2d Cir. 1997), cert. denied, 118 S.Ct. 2063 (1998). An informative and

accurate summary of the prosecution's evidence is found in the government's Response in

Opposition to Petitioner's Section 2255 Petition, dated May 14, 1999.

    Petitioner, pro se, charges for the first time government misconduct in connection with

his pretrial motion for severance. The issue of severance was raised on appeal and the Circuit

panel unanimously concluded that this Court had properly exercised its discretion in denying the

relief requested. Petitioner now complains that the government misled the Court in its letter of

opposition to the severance motion when it characterized him as a violent member of the

Supreme Team.

    As an initial matter, petitioner is untimely. He makes no attempt to explain why the

accusation was not made earlier and, most certainly, cannot demonstrate resulting prejudice. In

## EXHIBIT. T

surprising decision in U.S. v. Singleton, 144 F.3d 1343 (10th Cir. 1998), that the anti-gratuity statute applies to the government in the prosecution of criminal offenses. The Tenth Circuit reversed its position en banc. United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999), cert. denied, 119 S.Ct. 2371. Adopting the reasoning of that opinion, the Second Circuit recently held that 18 U.S.C. § 201(c)(2) does not apply to the United States or to any Assistant United States Attorney acting within his or her official capacity. United States v. Stephenson, 183 F.3d 110, 118 (2d Cir 1999). No one can seriously argue that trial counsel's "failure" to make a Singleton claim fell below an objective standard of reasonableness.

Petitioner attacks appellate counsel as well. He greets the arguably misguided leniency of this Court by complaining that counsel failed to argue on appeal that the Court did not consider §5G 1.3(b) of the Sentencing Guidelines. As the government adequately points out in its response, the factual basis for the claim is unsupported in the record. More notably, it is clear beyond any doubt that counsel's and petitioner's decision not to appeal the issue was a prudent and well advised tactical decision easily made in an effort to preserve the significant sentencing consideration provided by the Court.

The petition is dismissed.


SO ORDERED.

Dated: Brooklyn, New York
     October 5, 1999.

RAYMOND J. DEARIE
United States District Judge

3

# Memo

EXHIBIT. U

To:       Honorable  Bearic
          United States District Judge

From:     Liz Vasquez
          Appeals Clerk

Case Number:  98 c v 5322

Date:  12/21/99

Attached please find:

_____  Motion for leave to appeal in forma pauperis.

_____  Notice of Appeal with no ruling on in forma pauperis status.

__X__  Motion for a Certificate of Appealability.

_____  Notice of Appeal with no request nor ruling for a Certificate of
       Appealability.

_____  Motion for extension of time to file the Notice of Appeal.

_____  Motion for the Assignment of Counsel.

_____  Motion for Reconsideration.

_____

To:       Appeals Clerk

_____  In Forma Pauperis on appeal is      _____      _____
                                            Granted       Denied

__✓__  Certificate of Appealability is      _____      __✓___
                                            Granted       Denied

_____  Other:

                                        United States District Judge

Dated:  12/27/99

(15)