IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
          Petitioner

          v.

MICHAEL ZENK, Warden, Allenwood
Federal Correctional Institution,
BUREAU OF PRISONS; U.S. ATTORNEY
GENERAL; U.S. MARSHAL SERVICE,
          Respondents

No. 1:CV-00-1780

(Judge Kane)

FILED
HARRISBURG

MAR 2 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## RESPONSE TO HABEAS CORPUS PETITION

This is a habeas petition brought under 28 U.S.C. §2241 by a federal prisoner, Ronald Tucker, who is confined at FCI Allenwood.  Tucker is challenging the Bureau of Prisons' calculation of his federal sentence and the denial of credit that he feels he is entitled to receive.  The respondent is Michael Zenk, the Warden of FCI Allenwood.[1]

Tucker currently is serving a 168-month federal sentence. In his habeas petition, Tucker makes the following claims:

1.    The Bureau of Prisons ("BOP") should have run his federal sentence concurrently with a state sentence that he was serving at the time of his federal sentence that was imposed.

2.    In that he was not returned to the custody of New York state officials after he was sentenced on the federal charges, he was denied due process and a parole hearing regarding his state sentence.

---

[1] The only proper respondent in a habeas corpus action is the warden of the institution where the petitioner is confined.  Fed. R. Civ. Pro. 81(a)(2); 28 U.S.C. § 2243; See also Yi v. Maugans, 24 F.3d 500 (3rd Cir 1994).  Thus, other than Warden Zenk, the other respondents, the Federal Bureau of Prisons, the U.S. Attorney General, and the U.S. Marshal's Service, should be dismissed.

As explained below, the BOP has contacted the federal sentencing judge, who recently indicated that it was his intention for Tucker's federal sentence to run concurrently with his state sentence. Accordingly, the BOP has re-computed Tucker's sentence. An updated sentence computation has been completed that reflects that the Tucker's federal sentence commenced on the date on which it was imposed (April 19, 1995), although it does not go back to January 23, 1992 (when he had been taken into federal custody pursuant to the writ of habeas corpus ad prosequendam), as Tucker desires. Regarding his due process/parole claim, Tucker has failed to exhaust his administrative remedies.

### Statement of Facts

On September 19, 1990, Tucker was arrested by the Queens County, New York police department and charged with "Criminal Sale of A Controlled Substance". At that point, the State of New York had **primary custody** of Tucker. Exh. 1, ¶4 (Farley Decl.)

On November 20, 1990, Tucker was sentenced in the Supreme Court in Queens County, New York, to a term of 20 months imprisonment. Id., ¶5.

On January 23, 1992, Tucker was removed from state custody pursuant to a writ of habeas corpus ad prosequendam to answer federal charges that had been filed against him in the United States District Court for the Eastern District of New York. These charges consisted of the following: (1) "Racketeering" in

2

violation of 18 U.S.C. § 1962 (C); (2) "Conspiracy To Distribute
And Possession With Intent To Deliver Cocaine Base" in violation of
21 U.S.C. §841(A)(1); and (3) "Distribution Of Cocaine Base" in
violation of  21 U.S.C. §841(A)(1), §841(B)(1)(A). Because Tucker
was essentially "borrowed" from the New York state authorities, the
federal authorities assumed **secondary custody** over Tucker.  Id.,
¶6; Ex. 2 (Sentencing Judgment); Exh. 3, ¶4 (Fromm Decl.)

On April 19, 1995, Tucker was sentenced by the Honorable
Judge Dearie, United States District Court for the Eastern District
of New York, to a term of 168 months on the federal charges.  The
court ordered all three counts to be served concurrently to one
another.  Although Tucker was currently serving a state sentence at
that time, the court was silent as to whether or not the federal
sentence should be served concurrently or consecutively with the
previously imposed state sentence.  Exh. 1, ¶7.

After the federal sentencing, Tucker should have been
returned to the State of New York because they had **primary custody**
over Tucker.  It appears, however, that the United States Marshals
Service erroneously requested designation of a federal institution
for Tucker.  Accordingly, after being federally sentenced in April
1995, Tucker arrived at FCI Allenwood on June 8, 1995.   Exh. 1,
¶¶8-9.

Subsequently, staff at FCI Allenwood discovered that
Tucker had been removed from the State of New York pursuant to a

3

federal writ, which meant that although Tucker was incarcerated in a federal institution, the state maintained primary custody over Tucker.   Exh. 1, ¶10.

After discovering this, FCI Allenwood Records Office staff [hereinafter "Records staff"] contacted New York to determine what period of time had been credited to Tucker's state sentence. Records staff verified that New York had credited Tucker's state sentence for the period of time between January 23, 1992 (when he had been taken into federal custody pursuant to the writ of habeas corpus ad prosequendam) through September 17, 1995 (when his state sentence expired).   Records staff then updated Tucker's federal sentence computation to reflect that Tucker was not entitled to credit toward his federal sentence for this period of time since it had already been credited against his state sentence.[2]  Id., ¶11.

In the meantime, on May 7, 1998, the Warden sent a letter to the Assistant United States Attorney's Office in the Eastern District of New York, who had convicted Tucker, requesting clarification as to whether or not the sentencing court had intended Tucker's federal sentence to run concurrently or

_____

[2] 18 U.S.C. §3585(b) prohibits a federal defendant from being credited with time spent in custody prior to the federal sentence being imposed if that time has been credited against another sentence.   18 U.S.C. §3585(b).   See United States v. Wilson, 503 U.S. 329, 337 (1992)(in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").   Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence.

4

consecutively with the previously imposed state sentence.    No response was received.    A second letter was then prepared and it was sent directly to the sentencing judge, Judge Dearie, on February 29, 2000.    Once again, no response was received.    Exh. 1, ¶12; Exh. 3, ¶6; Exhs. 4-5.

On February 15, 2001, in connection with this habeas action, FCI Allenwood staff were notified that Judge Dearie had approved Tucker's request to serve his federal sentence concurrently with his previously imposed state sentence.    Exh. 3, ¶8; Exh. 6.    In effect, this meant that Tucker's federal sentence was to run from April 19, 1995 (the date on which it was imposed), instead of from September 17, 1995 (the date on which the state sentence had expired).    Records staff have updated Tucker's federal sentence computation on that date to reflect this change. Exh. 1, ¶13; Exh. 7. Tucker's projected release date is July 12, 2007, via Good Conduct Time.    Exh. 1, ¶14.

## Questions Presented

1.    Has the BOP properly calculated Tucker's federal sentence and given him all credit to which he is permitted under the law?

2.    Should Tucker's due process claims regarding whether the State of New York would have granted him parole be dismissed so as to permit Tucker to present and exhaust his argument with the BOP; alternatively, should the claim be dismissed?

5

## Argument

I.    **TUCKER HAS RECEIVED ALL THE CREDIT HE IS PERMITTED TO RECEIVE UNDER FEDERAL LAW AS TO HIS FEDERAL SENTENCE.**

Tucker claims that the BOP has miscalculated his federal sentence by failing to have his federal sentence run concurrently with his prior state sentence. To understand why Tucker's arguments on this point are mistaken, we first address a few basic principles governing criminal sentences.

One rule relevant to this case is that a sentence cannot commence prior to the date it is imposed. <u>United States v. Labeille-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998)(while the district court believed the defendant was "getting hit pretty hard," it could not order the sentence to commence 16 months earlier than the date it was imposed so that the defendant could receive federal credit for a state sentence he was serving); <u>United States v. Flores</u>, 616 F.2d 840, 841 (5th Cir. 1980).

Next, under 18 U.S.C. §3584, a district court may order that a sentence run concurrent with a prior sentence. But a concurrent sentence imposed with a sentence that is already running can never be "fully concurrent;" rather, it can run concurrently only from the date the federal sentence is imposed. <u>Shelvy v. Whitfield</u>, 718 F.2d 441 (D.C. Cir. 1983)(second sentence ordered to run concurrent with an existing sentence runs with the remainder of the earlier imposed sentence); <u>Flores</u>, 616 F.2d at 841; <u>see also</u> <u>DeMartino v. Thompson</u>, 116 F.3d 1489 (10th Cir.

6

1997)(same)(unpublished); <u>United States v. McLean</u>, 867 F.2d 609 (4th Cir. 1989)(same)(unpublished).

The next step in computing a federal sentence is to determine if the defendant is entitled to credit for any time imprisoned before the federal sentence commenced. The Supreme Court has held that *only* the Attorney General, acting through the Bureau of Prisons, can calculate what credit, if any, a defendant convicted of a federal crime is entitled to receive. The district court has absolutely no authority to determine the amount of credit at sentencing. <u>Wilson</u>, 503 U.S. at 333-35.

Congress has enacted 18 U.S.C. §3585(b) to guide the Bureau of Prisons' calculation of credit. <u>See</u> <u>Labeille-Soto</u>, 163 F.3d at 99. Relevant to this case, the statute <u>prohibits</u> a federal defendant from being credited with time spent in custody prior to the federal sentence being imposed if that time has been credited against another sentence. 18 U.S.C. §3585(b).[3] <u>See</u>

---

[3] Section 3585(b) provides:

(b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

7

Wilson, 503 U.S. at 337 (in §3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").

Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence. See Rios v. Wiley, 201 F.3d 257, 271-76 (3rd Cir. 2000); Labeille-Soto, 163 F.3d at 99 ("a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence."); United States v. Dennis, 926 F.2d 768, 769 (8th Cir. 1991)(same); Chambers, 920 F.Supp. at 622-23. See also United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1980)(to seek credit on a federal sentence for time spent in state custody, the prisoner "must first establish that he has not already received credit on his state sentences for that time period.").

Next, we note that a court cannot "equitably depart" from a statute when imposing a sentence. As the Fourth Circuit recognized in Thomas v. Whalen, 962 F.2d 358, 363 (4th Cir. 1992), a court making an "equitable modification" to the statute of when a federal sentence commences is "contrary to even the most elementary principles of equity."

> A federal court, whether in law or in equity, has no authority to depart from the clear command of a statute in order to effect a result that it believes to be (or

---

that has not been credited against another sentence. 18 U.S.C. §3585(b)(emphasis added).

even one that would in fact be) dictated by general
principles of fairness.  The Supreme Court has stated:

> Courts of equity can no more disregard
> statutory and constitutional requirements than
> can courts of law.  They are bound by positive
> provisions of a statute equally with courts of
> law, and where [a claim] is ... void because
> not in compliance with express statutory ...
> provision, a court of equity cannot interpose
> to give validity to such [a claim], or any
> part thereof.

962 F.2d at 363 (quoting Hedges v. Dixon County, 150 U.S. 182, 192

(1893)).  Equity, therefore, cannot create a remedy in violation of

the law, id. at 363-64 (citing Rees v. City of Watertown, 86 U.S.

(19 Wall.) 107, 122 (1874)), and equity cannot alter the clear

language of section 3585(b).  Id.  See also Rios, 201 F.3d at 273

("it does not follow that we may ignore the plain language in

section 3585(b) to achieve what may be perceived as an equitable

result.").

Here, Tucker seeks to have his federal sentence reduced

by receiving credit for the period January 23, 1992, through

April 18, 1995.  This time, however, has already been credited to

the state sentence that was previously imposed.  Therefore, Tucker

is not entitled to this time and the Bureau of Prisons cannot

reduce his federal sentence as requested.  Rios, 201 F.3d at 271-

76.

We note that Tucker relies upon the district court's

first opinion in Rios, Rios v. Wiley, 29 F.Supp.2d 232 (M.D.Pa.

1999), plus United States v. Benefield, 942 F.2d 60, 66-67 (1st Cir.

9

1991), and <u>Brown v. Perrill</u>, 28 F.3d 1073 (10th Cir. 1994), to argue that the total period of incarceration -- in those cases when a federal sentence is imposed on an already existing sentence -- cannot "turn on the vagary of when a defendant is sentenced." Tucker's arguments that rely on these cases or underlying holdings, however, have no merit in light of the Third Circuit's recent <u>Rios</u> decision.   In <u>Rios</u>, the Third Circuit rejected both the district court's reasoning and it rejected the <u>Brown</u> and <u>Benefield</u> holdings. Rather, the Court of Appeals concluded that under 18 U.S.C. §3585(b), double credit could not be granted based on how long the prisoner had been maintained in federal custody as long as the state had primary custody of him.   <u>Rios</u>, 201 F.3d at 271-76.

In this case, although the United States Marshal Office erroneously retained Tucker after his federal sentence was imposed, rather than returning Tucker to state court, the fact remains that New York credited Tucker's state sentence with the time he was in federal custody.  Regardless of where Tucker served his time, under the above statutes and cases, the BOP could not give Tucker credit for the time credited to his state sentence before the date the federal sentence was imposed. Thus, Tucker's habeas petition regarding the BOP's calculation of his sentence should be denied.

## II.   **Tucker's Due Process Claim Should Be Dismissed.**

Related to the above issue, Tucker claims that his due process rights were violated when federal authorities failed to

10

return him to state custody.  Had he been returned to state custody after his federal sentence was imposed, Tucker claims that he likely would have been paroled by the State of New York.  Had he been paroled, then his federal sentence could have commenced sooner.

First, Tucker did not raise this due process/equity argument with the BOP before and, as such, he has not exhausted this issue and he cannot raise it with the Court.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996).  If Tucker comes forward with any evidence to show that he would have been paroled, Tucker should present that evidence to the BOP so that it can be considered.

Otherwise, to the extent Tucker's argument relies on equity, as noted above, equity cannot create a remedy in violation of the law.  Thomas, 962 F.2d at 363-64.  Moreover, staying within the bounds of the law, when the BOP learned of the error, it took steps to at least determine if the federal sentencing judge would state that he intended the federal sentence to be concurrent with the state sentence so that Tucker could be credited for the period from April 19, 1995 (the date on which the federal sentence was imposed) to September 17, 1995 (the date on which Tucker's state sentence had expired).  Had the BOP not done this, then under 18 U.S.C. §3584, because the federal judge's sentencing order had been silent, the BOP would have had to conclude that the Tucker's

federal sentence ran consecutively to the state sentence and his federal sentence could not have begun to run until September 18, 1995, after the state sentence had ended.

Last, if Tucker is trying to raise a damages issue, which we do not believe is the case, then he cannot do that in a habeas petition nor against the parties he has sued.

In sum, the BOP has properly calculated Tucker's federal sentence by denying him credit to his federal sentence for the period of time that was credited toward his state sentence up to the date of his federal sentencing.

### CONCLUSION

For the above stated reasons, this Court should deny Tucker's petition for a writ of habeas corpus.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

Date: February 20, 2001

12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD TUCKER, | : | |
|       Petitioner | : | No. 1:CV-00-1780 |
| | : | |
|       v. | : | (Judge Kane) |
| | : | |
| MICHAEL ZENK, Warden, Allenwood | : | |
| Federal Correctional Institution, | : | |
| BUREAU OF PRISONS; U.S. ATTORNEY | : | |
| GENERAL; U.S. MARSHAL SERVICE, | : | |
|       Respondents | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 2nd day of March, 2001, she served a copy of the attached

### RESPONSE TO HABEAS CORPUS PETITION

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Ronald Tucker
Reg. No. 39032-053
FCI Allenwood
P.O. Box 2000
White Deer, PA  17887

KATE L. MERSHIMER
Assistant U.S. Attorney