# ORIGINAL

FILED
HAR~~~~ 3/5/~
MAR 0 2 2001
MARY E. D'ANDRE~
By____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD TUCKER, | : | |
| Petitioner | : | No. 1:CV-00-1780 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| MICHAEL ZENK, Warden, Allenwood | : | |
| Federal Correctional Institution, | : | |
| BUREAU OF PRISONS; U.S. ATTORNEY | : | |
| GENERAL; U.S. MARSHAL SERVICE, | : | |
| Respondents | : | |

RESPONDENTS' EXHIBITS IN SUPPORT OF
THEIR RESPONSE TO HABEAS CORPUS PETITION

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA    17108-1754
(717) 221-4482

Date:   March 2, 2001

**TAB - 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD TUCKER, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 1:CV-00-1780 |
| MICHAEL ZENK, ET AL., | : | (Judge Kane) |
| Respondents | : | |

## DECLARATION OF A. FARLEY

I, A. Farley, hereby declare and state as follows:

1.  I am currently employed by the United States Department of
    Justice, Federal Bureau of Prisons ("FBOP"), as an Assistant
    Inmate Systems Manager, at the Federal Correctional
    Institution (FCI), Allenwood, Pennsylvania.   I have been
    employed with the FBOP since July 1991.   I have been an
    Assistant Inmate Systems Manager at FCI Allenwood since
    December 1999.  Prior to that time, I held the position of
    Inmate Systems Supervisor at FCI Allenwood since August, 1997.

2.  Included in my duties is the responsibility for maintaining
    the accuracy of inmate records, Judgment and Commitment files,
    and sentence computations.  I am familiar with the policies
    and practices of the Bureau of Prisons concerning the
    computation of federal sentences and the granting of credit
    for pre-sentence custody, also known as jail time credit.

3.   I have reviewed the petition filed in the above-captioned
     action.  Essentially, the Petitioner, inmate Ronald Tucker,
     Federal Register Number 39032-053, seeks credit towards his
     federal sentence for time which has already been credited to
     wards his previously imposed state sentence.  The Petitioner
     also alleges that he was deprived of liberty without due
     process because he was not able to attend a parole hearing
     regarding his state sentence.

4.   On September 19, 1990, the Petitioner was arrested by the
     Queens County, New York, police department.  He was charged
     with "Criminal Sale of A Controlled Substance".  The State of
     New York therefore had **primary custody** of the Petitioner.

5.   On November 20, 1990, the Petitioner was sentenced in the
     Supreme Court in Queens County, New York, to a term of 20
     months imprisonment.

6.   On January 23, 1992, the Petitioner was removed from state
     custody pursuant to a writ of habeas corpus ad prosequendam to
     answer federal charges which had been filed against him.  The
     federal authorities therefore assumed **secondary custody** over
     the Petitioner.

7.   On April 19, 1995, the Petitioner was sentenced by the

Honorable Judge Dearie in the Eastern District of New York to a term of 168 months on the federal charges, ordering that all three counts be served concurrently to one another.  Although the Petitioner was currently serving a state sentence at that time, the court was silent as to whether or not the federal sentence should be served concurrent to or consecutive to the previously imposed state sentence. I have attached a copy of the Petitioner's judgment in that case to this declaration.

8.  Although the Petitioner should have been returned to the State of New York after sentencing (since they had maintained **primary custody** over the Petitioner), it appears as though the United States Marshals Service requested designation to a federal institution for service of the federal sentence.

9.  The Petitioner arrived at F.C.I. Allenwood on June 8, 1995.

10.  Records staff at F.C.I. Allenwood discovered that the Petitioner had been removed from the State of New York pursuant to a federal writ, which meant that although the Petitioner was incarcerated in a federal institution, the state had maintained primary custody over the Petitioner.

11.  Records staff verified with officials from the State of new York that the Petitioner had in fact received credit for this

period of time (January 23, 1992, through September 17, 1995) towards his previously imposed state sentence. Records staff then updated the Petitioner's sentence computation to reflect that he was not entitled to credit for this period of time toward his federal sentence since it had already been credited against his state sentence.

12. On May 7, 1998, a letter was sent to the Assistant United States Attorney's Office, requesting clarification as to whether or not the court intended the Petitioner's federal sentence to run concurrent to or consecutive to the previously imposed state sentence. No response was received. A second letter was then prepared and it was sent directly to the sentencing judge, the Honorable Judge Raymond Dearie, dated February 29, 2000. Once again, no response was received.

13. On February 15, 2001, in connection with this action, staff were notified that Judge Dearie had approved Petitioner's request to serve his federal sentence concurrent with his previously imposed state sentence. In effect, this meant that the Petitioner's federal sentence was being ordered to run from April 19, 1995 (the date on which it was imposed), instead of from September 17, 1995 (the date on which the state sentence had expired). Records staff updated the Petitioner's federal sentence computation on that date to

reflect this change.

14.  The Petitioner is currently incarcerated at F.C.I. Allenwood
     and he is scheduled for release on July 12, 2007, via good
     conduct time release.

I certify that the documents attached to this declaration are true and accurate copies of those maintained in the ordinary course of business by the Federal Bureau of Prisons.  I further declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 16th day of February, 2001.

A. FARLEY
Assistant Inmate Systems Manager
Federal Correctional Institution
Allenwood, Pennsylvania

# TAB - 2

02/14/01  08:07  ☎00000000000        INMATE SYSTEMS                    ☑002



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA            **JUDGMENT IN A CRIMINAL CASE**
           -vs-         39082-05ﾞ
                                    CASE NO.:CR 92-91(S-1)-10
___RONALD TUCKER___

                                    COUNSEL: LLOYD EPSTEIN, ESQ.

THE DEFENDANT:
  __X__ was found guilty on counts ONE (1), TWO (2) and NINE (9) OF
        THE SUPERSEDING INDICTMENT (S-1) after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s),
which involve the following offenses:

| Title/Section | Nature of Offense | Date concluded | Count # |
|---|---|---|---|
| 18 USC § 1962(c) | RACKETEERING | 7/29/93 | 1 |
| 21 USC § 841(a)(1) | CONSPIRACY TO DISTRIBUTE AND POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE | 7/29/93 | 2 |
| 21 USC § 841(a)(1) and 841(b)(1)(A) | DISTRIBUTION OF COCAINE BASE | 7/29/93 | 9 |

     The deft is sentenced as provided in pgs. 2 through     __4__
of this judgment.   The sentence is imposed pursuant to the
Sentencing Reform Act of 1984.

  __X__  THE UNDERLYING INDICTMENT is dismissed on motion of A.U.S.A.
  __X__  It is ordered that the deft shall pay a special assessment of
         $150.00 for counts ONE (1), TWO (2) and NINE (9) OF THE
         SUPERSEDING INDICTMENT (S-1).

IT IS FURTHER ORDERED that the deft shall notify the U.S. attorney
for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special
assessments imposed by this judgment are fully paid.

Defts S.S. No.  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          APRIL 19, 1995
                                     Date of imposition of sentence

Defts D.O.B.   3/11/69               _[signature]_
                                     Signature of Judicial Officer
Defts USM No.  39032-053

Deft mailing address:

                                     RAYMOND J. DEARIE, U.S.D.J.
     IN CUSTODY.                     Name/Title of Judicial Officer

                                     A TRUE COPY ATTEST
                                     DATED  5-24-95
                                     ROBERT C. HEINEMANN
                                               CLERK
                                     BY _[signature]_
                                        DEPUTY CLERK

                          EXH. 2

Case 1:00-cv-01780-YK-EC   Document 13   Filed 02/02/2001   Page 11 of 31



Deft: **RONALD TUCKER**                          Judgment –Page   2 of  4
Case Number:      CR 92-91(S-1)-10

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: ONE HUNDRED SIXTY-EIGHT (168) MONTHS ON COUNTS ONE (1), TWO (2) AND NINE (9) OF THE SUPERSEDING INDICTMENT (S-1) TO RUN CONCURRENTLY.

_____       The defendant has orally waived his right to a Deportation Hearing or Exclusion proceeding.  It is Ordered that the defendant be deported immediately.

_____       The Court makes the following recommendations to the Bureau of Prisons:

__X__         The defendant is remanded to the custody of the U.S.Marshal.

_____       The defendant shall surrender to the U.S.Marshal for this district.
              ____ at _____ on _____.
              ____ as notified by the U.S. Marshal.

_____       The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
              ____ by _____.
              ____ as notified by the U.S.Marshal.
              ____ as notified by the Probation Office.

### RETURN
I have executed this judgment as follows:_____

_____
_____
_____

Defendant delivered on 6-8-95 to ALM
at _____PA_____ with a certified copy of this judgment.

                                    _____
                                    United States Marshal

                                    _____
                          By                   Deputy Marshal



Deft: RONALD TUCKER _____     Judgment –Page  3 of  4
Case Number: ___CR 92-91(S-1)-10___

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>FIVE (5) YEARS ON COUNTS ONE (1), TWO (2) AND NINE (9) OF SUPERSEDING INDICTMENT (S-1) TO RUN CONCURRENTLY.</u>

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state of local crime.  In addition, the defendant:

-shall not leave the judicial district without permission of the Court or probation officer.
-shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
-shall answer truthfully all inquiries by and follow the instructions of the probation officer.
-shall support his/her dependents and meet other family responsibilities.
-shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
-shall notify the probation officer within 72 hrs of any change in residence or employment
-shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except a prescribed by a physician.
-shall not frequent places where controlled substances are illegally sold, used, distributed or administered.
-shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
-shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
-shall notify the probation officer within 72 hrs of being arrested or questioned by a law enforcement officer.
-shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
-as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

02/14/01  08:10  ☎00000000000          INMATE SYSTEMS                    ☒005

Deft: RONALD TUCKER                      Judgment —Page  4 of  4
Case Number:    CR 92-91(S-1)-10

### STATEMENT OF REASONS

____  The Court adopts the factual findings and guideline
      application in the presentence report.
__X__ The Court adopts the factual findings and guideline
      application in the presentence report except:

      IN LIGHT OF THE AMENDMENT TO GUIDELINE 2D1.1, EFFECTIVE
      NOVEMBER 1, 1994, THE BASE OFFENSE LEVEL IN PARAGRAPH 69 IS
      38.  THE ADJUSTED OFFENSE LEVEL IN PARAGRAPH 74 IS 40.  THE
      COURT FINDS THE DEFENDANT'S CRIMINAL HISTORY CATEGORY TO BE A
      LEVEL I.  THE PROBATION DEPARTMENT IS DIRECTED TO AMEND
      PARAGRAPHS 69, 70, 74 AND 97 ACCORDINGLY.


**Guideline Range Determined by the Court**

Total Offense Level:        ____40____

Criminal History Category:    __I__

Imprisonment Range:   __292__ to __365__

Supervised Release Range:   __5__ years

Fine Range:  $ _____ to _____
      __X__ Fine is waived or is below the guideline range, because
            of the defendant's inability to pay.

      Restitution:  $____N/A_____
      ____ Full restitution is not ordered for the following reason:



____ The sentence is within the guideline range, that range does
     not exceed 24 months, and the Court finds no reason to depart
     from the sentence called for by application of the guidelines.

                              **OR**

_____   The sentence is within the guideline range, that range
         exceeds 24 months, and the sentence is imposed for the
         following reasons:

                              **OR**

The sentence departs from the guideline range
____ upon motion of the government pursuant to 5K1.1 of the
     Sentencing Guidelines, as a result of defendant's substantial
     assistance.
__X__ for the following reasons:

      THE COURT WILL DOWNWARDLY DEPART PURSUANT TO 18 U.S.C. §
      3553(b) FOR THE REASONS STATED ON THE RECORD.

**TAB - 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,                    :

      Petitioner            :

      v.                    :         CIVIL NO. 1:CV-00-1780

MICHAEL ZENK, ET AL.,             :         (Judge Kane)

      Respondents           :

## DECLARATION OF J. FROMM

I, J. Fromm, hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as a Paralegal Specialist, at the Consolidated Legal Center (C.L.C.), Allenwood, Pennsylvania. I have been employed with the FBOP since June 1989. I have been a Paralegal Specialist at CLC Allenwood since August 1998. Prior to that time, I held the position of Paralegal Specialist at the United States Penitentiary, Lewisburg, Pennsylvania, since November, 1989.

2. In my official capacity, I have access to records, including, but not limited to, records regarding an inmate's sentencing, dates of confinement, places of confinement and release information.

3. I have reviewed the petition in this matter, filed by inmate Ronald Tucker, Federal Register Number 39032-053.

Exh. 3

Essentially, the Petitioner alleges that his federal sentence computation is inaccurate and that his federal sentence was supposed to have been served concurrent to his previously imposed state sentence.

4.  The Petitioner was sentenced on April 19, 1995, by the Honorable Judge Raymond Dearie, United States District Court for the Eastern District of New York, to a term of one hundred and sixty-eight (168) months for "Racketeering" in violation of Title 18, U.S.C., §1962(c); "Conspiracy to Distribute and Possession With Intent to Distribute Cocaine Base" in violation of Title 21, U.S.C., §841(a)(1); and "Distribution of Cocaine", in violation of Title 21, U.S.C., §841(a)(1), (b)(1)(A). At the time the federal sentence was imposed, the Petitioner was already serving a twenty (20) month to five (5) year state sentence which had been imposed by the Supreme Court of New York, Queens Division, for "Criminal Sale of a Controlled Substance" and for parole violation.

5.  Although the Petitioner was serving a state sentence at the time his federal sentence was imposed, the judgment order was silent as to whether or not the federal sentence was to be served consecutively or concurrent to the state sentence.

6.  A review of the Petitioner's records reveals that two separate

letters were mailed to the sentencing court in order to determine the court's intentions. These letters are dated May 7, 1998, and February 29, 2000. There is no record that a reply was received for either letter. I have attached copies of these two letters to my declaration.

7. On February 15, 2001, in connection with this action, I called the U.S.D.C. for the Eastern district and inquired about the two letters. I was informed that it was the court's intention that the federal sentence be served concurrent with the previously imposed state sentence. Later that day, I received a copy of the February 29, 2000, letter which had requested this information. The letter was marked "approved" and it was signed by the Honorable Judge Raymond Dearie. I have attached a copy of that letter to my declaration.

8. I then provided a copy of the "approved" February 29, 2000, letter to the Assistant Inmate Systems Manager at F.C.I. Allenwood so that the Petitioner's sentence computation could be updated.

9. Attached to this declaration is a copy of the updated sentence computation for the Petitioner. This computation clearly shows that the petitioner's federal sentence was ordered to run concurrent to the previously imposed sentence beginning on

April 19, 1995, the date on which the federal sentence was imposed.

I certify that the documents attached to this declaration are true and correct copies of documents maintained in the ordinary course of business by the Federal Bureau of Prisons. Additionally, I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 15th day of February, 2001.

J. FROMM
Paralegal Specialist
Federal Correctional Complex
Allenwood, Pennsylvania

# TAB - 4

02/14/01  08:17  ☎00000000000    INMATE SYSTEMS    ☑017



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*
*Allenwood Medium*

*P.O. Box 2500*
*White Deer, PA 17887-2500*

May 7, 1998

Leslie Caldwell
Assistant United States Attorney
Eastern District of New York
225 Camden Plaza E.
Brooklyn, New York 11201

RE:   TUCKER, Ronald
      Reg. No.: 39032-053
      Docket #: CR 92-91(S-1)-10

Dear Ms. Caldewell:

The above named individual was sentenced by the Honorable Raymond J. Dearie, United States District Court, Eastern District of New York, on April 19, 1995, to an aggregate term of 168 months. He was sentenced for the offenses of 18:1962(c) Racketeering, 21:841(a)(1) Conspiracy to Distribute and Possession With Intent to Distribute Cocaine Base, and 21:841(a)(1) and 841(b)(1)(A) Distribution of Cocaine Base.

During the time that Mr. Tucker's trial was in progress, he was serving a state sentence with the New York State Department of Corrections for Criminal Sale of Controlled Substance and Violation of Probation. As a result Mr. Tucker was borrowed from the state of New York via a federal writ of *Habeas Corpus Ad Prosequendum*. Upon completion of sentencing on his federal charges, Mr. Tucker was erroneously designated to a federal facility to begin service of his federal sentence.  He should have been returned to state authorities for completion of his state sentence.

According to Title 18 USC 3584 "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Due to the time frame involved before the error was realized, and the fact that the state sentence has expired, we are asking if the court has any objection to his federal sentence running concurrently with the state sentence that Mr. Tucker was serving in the state of New York.  The state of New York continued to run their sentence while Mr. Tucker was in federal custody.  If the court does not object to a concurrent federal sentence the Bureau of Prisons could grant Mr. Tucker a "Nunc Pro Tunc" designation.  This would allow the Bureau of Prisons to commence Mr. Tucker's federal sentence on April 19, 1995, or a date after sentencing which is specified by the court.

Exh. 4

At the present, the Bureau of Prisons has commenced Mr. Tucker's sentence on September 17, 1995, the date he was officially released from his state sentence.

We ask that you please bring this matter before the court. If an amended order is issued to allow Mr. Tucker's federal sentence to run concurrent to his state sentence, please forward a copy of the order to our institution.

If you have any questions, please feel free to contact Mrs. Lana Klopf, Inmate Systems Manager, at (717) 547-7950.

Sincerely,

Jake Mendez
Warden

**TAB - 5**



**U.S. Dept. of Justice**

Federal Bureau of Prisons

*Federal Correctional Institution*

*Allenwood Medium*

*P.O. Box 2500*

*White Deer, PA 17887-2500*

February 29, 2000

Honorable Judge Raymond J. Dearie
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   TUCKER, Ronald
>        Register Number:    39032-053
>        Docket Number:      CR-92-92(S-1)-10

Dear Judge Dearie:

The purpose of this letter is to seek clarification regarding the
sentence which you imposed in the above referenced case. As you
may recall, on April 19, 1995, you sentenced Ronald Tucker to a
168 month sentence for Racketeering, in violation of 18 U.S.C. §
1962(c); Conspiracy To Distribute And Possession With Intent To
Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);
and Distribution of Cocaine, in violation of 21 U.S.C. §
841(a)(1), (b)(1)(A).  In addition to the Federal sentence,
inmate Tucker was also sentenced to twenty months to five years
by the Supreme Court of New York, Queens Division for Criminal
Sale of a Controlled Substance and Parole Violation.

The issue in this case arose when inmate Tucker was transferred
to Federal custody on January 23, 1992 pursuant to a Writ of
Habeas Corpus Ad Prosequendum.  Upon the trial's conclusion,
however, inmate Tucker was designated to a Federal facility
instead of being returned to the state authorities.
Nevertheless, the state of New York had primary jurisdiction
because they arrested inmate Tucker two months earlier than
Federal agents.  Therefore, his state sentence began to run
immediately upon its imposition on November 20, 1990.

Because the Federal sentence was silent as to concurrency, it was
initially computed as a consecutive sentence pursuant to 18
U.S.C. § 3584(Multiple terms of imprisonment run consecutively
unless otherwise indicated by the Court).  As such, his Federal

Exh. S

sentenced commenced on September 17, 1995, the date his state
sentence expired.

Due to an administrative error, however, inmate Tucker was
designated to a Federal facility immediately following his April
19, 1995 sentencing.  In order to rectify this oversight, the
Bureau of Prison will compute the state and Federal sentences as
running concurrent and designate this status nunc pro tunc to the
date the Federal sentence was imposed.  This would have the
effect of commencing his Federal sentence on April 19, 1995
instead of September 17, 1995 (approximately 5 months).  His
projected release date of December 10, 2007 would be moved to no
earlier than July 10, 2007.

Please contact me if you object to this calculation, or if it
contrary to your intent at (570) 547-7950, extension 5116.

Respectfully submitted,


Douglas S. Goldring
Attorney
FCI-Allenwood

# TAB - 6



2/15/01

U.S. Department of Justice

Federal Bureau of Prisons

*Federal Correctional Institution*

*Allenwood Medium*
" P.O. Box 2500
*White Deer, PA 17887-2500*

February 29, 2000

Honorable Judge Raymond J. Dearie
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:  TUCKER, Ronald
           Register Number:    39032-053
           Docket Number:    ~~CR 92-92~~(S-1)-10

Dear Judge Dearie:        CR92-91

The purpose of this letter is to seek clarification regarding the
sentence which you imposed in the above referenced case. As you
may recall, on April 19, 1995, you sentenced Ronald Tucker to a
168 month sentence for Racketeering, in violation of 18 U.S.C. §
1962(c); Conspiracy To Distribute And Possession With Intent To
Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);
and Distribution of Cocaine, in violation of 21 U.S.C. §
841(a)(1), (b)(1)(A). In addition to the Federal sentence,
inmate Tucker was also sentenced to twenty months to five years
by the Supreme Court of New York, Queens Division for Criminal
Sale of a Controlled Substance and Parole Violation.

The issue in this case arose when inmate Tucker was transferred
to Federal custody on January 23, 1992 pursuant to a Writ of
Habeas Corpus Ad Prosequendum. Upon the trial's conclusion,
however, inmate Tucker was designated to a Federal facility
instead of being returned to the state authorities.
Nevertheless, the state of New York had primary jurisdiction
because they arrested inmate Tucker two months earlier than
Federal agents. Therefore, his state sentence began to run
immediately upon its imposition on November 20, 1990.

Because the Federal sentence was silent as to concurrency, it was
initially computed as a consecutive sentence pursuant to 18
U.S.C. § 3584(Multiple terms of imprisonment run consecutively
unless otherwise indicated by the Court). As such, his Federal_

Exh. 6

sentenced commenced on September 17, 1995, the date his state
sentence expired.

Due to an administrative error, however, inmate Tucker was
designated to a Federal facility immediately following his April
19, 1995 sentencing.  In order to rectify this oversight, the
Bureau of Prison will compute the state and Federal sentences as
running concurrent and designate this status nunc pro tunc to the
date the Federal sentence was imposed.  This would have the
effect of commencing his Federal sentence on April 19, 1995
instead of September 17, 1995 (approximately 5 months).  His
projected release date of December 10, 2007 would be moved to no
earlier than July 10, 2007.

Please contact me if you object to this calculation, or if it
contrary to your intent at (570) 547-7950, extension 5116.

Respectfully submitted,

Douglas S. Goldring
Attorney
FCI-Allenwood

# TAB - 7

```
   ALFDC  540*23 *           SENTENCE MONITORING        *    02-15-2001
   PAGE 001         *        COMPUTATION DATA           *    15:05:04
                             AS OF 02-15-2001

REGNO..: 39032-053 NAME: TUCKER, RONALD


FBI NO..........: 306682MA3            DATE OF BIRTH: 03-11-1969
ARS1............: ALM/A-DES
UNIT............: UNIT 3A               QUARTERS.....: C03-204U
DETAINERS.......: NO                    NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-12-2007 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------
COURT OF JURISDICTION...........: NEW YORK, EASTERN DISTRICT
DOCKET NUMBER...................: CR92-91(S-1)-10
JUDGE...........................: DEARIE
DATE SENTENCED/PROBATION IMPOSED: 04-19-1995
DATE COMMITTED..................: 06-08-1995
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:   $150.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  545
OFF/CHG: RACKETEERING 18:1962(C); CONSPIRACY TO DISTRIBUTE AND
         POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE 21:841(A)(1)
         DISTRIBUTION OF COCAINE BASE 21:841(A)(1) AND 841(B)(1)(A)

 SENTENCE PROCEDURE.............: 3559 SRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   168 MONTHS
 TERM OF SUPERVISION............:     5 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CC W/NY DOC
 DATE OF OFFENSE................: 07-29-1993




 G0002       MORE PAGES TO FOLLOW . . .
```

Exh. 7

```
ALFDC  540*23 *            SENTENCE MONITORING         *    02-15-2001
PAGE 002 OF 002 *           COMPUTATION DATA           *    15:05:04
                            AS OF 02-15-2001
```

REGNO..: 39032-053 NAME: TUCKER, RONALD


-------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 02-15-2001 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 04-19-1995
TOTAL TERM IN EFFECT............:   168 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    14 YEARS

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT POSSIBLE..............: 646
TOTAL GCT AWARDED...............: 256
STATUTORY RELEASE DATE (CURRENT): 08-05-2008
SIX MONTH /10% DATE.............: 01-12-2007
EXPIRATION FULL TERM DATE.......: 04-18-2009


PROJECTED SATISFACTION DATE.....: 07-12-2007
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: COMPUTATION UPDATED 02-05-98 TO REFLECT CORRECT DATE SENTENCE
                BEGAN AND REMOVE JAIL CREDIT - NY STATE TERM EXPIRED 09-17-95.
                *COMPUTATION UPDATED 02-15-01 PER VERBAL/WRITTEN APPROVAL BY
                JUDGE DEARIE TO RUN FEDERAL TERM CONCURRENT WITH STATE TERM.


S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,                          :
        Petitioner          :          No. 1:CV-00-1780
                    :
        v.                  :          (Judge Kane)
                    :
MICHAEL ZENK, Warden, Allenwood         :
Federal Correctional Institution,       :
BUREAU OF PRISONS; U.S. ATTORNEY        :
GENERAL; U.S. MARSHAL SERVICE,          :
        Respondents          :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 2nd day of March, 2001, she served a copy of the attached

## RESPONDENTS' EXHIBITS IN SUPPORT OF
## THEIR RESPONSE TO HABEAS CORPUS PETITION

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Ronald Tucker
Reg. No. 39032-053
FCI Allenwood
P.O. Box 2000
White Deer, PA  17887

KATE L. MERSHIMER
Assistant U.S. Attorney