IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD TUCKER,<br>Petitioner | : | No. 1:CV-00-1780 |
| v. | : | (Judge Kane) |
| MICHAEL ZENK, Warden, Allenwood<br>Federal Correctional Institution,<br>BUREAU OF PRISONS; U.S. ATTORNEY<br>GENERAL; U.S. MARSHAL SERVICE,<br>RESPONDENTS | : | |

PETITIONER'S REPLY TO RESPONDENT'S RESPONSE
TO PETITIONER'S §2241 HABEAS CORPUS PETITION

---

## PRELIMINARY STATEMENT

This is a reply to the Respondent's Response to Petitioner's habeas corpus petition. Petitioner, in his petition for writ of habeas corpus, stated seven (7) grounds for relief. Respondents, in their "Response to Habeas Corpus Petition", has only addressed two(2) claims. Petitioner, in this reply to Respondent's Response, will show how the cases cited by Respondents are not applicable to the particulars of Petitioner's case.

For the reasons stated herein, Petitioner should be awarded all of the presentence detention time that he spent in both state and federal prisons, toward his federal sentence.

Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887

Dated: April 9, 2001

## STATEMENT OF FACTS

The facts of the case can be viewed in Petitioner's original request for writ of habeas corpus, (Memorandum of Law in Support of Petition of Habeas Corpus) and will not be repeated at length.

However, the Petitioner would like the court to take notice that some of the documents which the Respondents attached as exhibits are dissimilar to documents that were given to the Petitioner at F.C.I. Allenwood, by the Record's Office Staff. (Please see Petitioner's Exh. L, letter to Leslie Caldwell dated March 12,1998, as compared to Respondent's Exhibit 4, letter to Leslie Caldwell dated May 7,1998)

It should also be noted that the letter sent to Judge Dearie,(dated February 29,2000, seeking clarification as to whether or not the court wished to sentence petitioner concurrently or consecutively) was responded to on March 6,2000, as Judge Dearie "So Ordered" a concurrent sentence. [Resp.Exh. 6... Petitioner's Exh. S]

Petitioner adds the following facts to his already existing facts:

On July 11,2000, Petitioner wrote a letter to Mr. Ronald Booher,Regional Inmate Systems Administrator, requesting a concurrent service of Petitioner's state and federal sentences via a "nunc pro tunc" designation. No response was ever received. [See Exh. V]

On January 5,2001, Petitioner's motion for a "Certificate of Appealability" (from the denial of Petitioner's §2255 motion) to the Second Circuit Court of Appeals was granted, as to the

(2)

## STATEMENT OF FACTS CONT'D

issue of whether counsel had rendered ineffective assistance by failing to request that U.S.S.G. §5G1.3(b) be applied at Petitioner's sentencing. [See Exh. W]

## PETITIONER WAS NOT "BORROWED" FROM STATE AUTHORITIES.

On page 3 of the Respondent's Response to Petitioner's habeas corpus petition, it states "Because Tucker was essentially "borrowed" from New York State authorities, the federal authorities assumed secondary custody over Tucker".

Firstly, in the present case, it cannot be said that the Petitioner was either "borrowed" or "on loan", when the Petitioner was never returned to state authorities. Black's Law Dictionary, Sixth Edition, defines the terms "borrow" and "loan" as follows:

borrow: to solicit and receive from another any article of property, money or thing of value with the intention and promise to repay or return it or its equivalent.

loan: anything furnished for temporary use to a person at his request, on condition that it shall be returned, or its equivalent in kind, with or without compensation for its use.

The federal authorities secured the person of petitioner via writ of habeas corpus ad prosequendum. Such a writ is for the purpose of indicting, prosecuting and sentencing a defendant. Flick v. Bevins 887 F.2d 778,781 (7th Cir.1989) and United States v. Jones 938 F.2d 447,449 (3rd Cir.1991)

Petitioner's federal trial lasted for two(2) months. He was indicted in one day and it took one day to sentence him.

(4)

Ergo, for forty-two(42) months, petitioner was being held in federal "custody" for reasons other than being detained for the purpose of being indicted, prosecuted and sentenced.

Once the federal authorities assumed custody of petitioner there was never any attempt to return petitioner back to state custody. The federal authorities never intended to return petitioner back to state custody. This length of time, of a defendant being held in federal custody, pursuant to a writ of habeas corpus ad prosequendum, on a related offense, and not receiving credit for such time toward his federal sentence, is unprecedented and violates a defendant's fifth amendment right to not be subject to double jeopardy, as the petitioner is being punished twice for the same offense.

The federal authorities have effectively abused the writ of habeas corpus ad prosequendum and circumvented the Interstate Agreement on Detainers Act, and for this reason, as well as the other reasons described herein, petioner should be awarded all of the time he spent on writ, towards his federal sentence, as well as all the time he spent in state prison,(prior to the writ) towards his federal sentence. A total of fifty-five(55) months. A period of time commencing from September 19,1990,(the date petitioner was arrested by state authorities) through April 18,1995,(the day before petitioner's federal sentencing, which the BOP has refused to give petitioner credit for)

## PETITIONER HAS NOT RECEIVED ALL THE CREDIT HE IS PERMITTED TO RECEIVE UNDER FEDERAL LAW AS TO HIS FEDERAL SENTENCE

The Respondent cites <u>United States v. Wilson</u>, 503 U.S. 329, and states on p.4 of Respondent's Response (hereinafter R.R.) the general rule that a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to a prior sentence. The Respondent also quotes <u>Wilson</u>,(supra) and says "The Supreme Court has held that only the Attorney General, can calculate what credit, if any, a defendant convicted of a federal crime is entitled to receive. The district court has absolutely no authority to determine the amount of credit at sentencing. <u>Wilson</u>, 503 U.S. @333-35 (R.R. p7)

Simply put, the Respondent reads too much into <u>Wilson</u>. <u>Wilson</u> did not deal with state and federal sentences that were related, as does the instant case. The Supreme Court in <u>Wilson</u> did not describe the offenses as being related. It merely stated that the defendant had been arrested on federal and state charges and had been held for a time in state custody on both sets of charges.

Additionally, the lower court opinion indicates that they were unrelated offenses. See <u>U.S. v. Wilson</u> 916 F2d 1115,1116 (6th Cir. 1990)

In <u>U.S. v. Dorsey</u> 166 F3d 558 (3rd Cir.1999), a case that is tantamount to the issues presented in the instant case,

The Third Circuit Court of Appeals held that the District Court had the authority to grant sentencing credit against a federal sentence that was imposed concurrently with a state sentence arising from the same conduct, for that period of time the defendant spent in state custody on a state sentence, prior to the sentencing by the district court, pursuant to guideline application note; and that the court's authority did not conflict with that of the Bureau of Prisons'(BOP) authority to grant custody credit, since the credit the district court would award was limited to time that would not be awarded by the BOP.  18 U.S.C.A. §§ 3584(a) 3585(b); U.S.S.G. §§ 5G1.3(b), 5G1.3.comment(n.2) 18 U.S.C.A.

See also, <u>Rios v. Wiley</u> 201 F3d 257 (3rd Cir.2000) @ 270  Moreover, the BOP's argument fails in light of our opinion in <u>Dorsey</u>,(supra) which recognized that neither the enactment of section 3585(b) nor the Supreme Court's ruling in <u>Wilson</u>,(supra) limited the sentencing court's authority to apply section 5G1.3 and impose a concurrent sentence to the extent appropriate.

See <u>Dorsey</u> (supra) @561 (noting that <u>Wilson</u> does not apply because "it did not deal with a situation of a federal court exercising its discretion to impose a concurrent sentence and how to make that sentence truly concurrent to a sentence for a related offense, the subject of application note 2[ to U.S.S.G.§5G1.3(b)]")

<u>U.S. v. Keifer</u> 20 F.3d 874 (8th Cir.1994) @876 [W]e find nothing in <u>Wilson</u> suggesting that the Attorney General's authority under §3585(b) limits a sentencing court's power to apply 5G1.3 of the Guidelines."

(7)

The petitioner's case can be distinguished from all of the cases cited in opposition by the Respondent.

In <u>U.S. v. Labeille-Soto</u>. 163 F.3d 93 (2nd Cir.1998) the defendant sought to receive credit pursuant to U.S.S.G. 5G1.3(b) on his federal sentence for time spent on an <u>unrelated</u> state sentence, that was "<u>discharged</u>" at the time he was sentenced in federal court. It was determined that 5G1.3(b) did not apply to <u>Labeille-Soto</u> because "the predicate is that the defendant's prior prison term [r]emain "undischarged" and "If the defendant has completed his state prison term before the federal sentence is imposed,§5G1.3 does not apply, and his federal sentence cannot be imposed to run concurrently. Id @ 99.

In the instant case, there can be no dispute that the petitioner's federal case is related to his state charge. There is also no argument that the petitioner's state sentence was undischarge at the time of his federal sentencing. Therefore, there can be no doubt that 5G1.3(b) applies to the petitioner's case, and he must be granted the fulldetention time spent in state "custody", toward his federal sentence. <u>Labeille-Soto</u> is not similar to the instant case.

The Respondent also cites <u>Rios v. Wiley</u> 201 F.3d 257 (3rd Cir. 2000) and states " A federal prisoner cannot receive credit for timeserved on a prior sentence if that detention time was already credited to a prior sentence" (R.R. @p.8) <u>Rios</u> is yet another case that deals with unrelated state and federal offenses.

(8)

The Respondent is quick to emphasize that the Third Circuit rejected the District Court's reasoning in U.S. v. Benefield 942 F.2d 60 (See R.R. @ pp.9,10) However, the only reason the court in Rios rejected the Benefield reasoning was because Rios' state charges were originally thought to have been related to his federal charges.

Please See, Rios v. Wiley 29 F. Supp 2d 232 (M.D.Pa 1998) ["Rios I"] "... Rios was arrested on New York State charges arising from possession of a narcotic on February 13,1991, and taken into state custody. These charges were related to one of the two charges on which the defendant was later found guilty in federal court." Id. @ 233.

Because Rios' charges were presumed to have been related, the court for the (M.D.Pa.) applied the reasonings in Benefield.(supra) "Benefield ... effectuates the intent of the federal sentencing court to make its sentence concurrent with a related state sentence, by granting credit on the federal sentence for the time spent incarcerated before the federal sentencing, even if this result appears to be prohibited by the literal language of section 3585(b). (emphasis mine) Rios v. Wiley 29 F.Supp 2d 232 (M.D.Pa 1998) @ 235

Thereafter, in Rios v. Wiley 34 F.Supp 2d 265 (M.D.PA. 1999) ["Rios II"], it was determined that Rios' state and federal charges were not related, as was previously thought. Rios II @ 267, "and we would make only one alteration, although a very important one, concerning the related nature of the state charges. The state charges on which [R]ios was incarcerated at the time federal authorities

(9)

took him on [t]he writ were not related to either of the two federal charges for which he is now imprisoned..."

In <u>Rios II</u>, @ 268 the court concluded, "after review of the parties submissions, we conclude that we can no longer rely on <u>Benefield</u> to support our order." The court made this determinati because it was clear now that Rios' state and federal charges were not related.

Furthermore, in <u>Rios v. Wiley</u>, 201 F.3d 257 (3rd Cir.2000), ["<u>Rios III</u>"], a case in which the Respondent relies heavily upon. The 3r Circuit gives its reasoning for not applying <u>Benefield</u>. <u>Rios III</u> @ 275, " The district court read the outcome in <u>Benefield</u> as grounded on the fact that the federal charges arose out of the same conduct as the state conviction, and determined that the state and federal charges in this case were not based on the same conduct." Ergo, <u>Rios v. Wiley</u> 201 F.3d 257(3rd Cir. 2000) is not tantamount to the particulars of the petitioner's case with regards to state and federal charges being related, and credit being attributed to petitioner's federal sentence for all time spent in state and federal custody.

The facts of the instant case cannot be disproved. Petitioner was taken from state custody via writ of habeas corpus ad prosequendum, to answer to federal charges that were related to his state charges. Petitioner was held pursuant to this writ, in federal custody, for a total of forty-four (44) months. Petitioner was never returned to state custody, nor was he given credit toward his federal sentence for all time spent in federal custody pusuant to the writ. Petitioner should be awarded fifty-five(55) months credit toward his federal sentence.

(10)

## PETITIONER IS NOT ASKING THE COURT TO "EQUITABLY DEPART" FROM A STATUTE , AS THE RESPONDENT SUGGESTS

The Petitioner is not requesting an "equitable departure" from a staute. In fact, the Petitioner is not seeking to do one day less than the 168 month sentence that he was sentenced to. (minus good time credits) The Third Circuit has ruled that U.S.S.G. §5G1.3(b) and 18 U.S.C. 3585(b) are not conflicting.

While it is certainly true that what has happened to the petitioner in this case is contrary to the rules of fundamental fairness, the petitioner is not seeking to appeal to sympathy of the court as the Respondent suggests.

To remove a prisoner from a state facility pursuant to a writ of habeas corpu ad prosequendum, (a tool used for the expeditious administration of justice) four months before he was scheduled to be released from his state sentence, then to subsequently hold this prisoner in federal detention for forty-four months pursuant to this writ, and to further not grant him any credit for five, out of the nearly eleven years that he has been incarcerated, (in state and federal prison for the same course of conduct) is not only unfair, but is unprecedented and unconstitutional.

The time in question that the Petitioner is seeking should be credited against both sentences, as the federal and state charges are related. This is a fact that the Respondent has esoterically failed to acknowledge in their Response.

(11)

The Respondent does, however, state that "If Tucker comes forward with any evidence to show that he would have been paroled, Tucker should present that evidence to the BOP so that it can be considered" (R.R. p.11)

The Petitioner cannot prove that he would have been paroled in May 1992, just as the Respondent cannot prove that the Petitioner would not have been paroled in May, 1992. However, the Petitioner can prove that he was not given the opportunity to be heard and considered for parole, because he was being detained by federal authorities since January 23, 1992. [See Exh. B ]

The petitioner can prove that he was participating in a work-release program at the time of his arrest on the instant offense. [Please see Exh. R]

Also See <u>United States Ex Rel Johnson v. Chairman, New York State Board of Parole 500 F2d 925 (1974)</u> "[O]ur view is strengthened by the fact that most inmates in New York can expect parole. Fifty-four percent of all prisoners released from prison in 1970, according to 46 reporting juridictions, left as parolees... In New York the figure is even higher. In 1972, for instance, the New York State Parole Board released 4,412 inmates on parole, or 75.4% of the cases coming before it... thus the average prisoner having a better than 50% chance of being granted parole before the expiration of his maximum sentence, has a substantial "interest" in the outcome.

## PETITIONER HAS EXHAUSTED HIS REMEDIES

The Respondent asserts that the Petitioner "did not raise this [d]ue process argument with the BOP before, and as such, he has not exhausted this issue and he cannot raise it with the court". (R.R. @ p11)

Petitioner has always suggested that his due process rights were violated. Please see <u>Petitioner's Exhibit I</u>, where it states,("I was brought to the Feds [sic] via writ in January of 1992, I was in a work-release program at the time... I never had the parole review because I was in federal custody")

See also, <u>Pet. Exh. M</u>, ("I was never returned to state custody, and because of this inadvertence on the part of the U.S. Marshals, BOP, etc., I have been denied due process".) See also, Pet. Exh. P (I was denied my due process by not being able to have a parole review in the state of New York, because I was being detained by the federal government.")

<u>U.S. v. Maybeck</u> 23 F.3d 888 @892   The Supreme Court has recognized that it is an unacceptable deviation from our fundamental system of justice to automatically prevent the assertion of actual innocence simply because a defendant has not observed procedural avenues available to him.

Therefore, even if it is determined that Petitioner has not exhausted the due process issue with the BOP, the fact remains that, if Petitioner is not credited for all of the time that he spent in state and federal custody towards his federal sentence, the Petitioner will be subject to double punishment

for the same offense, which is contrary to the guarantee provided by the Fifth amendment, against double jeopardy, and Petitioner would be enslaved to a complete miscarriage of justice.

U.S. v. Barrett, 178 F.3d 34, 52-53 (1st Cir. 1999) §2241 is always available to address claims of actual or legal innocence, or to correct a miscarriage of justice.

U.S. v. Maybeck, (supra) Misapplication of the guidelines is a fundamental defect resulting in a complete miscarriage of justice that cannot be waived.

## CONCLUSION

Petitioner's jail credit that was removed by the Bureau of Prisons on February 5, 1998, should be reinstated, and petitioner should therefore be awarded credit for all time spent in state and federal prisons (a total of fifty-five (55) months), commencing on September 19, 1990 until April 18, 1995, as petitioner's state and federal charges were related, and petitioner's state sentence was undischarged at the time of his federal sentencing.

Wherefore petitioner prays that this petition for writ of habeas corpus be granted.

Respectfully Submitted,
Ronald Tucker, Petitioner

*Ronald Tucker*

Dated: April 9, 2001

# PROOF OF SERVICE

I certify that on __April 9, 2001__ (date) I mailed a copy of this brief and attachments via first class mail to the following parties at the addressess listed below:

```
Clerk of the Court
Middle District of Pennsylvania
228 Walnut Street
P.O. Box 868
Harrisburg, Pa 17108

Kate L. Mershimer, A.U.S.A.
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa 17108
```

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should indicate the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __4/9/01__ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Ronald Tucker_
Signature

Dated: __April 9, 2001__