**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
    Petitioner

v.

MICHAEL ZENK, Warden, Allenwood
Federal Correctional Institution,
BUREAU OF PRISONS; U.S. ATTORNEY
GENERAL; U.S. MARSHAL SERVICE,
    Respondents

No. 1: CV-00-1780
(Judge Kane)

FILED
HARRISBURG, PA

APR 1 2 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

PETITIONER'S EXHIBITS IN SUPPORT OF HIS REPLY
TO RESPONDENT'S RESPONSE TO PETITIONER'S HABEAS
CORPUS PETITION PURSUANT TO §2241

    Ronald Tucker 39032-053
    F.C.I. Allenwood
    P.O. Box 2000
    White Deer, Pa 17887

Dated: April 9, 2001

EXHIBIT - V

Ronald Tucker 39032-0
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887
July 11, 2000

Mr. Ronald Booher
Regional Inmate Systems Administrator
Northeast Regional Office
U.S. Customs, 7th Floor
2nd and Chestnut Streets
Philadelphia, Pa 19106

Dear Sir,

    Pursuant to Bureau of Prisons Program Statement 5160.03, I am requesting a concurrent service of my state and federal sentences via a nunc pro tunc designation, to be awarded credit toward my federal sentence for time spent in service of my state sentence. The particulars of my case are peculiar and unparalleled. Please allow me to explain my situation:

    On September 19, 1990, I was arrested in Queens, New York and charged with criminal sale of a controlled substance. I pled guilty and on November 20, 1990, I was sentenced to a term of 20 months to five(5) years imprisonment. I was scheduled to have an initial parole hearing in March 1992, and would have been eligible for parole from my state sentence in May 1992.

    However, on January 23, 1992, (while I was in service of the above mentioned state sentence) I was removed from Fulton Correctional Facility by U.S. Marshals, via writ of habeas corpus ad prosequendum. I was charged with racketeering, conspiracy, drug distribution etc. The above mentioned state conviction was also included in the federal indictment. My trial commenced on April 21, 1993, a full sixteen(16) months after I was "borrowed" from Sttate custody pursuant to the writ of habeas corpus ad prosequendum. I was convicted, after a jury trial on June 21, 1993. Included in this conviction was racketeering act nine, which was the state narcotics conviction.

Thereafter, I remained "borrowed" in federal confinement (M.C.C. New York, F.C.I. Otisville-Holdover, and M.D.C. Brooklyn) for an additional twenty-two(22) months before I was sentenced in federal court. On April 19,1995, I was sentenced to a term of 168 months (14 years) imprisonment. The federal sentencing judge was silent as to whether my federal sentence should run concurrent to or consecutive with my state sentence that was still undischarged at the time of sentencing.

At the time of my federal sentencing, I had been "borrowed (pursuant to the writ) for a total of thirty-nine(39) months.

Thereafter, on June 8,1995, I was designated to a federal facility (F.C.I. Allenwood) to begin service of my federal sentence. When I arrived here at Allenwood, I was given a "sentence monitoring computation data" which reflected a "projected satisfaction date of April 4,2004, and a "six month/10% date of October 4,2003.
I was given Jail credit that started on January 23,1992.( this was the day that I was taken into federal "custody pursuant to the writ)

On January 21,1998, I initiated an inmate request to staff, requesting to have the sixteen months spent in state custody to also be included in my federal sentence computation, pursuant to U.S.S.G. §5G1.3(b).

Shortly thereafter, on February 5,1998, I was given a new "sentence monitoring computation data" which reflected a "projected satisfaction date" of November 28,2007, and a six month 10% date of May 28,2007. All of the jail credit that I was previously awarded had been deleted from my sentence computation. The administration based this decision pursuant to 18 U.S.C. §3584, which states:
"...... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders them to run concurrently."

The Administration here at Allenwood bases this decision on the Judges "silence" as to whether the federal sentence should run concurrent to the state sentence. However, the presumption that my fedreal sentence be consecutive to my state sentence cannot be applied to the facts of my particular case. Indeed, it is not within the discretion of the court to order that my sentences be consecutive, and 18 U.S.C. §3584 cannot be applied to my case, as it would cause an extreme miscarriage of justice.

Pursuant to Program Statement 5160.03, I am requesting that the Bureau of Prisons, designate, nunc pro tunc, the state facilities where I did my state sentence, as well as the federal facilities (where I continued to do my state sentence) as places of confinement toward my federal sentence. The Bureau has the authority under Title 18 U.S.C. 3621(b) as decided in <u>Barden v. Keohane 921 F.3d 476 (3rd Cir.)</u> This authority was given to the B.O.P. to avoid a potentially serious miscarriage of justice.

The reasons for my request is as follows:

1) although it is true that the judge was silent as to the concurrent/consecutive issue, it is mandated pursuant to U.S.S.G. 5G1.3(b) that my federal sentence be made to run concurrent with my federal sentence, and that I be given credit for all the time I spent in state custody toward my federal sentence.

2) I was detained by federal authorities for forty-five (45) months pursuant to a writ of habeas corpus ad prosequendum. There was never any effort on the part of the federal authorities to return me to state custody. I was never given an opportunity to be heard for parole from my state sentence because I was being detained by federal authorities pursant to a writ. I could have been released on parole from my state sentence as early as May 1992, however, because I was being "borrowed",(indefinitely, I might add) my state sentence was allowed to keep running and eventually expire, all the while I was detained in federal prisons through no fault of my own.

3) Neither the U.S. Attorney General nor the Bureau of Prisons had the authority to designate me to a federal prison, as I was under the primary jurisdiction of New York State.

§5G1.3(b)   <u>Imposition of Sentence on a Defendant Subject to an Undischarged Term of Imprisonment</u> :
(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

At the time that I was sentenced in federal court, I was serving a New York State sentence of 20 months-5years imprisonment. This state conviction was fully taken into account in the determination of my offense level for the instant offense. (please see P.S.R. at p.19 ¶69 where it states:)
<u>BASE OFFENSE LEVEL</u>
"... the defendant, pursuant to 1B1.3 (relevant conduct) is being held accountable for the distribution of far greater than the fifteen kilograms of cocaine base... the fact pattern in the instant offense is such that the September 1990 distribution offense <u>was produ</u> <u>as part of the 15 kilograms of cocaine base also charged in the instan</u> <u>indictment, therefore, the narcotics involved in the September 1990</u> <u>distribution offense, are already taken into consideration within the</u> <u>15 kilograms of cocaine base</u>..."

It should also be noted that I was sentenced to Criminal History Category (1), as it was determined by the court that my "state sentence could not be used to calculate "Criminal History" as it (the state conviction) was also part of the instant offense

5G1.3(b) Commentary.  Application Note 2
<u>Adjusted Concurrent Sentence</u> - subsection(b) cases :
When a sentence is imposed pursuant to subsection (b) the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guidelin range for the instant offense, <u>if the court determines that period</u> <u>of imprisonment will not be credited to the federal sentence by the</u> <u>Bureau of Prisons.</u>

When a defendant is serving an undischarged sentence resulting from conduct that is required to be considered in a subsequent sentencing proceeding as relevant conduct under sentencing guidelines, subsequent sentence should be made to run concurrent to undischarged sentence. U.S. v. Fuentes 107 F.3d 1515 (11th Cir. 1997)

... the "fully taken into account" requirement of 5G1.3(b) is satisfied when the undischarged term resulted from an offense that section 1B1.3 requires to be included as relevant conduct, regardless of whether the sentencing court actually took that conduct into accoun id @ 1522

Bureau of Prisons Program Statement 5160.03 states:
" When an inmate is sentenced in both Federal and state jurisdictions, care must be taken to ensure that he/she is suitable for federal designation."

At the time of my federal sentencing, I had been in federal prisons for a total of 39 months, therefore it is conceivable how the court could have mistakenly believed that I was in "federal custody".
Program Statement @ 7C states:
Concurrent service of Sentence After Imposition. "The court may from time to time, order concurrent service of Federal sentence some time after it's imposition. **This may occur when primary jurisdiction resided with the state, and the court mistakenly believed that the inmate was in federal custody for service of the federal sentence on the date of the imposition.**

Also, please see note to P.S. 5160.03 which states:
"When it has been determined that an inmate was improperly committed to federal custody and primary jurisdiction resides solely with a stat sovereign(i.e., the inmate was under jurisdiction of the Federal sentencing court on the basis of a writ of habeas corpus ad prosequendum), institution staff, through the RISA, shall make every effort to return the inmate to state custody. A return to the state means tha the federal sentence should be considered as not having commenced, since transfer to the Bureau was in error and the prisoner should have been returned to the state after federal sentencing as a required condition of the federal writ."

The jeopardy of failing to return me to state custody has already been attached. The only remedy would be to credit me with the time that I have done(both in state prison and federal prison) toward the service of my federal sentence. There are a numerous cases that are contrary to 18 U.S.C. 3585, whereas it is a known fact that a defendant can get credit towards his federal sentence for time spent in state custody, if it has been determined that his federal and state charges were related and 5G1.3 applies.
Please see U.S. v. Dorsey 166 F.3d 558 (3rd Cir. 1999), U.S. v. Drake 49 F.3d 1438(9th Cir.1995), U.S. v. Tatum 938 F.Supp 542(D.Minn. 1996), U.S. v. Thomas 54 F.3d 73 (2nd Cir.1995), U.S. v. Bell 28 F.3d 615(1994) U.S. v. Keifer 20 F.3d 874 (8th Cir. 1994), U.S. v Fuentes 107 F.3d 1515 (11th Cir. 1997)

There are even cases whereas the federal and state sentences are not related and the defendant was awarded credit for time he spent in state custody toward his federal sentence. see, Rios v. Wiley 201 F.3d 257(3rd Cir. 2000)

    In concluding, I hope I have not been confusing in trying to explain to you my current predicament. It has been over two and one half years since I have attempted to get some type of relief, but to no avail. I thank you in advance for any assistance you can afford me in helping me to rectify these obvious errors that have taken place.

    Sincerely,
Ronald Tucker

*Ronald Tucker* (signature)

**EXHIBIT W**

E.D.N.Y.
98-CV-5322
Dearie, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 5th day of January two thousand and one,

Present:
    Hon. Jon O. Newman,
    Hon. Chester J. Straub,
    Hon. Robert D. Sack,
        *Circuit Judges.*



Ronald Tucker,
        Petitioner-Appellant,

v.   99-2644

United States of America,
        Respondent-Appellee.

Appellant originally filed, *pro se*, a motion for a certificate of appealability which this Court denied without prejudice to renewal within 30 days. Appellant has timely filed, *pro se*, a motion for reconsideration. Upon due consideration, it is ORDERED that a certificate of appealability is granted on the issue of whether appellant's counsel, who represented him at sentencing and on direct appeal, rendered ineffective assistance at sentencing by failing to request that United States Sentencing Guideline § 5G1.3(b) be applied to appellant's sentence. Counsel will be assigned pursuant to the Criminal Justice Act after which time a scheduling order will be issued. In the event that the panel considering the appeal concludes that resentencing is required and further concludes that, upon resentencing, appellant would face a risk of an increased sentence, we suggest that the panel afford appellant the opportunity to withdraw his appeal. See United States v. Showerman, 68 F.3d 1524, 1529 (2d Cir. 1995); United States v. Bohn, 959 F.2d 389, 395 (2d Cir. 1992).

A TRUE COPY
Roseann B. MacKechnie, Clerk

By: _____
    Deputy Clerk

USCA Order 4

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*

CERTIFIED:  JAN 5 2001