IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

```
In Re: Ronald Tucker,           :
          Petitioner            :
                                :
                                :
    v.                          :
                                :      Appeal No._____
Michael Zenk, et al             :
          Respondents           :      In Relation to:
                                :      Civ. Dock. No.1:CV-00-1780
The Honorable Yvette Kane       :
United States District Judge    :
United States District Court    :
Middle District of Pennsylvania,:
          Nominal-Respondent    :
--------------------------------X
```

FILED
HARRISBURG, PA

MAY 8 2002

MARY E. D'ANDREA, CLER
Per _____
        Deputy Clerk

**PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. §1651**

Comes Now, the Petitioner, Ronald Tucker, Pro se, (hereinafter referred to as "petitioner") and respectfully petitions this Honorable Court for a Writ of Mandamus for the following cause of action. The petitioner is proceeding pro se and is not adept at law, and for this reason, calls upon the indulgence of this Honorable Court to not measure this pleading and action against the criteria and standards this Court applies to a professional person. Zilich v. Lucht, 981 F.2d 694, 694 (3rd Cir. 1992) ("When ... plaintiff is a pro se litigant, we have a special obligation to construe his complaint liberally.") cited in U.S. v. Miller, 197 F.3d 644, 648 (3rd Cir. 1997)

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1651, to compel the Nominal-Respondent to perform the duty owed to the petitioner. The Court of Appeals is authorized to issue Writs of Mandamus to district courts in their circuits. In Re Virginia Elec. & Power Co., 539 F.2d 357 (4th Cir. 1976)

"... an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction;" see, e.g., McClellan v. Young, 421 F.2d 690

## STATEMENT OF CASE

On September 25, 2000, petitioner commenced a petition for writ of habeas corpus in the Middle District of Pennsylvania, pursuant to 28 U.S.C. §2241. This petition was filed on October 10,2000. The petition stated seven (7) grounds for relief, including but not limited to;"The increase of petitioner's sentence by the removal of over thirteen-hundred (1300) days of jail credit. The erroneous designation of petitioner to a federal facility. The [d]eprivation of his liberty without due process when he was removed from a state work-release facility, not given the opportunity to be heard for parole from his state sentence, never returned to state custody and not awarded any credit for forty-four (44) month time period (he spent in federal detention pursuant to a writ of habeas corpus ad prosequendum) toward his [concurrent] federal sentence."

On January 31,2001, the district court issued an order for the Respondents to respond to the allegations in the petition.

On March 2, 2001, Respondent's responded to petitioner's habeas corpus petition.

On April 9,2001, petitioner filed a reply (Traverse) to the Respondent's response.

On June 27,2001, petitioner sent a letter to the district court, along with an "Amended Judgement and Commitment Order" that was obtained by the petitioner from the B.O.P. in connection with the pending habeas corpus petition.

On October 4, 2001, petitioner wrote a letter to the

(3)

district court requesting "status" of his case and informing the court that his petition was of "an urgent matter" that dealt with "jail credit toward [his] federal sentence."

On April 16, 2002, petitioner wrote a letter to the district court stating: "It has been over a year since I have been waiting on the decision from this court."

Petitioner's case has been delayed for over twelve (12) months.

**ARGUMENT**

Petitioner commenced his habeas corpus petition approximately twenty months ago. It has been over a year that petitioner has filed his traverse to the Responent's response, and has been waiting for a decision from the district court. Petitioner has requested that the district court take action, but to no avail.

"Congress has demonstrated a grave concern about delay in civil cases. See, e.g., Civil Justice Expense and Delay Reduction Plans, 28 U.S.C. §§ 471-482 (requiring district courts to implement plans intended in part to "ensure just, speedy and inexpensive resolution to civil disputes.") Mandamus petitions provide an avenue for dealing with the situation (which fortunately occurs infrequently) where cases have been unduly delayed in the district court." Madden v. Myers, 102 F.3d 74, 78 (3rd Cir. 1996)

In the instant case, twenty (20) months is an inordinate amount of time and can easily be construed as "undue delay", whereas the petitioner is seeking to be credited with forty-four (44) months of presentence detention time that was removed from his federal sentence several years after petitioner was sentenced in federal court, as well as sixteen (16) months credit for a

(4)

period of time he spent in state custody on a related offense. If petitioner succeeds on the merits of his case, his release from federal custody would be imminent.

<u>Madden v. Myers</u>, (supra) @79 "... an appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction." <u>See</u> e.g., <u>McClellan v. Young</u>, 421 F.2d 690 (6th Cir. 1970)

Petitioner has been waiting for over a year since the filing of his traverse and nearly two years since the commencement of his habeas corpus petition, for a decision from the district court. Petitioner contends that this is an extraordinary amount of time for a habeas corpus petition to be held in abeyance.

The failure of the district court to exercise its jurisdiction over petitioner's pending habeas petition, by not ruling on petitioner's case for over a year has denied petitioner's due proccess rights as guaranteed by the Fifth Amendment.

## CONCLUSION

For the foregoing reasons, the petitioner respectfully requests this Court to issue an order directing the district court to decide his case forthwith. Whereby petitioner prays that this petition for a Writ of Mandamus be granted.

Respectfully Submitted,

*Ronald Tucker*

Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887

Dated: May 6, 2002

(5)

## DECLARATION

I, Ronald Tucker, hereby declare and affirm under penalty of perjury pursuant to 28 U.S.C. §1746 on this 6th day of May 2002, that the foregoing statements are true and correct to the best of my knowledge and recollection.

                                                Ronald Tucker, Pro se
                                                */s/ Ronald Tucker*
                                                Fed. Reg. No. 39032-053
                                                F.C.I. Allenwood
                                                P.O. Box 2000
                                                White Deer, Pa 17887

## CERTIFICATE OF SERVICE

I, Ronald Tucker, hereby certify that a true and correct copy of the foregoing pleading and accompanying declaration, were placed in the institutional internal mail, with first class postage prepaid, on this 6th day of May 2002, to the following:

| | |
|---|---|
| United States Court of Appeals<br>for the Third Circuit<br>21400 U.S. Courthouse<br>601 Market Street<br>Philadelphia, PA 19106 | Kate L. Mershimer A.U.S.A.<br>U.S. Attorney's Office<br>Room 217, Federal Bldg.<br>228 Walnut Street<br>Harrisburg, PA 17108 |
| Clerk of the Court for the<br>Middle District of Pennsylvania<br>United States Courthouse<br>228 walnut street<br>Harrisburg, PA 17108 | Ronald Tucker, Pro se<br><br>*/s/ Ronald Tucker* |

```
                                                          PROSE   PRSLC
                        U.S. District Court
            Middle District of Pennsylvania (Harrisburg)

                  CIVIL DOCKET FOR CASE #: 00-CV-1780

Tucker, et al v. Bureau of Prisons, et al              Filed: 10/11/00
Assigned to: Judge Yvette Kane
           Referred to: Pro Se Law Clerk Diana Belisario
Demand: $0,000 42119                          Nature of Suit: 530
Lead Docket: None                             Jurisdiction: US Defendant
Dkt# in other court: None

Cause: 28:2241  Petition for Writ of Habeas Corpus


RONALD TUCKER                     Ronald Tucker
     petitioner                   3932-053
                                  [COR LD NTC] [PRO SE]
                                  FCI-ALLENWOOD
                                  P.O. Box 2000
                                  White Deer, PA 17887


   v.


MICHAEL ZENK, Warden              Kate L. Mershimer
     respondent                   [COR LD NTC]
                                  U.S. Attorneys Office
                                  Room 217, Federal Bldg.
                                  228 Walnut St.
                                  Harrisburg, Pa 17108
                                  717-221-4482


BUREAU OF PRISONS                 Kate L. Mershimer
     respondent                   (See above)
                                  [COR LD NTC]


US ATTORNEY GENERAL               Kate L. Mershimer
     respondent                   (See above)
                                  [COR LD NTC]


US MARSHAL SERVICE                Kate L. Mershimer
     respondent                   (See above)
                                  [COR LD NTC]



Docket as of November 5, 2001 11:32 am                    Page 1
```

Proceedings include all events.
1:00cv1780 Tucker, et al v. Bureau of Prisons, et al                         PROSE
                                                                              PRSLC

| Date | # | Description |
|---|---|---|
| 10/10/00 | 1 | PETITION FOR WRIT OF HABEAS CORPUS Receipt #: 333 81251 Amt: $5.00 (ta) [Entry date 10/11/00] |
| 10/10/00 | 2 | BRIEF FILED by petitioner Ronald Tucker regarding habeas corpus petition [1-1] (ta) [Entry date 10/11/00] |
| 10/10/00 | 3 | APPENDIX filed by petitioner Ronald Tucker re habeas corpus petition [1-1] (ta) [Entry date 10/11/00] |
| 10/11/00 | -- | PRISONER LETTER issued as to petitioner Ronald Tucker with Notice and Consent Form (ta) [Entry date 10/11/00] |
| 12/18/00 | 4 | LETTER to court from petitioner Ronald Tucker asking for status in this case. (sc) [Entry date 12/19/00] |
| 1/12/01 | 5 | LETTER to court from petitioner Ronald Tucker dtd 1/9/01 requesting clarification regarding his case. (sc) [Entry date 01/16/01] |
| 1/12/01 | 6 | Copy of LETTER to Tucker from PRSLC re status (sm) [Entry date 01/18/01] |
| 1/16/01 | 8 | LETTER to court dated 1/9/01 from petitioner Ronald Tucker RE: Status of case (ts) [Entry date 01/23/01] |
| 1/22/01 | 7 | LETTER from court to plaintiff re: submission of pleadings. (ps) [Entry date 01/22/01] |
| 2/16/01 | 9 | MOTION by respondents for an enlargement of time to respond to response to show cause order to 3/2/01.; C/S, Propo. (pm) [Entry date 02/20/01] |
| 2/27/01 | 10 | ORDER by Judge Yvette Kane, NOW, THIS, 27th day of February, 2001, upon consideration of respondents' mtn for an enlargement of time to file response to this pet for writ of habeas corpus (doc 9) is hereby granted. Respondents are granted an enlargement ot time til 3/2/01. [9-1] ; Response to petition ddl 3/2/01 for US Marshal Service, for US Attorney General, for Bureau of Prisons, for Michael Zenk (cc: all counsel court) (pm) [Entry date 02/28/01] |
| 3/2/01 | 12 | RESPONSE by respondents to the habeas corpus petition and c of s. [1-1] (jh) [Entry date 03/05/01] |
| 3/2/01 | 13 | EXHIBITS by respondents in support of their response to the habeas corpus petition and c of s. [12-1] (jh) [Entry date 03/05/01] |
| 3/5/01 | 11 | LETTER to court from petitioner Ronald Tucker re. acces to legal paperwork. (ma) [Entry date 03/05/01] |

Docket as of November 5, 2001 11:32 am                                Page 2

Proceedings include all events.
1:00cv1780 Tucker, et al v. Bureau of Prisons, et al                                   PROSE
                                                                                        PRSLC

| Date | # | Entry |
|---|---|---|
| 3/12/01 | 14 | ORDER by Judge Yvette Kane - Petitioner is granted an enlargement of time until 3/13/01 in which to file and serve a reply. (cc: all counsel, court) (jk) [Entry date 03/12/01] |
| 3/13/01 | 15 | LETTER from Court to Plaintiff dated 3/12/01 RE: Response to recent letter (ts) [Entry date 03/13/01] |
| 3/16/01 | 16 | MOTION by petitioner Ronald Tucker to extend time to file a reply to respondent's response C/S. (jk) [Entry date 03/16/01] |
| 4/6/01 | 17 | ORDER by Judge Yvette Kane - Petitioner's mtn seeking a 6 day enlargement of time in which to file a reply will be DENIED AS MOOT. See order. [16-1] (cc: all counsel court) (sc) [Entry date 04/09/01] |
| 4/12/01 | 18 | TRAVERSE by petitioner Ronald Tucker (captioned: Reply to Respondent's Response to Petitioner's 2241 Habeas Corpus Petition) [1-1] [12-1]; with c/s. (sc) [Entry date 04/13/01] |
| 4/12/01 | 19 | EXHIBITS by petitioner Ronald Tucker IN SUPPORT of his reply to respondent's response to petitioner's habeas corpus petition [18-1]. (sc) [Entry date 04/13/01] |
| 7/2/01 | 20 | LETTER to court from petitioner dtd. 6/27/01 regarding copy of an amended judgment in a criminal case dtd. 3/6/01. (pm) [Entry date 07/03/01] |
| 10/12/01 | 21 | LETTER - dtd. 10/4/01 to clerk from petitioner Ronald Tucker in re: status of case, specifically dealing with jail credit toward federal sentence. (am) [Entry date 10/16/01] |

Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887
December 13, 2000

To: The Honorable Yvette Kane
United States District Judge
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, Pa 17108

Re: 1:00-cv-01780
Tucker v. Bureau of Prisons

Dear Judge Kane,

    I am the petitioner in the above-captioned case and have filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, on September 25, 2000. It has been nearly three(3) months and I have not received anything from the court other than a letter informing me of the docket number and the assignment of your honor.

    The reason I am writing this letter is to inform the court that the issues that I presented in my petition specifically deals with the subject of jail credit, which, if it is determined that I am correct in my claims, will lead to this petitioner being released (according to my calculations) as early as next year.

    I am proceeding pro se, and in no way am I claiming to be an adept at law. However, it is my understanding that 28 U.S.C. §2243 governs the issuance of the writ of habeas corpus, the return, hearing and decision. 28 U.S.C. §2243 states, inter alia, that:

    " A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted..." Furthermore, "The writ or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days is allowed.

I have not been made aware of any reasons for the delay in this case. I pray that this matter can move forward as time is of the essence. I thank you for your time and consideration.

Respectfully Submitted,
Ronald Tucker, Petitioner

*Ronald Tucker*

```
                                        Ronald Tucker 39032-0
                                        F.C.I. Allenwood
                                        P.O. Box 2000
                                        White Deer, Pa 17887
                                        March 1, 2001
                                        (S.H.U.)
```

United States District Court
Middle District of Pennsylvania
U.S. Courthouse               Tucker V. Zenk, et al
228 Walnut Street             Civil No. 1:CV-00-1780
P.O. Box 983
Harrisburg, Pa 17108


Dear Judge Kane,

    I am writing this letter to inform you that I am currently being held in Segregation Housing Unit, pending an investigation of an alleged violation of B.O.P. rules to which I am unsure of the charges against me. Nevertheless, I am in receipt, as of yesterday February 28, 2001, of an Order, granting the Respondents an enlargement of time with which to file a response to Petitioner's motion.

    Your Honor, I do not have access to the appropriate legal materials while I am being held in segregation. It is my understanding that after the Respondents respond, the Petitioner will be allowed to answer. I am told that an "investigation" can take up to ninety(90) days before it is complete. Because of my present predicament and the fact that I do not have legal materials readily accessible to me, I am asking that the Court please allow me whatever extension that is necessary to properly answer the Respondents response.

    I thank you for your time and understanding.

                                              Respectfully,
                                              Ronald Tucker

U

Ronald Tucker 39032-05
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887
October 4, 2001

Clerk of the Court for the
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
Harrisburg, Pa 17108

Re: 1:00-CV-01780
<u>Tucker v. Bureau of Prisons, et a</u>
( Judge Yvette Kane)

Dear Clerk,

I write this letter as an inquiry into the status of the above captioned case. The issues that I presented in my habeas corpus petition are of an urgent matter and specifically deals with the granting of jail credit toward my federal sentence.

If it is ascertained that I am correct in my claims, then it is possible for me to be released from my federal sentence as early as February of next year. I have been waiting for a decision from the court for several months now.

I replied to the "Respondent's Response" on April 9, 2001, and since this time I have heard nothing from the court. I respectfully ask that you look into this matter and please inform me of what is happening with regards to my case. Also, could you please send me an updated docket sheet for this case.

I thank you very much for any and all assistance you may afford me.

Sincerely,
Ronald Tucker, Petitioner

*Ronald Tucker*

```
                                        Ronald Tucker 39032-053
                                        F.C.I. Allenwood
                                        P.O. Box 2000
                                        White Deer, Pa 17887
                                        April 16, 2002
```

Clerk of the Court for the
Middle District of Pennsylvania
United States Courthouse
228 Walnut Street
Harrisburg, Pa 17108

                                         In Re: 1:00-CV-01780
                                                   Tucker v. Zenk, et al
                                                   (Judge Yvette Kane)

Dear Clerk,

      I am the petitioner in the above captioned case. My petition is based, inter alia, on the removal of over thirteen hundred (1300) days of jail credit by the Bureau of Prisons nearly three years after the imposition of my sentence.

      It has been over a year since I have been waiting on the decision from this court. I would like to know the status of my case, as my case specifically deals with due process and liberty interest.

      It should be noted that in the "Respondent's Response", the Respondent stated that I had not exhausted my administrative remedies with regards to my due process argument; furthermore the Respondent stated on Page 11 of the R.R. that "If Tucker comes forward with any evidence to show that he would have been paroled, Tucker should present that evidence to the B.O.P. so that it can be considered."

      I have amply demonstrated to the B.O.P., that had I not been taken from state custody via writ, two months prior to my initial state parole hearing, and held in federal custody indefinitely, I would have been eligible for release on parole from my state sentence as early as May 17, 1992.

      I have made a further attempt to bring this to the attention to the Bureau of Prisons by once again exhausting my administrative remedies, whereby the B.O.P. has granted another inmate, who was in a similar situation as myself, credit toward his federal

sentence for time spent in service of his state sentence while he was on a federal writ of habeas corpus ad prosequendum.

The Bureau of Prisons have once again denied my request for the credit I am seeking, stating "This issue was previously addressed in Central Office Administrative Appeal Nos. 153406-A1 and 245947-A1, and we find no need to elaborate on this issue any further. Your appeal is closed as repetitive."

Ergo, The B.O.P. has "closed as repetitive" the issues which they claimed I did not exhaust in their response to my petition. This most recent request for a remedy, which commenced on September 24, 2001 and was completed on March 28, 2002 can be submitted to the court upon request.

I thank you for any assistance you may afford me.

Sincerely,
Ronald Tucker

*Ronald Tucker*