

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER, :
: 
    Petitioner : CIVIL NO. 1:CV-00-1780
:
v. : (Judge Kane)
:
MICHAEL ZENK, Warden, et al., :
:
    Respondents :

FILED
HARRISBURG

JUN 1 8 2002

MARY E. D'ANDREA, CLERK
Per:_____
    DEPUTY CLERK

**MEMORANDUM**

Ronald Tucker, a federal inmate presently confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, ("FCI-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the required filing fee. Petitioner names as respondents, Michael Zenk, Warden; Bureau of Prisons; U.S. Attorney General; and the U.S. Marshal Service.[1]

On September 19, 1990, petitioner was arrested by the Queens County, New York police department and charged with "Criminal Sale of A Controlled Substance". Petitioner pled guilty to the charge and on November 20, 1990 was sentenced to twenty (20) to sixty (60) months imprisonment.

---

    1. Since the only proper respondent in a habeas corpus action is the warden of the institution where the petitioner is confined, Fed.R.Civ.P. 81(a)(2); 28 U.S.C. § 2243, the other respondents, the Federal Bureau of Prisons, the U.S. Attorney General and the U.S. Marshal's Service will be dismissed.

On January 23, 1992, the petitioner was removed from state custody pursuant to a writ of habeas corpus *ad prosequendum*, to answer federal charges that had been filed against him in the United States District Court for the Eastern District of New York. After a jury trial, petitioner was found guilty of the following charges: (1) "Racketeering" in violation of 18 U.S.C. § 1962(c); (2) "Conspiracy to Distribute and Possession with Intent to Deliver Cocaine Base" in violation of 21 U.S.C. § 841(A)(1); and (3) "Distribution of Cocaine Base" in violation of 21 U.S.C. and § 841(A)(1), § 841(B)(1)(A). (Doc. No. 13, Exhibit 2, Sentencing Judgment). On April 19, 1995, petitioner was sentenced by the Honorable Judge Dearie, United States District Court for the Eastern District of New York. Although petitioner's imprisonment range was 292 months to 365 months, the court downwardly departed pursuant to 18 U.S.C. § 3553(b) and petitioner received a term of 168 months imprisonment. Id. The Court ordered all three counts to be served consecutively to one another. Although the petitioner was currently serving a state sentence at that time, the court was silent as to whether or not the federal sentence should be served concurrently or consecutively with the state sentence. Id.

After the federal sentencing, the petitioner should have been returned to the state of New York for completion of the state sentence he was serving when the federal authorities took physical custody of him. However, it appears that the United States Marshals Service erroneously requested designation of a federal institution

for petitioner. Accordingly, on June 8, 1995, petitioner arrived at FCI-Allenwood.

Subsequently, staff at FCI-Allenwood discovered that the petitioner had been removed from the state of New York pursuant to a federal writ. (Doc. No. 13, Exhibit 1, Affidavit of A. Farley, Assistant Inmate Systems Manager, FCI-Allenwood, ¶ 10). After discovering this, FCI-Allenwood Records Office staff contacted New York to determine what period of time had been credited to the petitioner's state sentence. The Records staff verified that New York had credited the petitioner's state sentence for the period of time between January 23, 1992, when he had been taken into federal custody pursuant to the writ of habeas corpus *ad prosequendum*, through September 17, 1995, when petitioner's state sentence expired. The petitioner's federal sentence computation data was then updated to reflect that he was not entitled to credit toward his federal sentence for this period of time since it had already been credited against his state sentence. Id. at ¶ 11.

On February 27, 1998, the petitioner wrote to the sentencing court requesting clarification as to whether or not the sentencing court had intended his federal sentence to run concurrently or consecutively to his previously imposed state sentence. (Doc. No. 3, Exhibit K, copy of letter addressed to Judge Dearie). No response was received.

On May 7, 1998, FCI-Allenwood Warden sent a letter to the Assistant United States Attorney's Office in the Eastern District

3

of New York, who had prosecuted the petitioner, requesting clarification as to whether or not the sentencing court had intended petitioner's federal sentence to run concurrently or consecutively with the previously imposed state sentence. (Doc. No. 13, Exhibit 4, copy of letter). No response was received. On February 29, 2000, a second letter was then prepared and sent directly to the sentencing judge, Judge Dearie. Id. at Exhibit 5, copy of letter. Once again, no response was received.

On February 15, 2001, in connection with this habeas corpus action, FCI-Allenwood staff contacted the United States District Court for the Eastern District and inquired about the two unanswered letters. (Doc. No. 13, Exhibit 3, ¶ 7). FCI-Allenwood staff was informed that it was the court's intention that the federal sentence be served concurrently with the previously imposed state sentence. (Id.; Exhibit 6, copy of February 29, 2000 letter marked "approved" and signed by the Honorable Judge Raymond Dearie). Records staff then updated the petitioner's federal sentence computation to reflect this change. Petitioner's federal sentence was then computed to run from April 19, 1995 (the date on which it was imposed), instead of from September 17, 1995 (the date on which the state sentence expired). (Doc. No. 13, Exhibit 7, Sentence Monitoring Computation Sheet). His projected release date is July 12, 2007, via Good Conduct Time.

In the instant petition for writ of habeas corpus, the petitioner seeks to have the Bureau of Prisons ("BOP") "reinstate

4

[his] sentence with the entire presentence time that was removed from his sentence computation on February 5, 1998, a total of 1,332 days,(44 months)". (Doc. No. 2, Memorandum of Law in Support of Petition). Alternatively, petitioner seeks to have this Court "resentence [him] *nunc pro tunc*, in such a manner that he will receive the benefits pursuant to U.S.S.G. 5G1.3(b), and credit the time petitioner spent in state custody (16 months) on a related offense, as well as the forty-four (44)months petitioner spent in federal custody, a total of sixty (60) months credited toward his federal sentence". Id. A response and traverse having been filed, the matter is ripe for disposition. The petitioner has exhausted his administrative remedies challenging the BOP's alleged failure to properly calculate his sentence.

**Discussion**

The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned. United States v. Donohue, 1999 WL 680154 (E.D.N.Y. 1999). Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241. See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255). Because petitioner is

5

alleging that the BOP has failed to properly calculate his sentence, he is properly before this court.

The Sentencing Reform Act of 1984 provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). Title 18 U.S.C. §3584 states in pertinent part:

> Multiple sentences of imprisonment.
>
> (a)  Imposition of concurrent or consecutive terms.
> -If multiple terms of imprisonment are imposed on
> a defendant at the same time, or if a term of imprison-
> ment is imposed on a defendant who is already
> subject to an undischarged term of imprisonment, the
> terms may run concurrently or consecutively, except
> that the terms may not run consecutively for an attempt
> and for another offense that was the sole objective of
> the attempt.  Multiple terms of imprisonment imposed
> at the same time run concurrently unless the court
> orders or the statute mandates that the terms are to run
> consecutively.  Multiple terms of imprisonment imposed
> at different times run consecutively unless the court
> orders that the terms are to run concurrently.
> (b)  Factors to be considered in imposing concurrent
> or consecutive terms.-The court, in determining
> whether the terms imposed are to be ordered to run
> concurrently or consecutively, shall consider, as to each
> offense for which a term of imprisonment is being
> imposed, the factors set forth in [18 U.S.C. S] 3553(a).

Because the judgment was silent as to whether or not petitioner's federal sentence should be served concurrently or consecutively with his previously imposed state sentence, it was determined that his federal sentence would run consecutively, commencing on September 17, 1995, after the petitioner's state sentence expired. However, as a result of the February 29, 2001 letter from the BOP to the sentencing Judge, petitioner's federal

6

sentence was approved to run concurrently with his state sentence[2]. This in effect meant that petitioner's federal sentence was to run from April 19, 1995, the date on which it was imposed, instead of September 17, 1995, the date on which the state sentence had expired.

Having received Judge Dearie's order deeming petitioner's federal sentence commencement date to be April 19, 1995, the BOP had to then determine if the petitioner was entitled to credit for any time he spent imprisoned before the federal sentence commenced.

Congress has enacted 18 U.S.C. § 3585(b) to guide the Bureau of Prisons' calculation of credit. Title 18 U.S.C. § 3585(b) states:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 337 (1992)(in section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time").

---

2. Pursuant to 18 U.S.C. § 3584, a district court may order that a sentence run concurrent with a prior sentence.

7

Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence. The Court of Appeals for the Third Circuit in <u>Rios v. Wiley</u>, 201 F.3d 257, 274 (3d Cir. 2000), similarly recognized that a prisoner was only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus *ad prosequendum* "unless and until the first sovereign relinquishes jurisdiction over the prisoner."

A review of the instant record establishes that, not only did the state of New York maintain primary jurisdiction over the petitioner, having arrested him two months earlier than the federal agents, but they credited petitioner's state sentence for the period of time between January 23, 1992, when he was taken into federal custody pursuant to the writ of habeas corpus *ad prosequendam*, through September 17, 1995, when his state sentence expired. Accordingly, the BOP did not fail to follow a proper sentencing order, and was correct in calculating petitioner's federal sentence by denying him credit to his federal sentence for the period of time in question, (44 months), that was credited to his state sentence.

Alternatively, petitioner requests that this court "resentence [him] *nunc pro tunc*, in such a manner that he will receive the

8

benefits pursuant to U.S.S.G. 5G1.3(b)[3], and credit the time petitioner spent in state custody (16 months) on a related offense, as well as the forty-four (44) months petitioner spent in federal custody, a total of sixty (60) months credited toward his federal sentence". (Doc. No. 2, Memorandum of Law in Support of Petition).

Such a request, however, clearly challenges the federal sentence itself. To that end, a federal criminal defendant's conviction or sentence is only subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).

Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be

---

3. The version of §5G1.3 in effect at the time of the petitioner's sentencing on April 19, 1995 contains three subsections. See U.S.S.G. §5G1.3 (Nov. 1994). Section 5G1.3(a) applies when the new offense was committed while the defendant was serving a term of imprisonment and requires that any new period of imprisonment be consecutive to the preexisting one. Section 5G1.3(b) states that if subsection (a) does not apply and the undischarged term of imprisonment resulted from the offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment. The petitioner contends that subsection (b) is applicable to his situation.
   Although subsection (b) does not address time already served on the preexisting sentence, Application Note 2 provides that the defendant be credited for that time. It states, "When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. §5G1.3, cmt. n.2.

9

entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by <u>motion is inadequate or ineffective</u> to test the legality of his detention" (emphasis added). In his petition, Tucker does not indicate in any manner that a § 2255 motion would be inadequate or ineffective as required under <u>Galante</u>.

The petitioner states that he has filed a § 2255 motion with the sentencing court, and that his motion was denied. (Doc. No. 3, Exhibit T, copy of Memorandum and Order denying § 2255 motion). In fact, petitioner raised the identical issue of the District Court's failure to apply U.S.S.G. 5G1.3(b)in his motion pursuant to § 2255. <u>Id</u>. Thus, because the issue raised before this Court has already been decided by the sentencing court, this issue is tantamount to a successive petition and will be dismissed pursuant to 28 U.S.C. § 2244(a)[4].

Finally, petitioner argues that his due process rights were violated when federal authorities failed to return him to state custody. Petitioner claims that if had he been returned to state

---

4. In relevant part, section 2244(a)provides:

No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.

10

custody after his federal sentence was imposed, he would have likely been paroled by the State of New York and, in turn, his federal sentence could have commenced sooner. (Doc. No. 2, Memorandum of Law in Support of Petition).

"To state a due process violation, procedural or substantive, the petitioner must first show a deprivation of a constitutionally protected property or liberty interest. Ingraham v. Wright, 430 U.S. 651, 672 (1977). The Supreme Court has stated, however, that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). Indeed, other courts have rejected claims similar to the petitioner's on the grounds that no liberty interest is involved. Cruz v. Menifee, 2001 WL 55717, at *2 (S.D.N.Y. January 22, 2001)(dismissing inmate's claim that the delay in his return to a state facility deprived him of "valuable state programs for rehabilitation and early parole" and denied him due process); Luke v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995)(holding that the "loss of the opportunity to earn good-time credits, which might lead to earlier parole ... do[es] not create constitutionally protected liberty interests."); Stewart v. Davies, 954 F.2d 515 (8th Cir. 1992)("[T]he district court did not err in finding that [the petitioner] had no due process right to or liberty interest in participation of rehabilitative programs or in a possibility of parole."). Thus, Tucker has not alleged the

11

deprivation of a cognizable property or liberty interest necessary to sustain his claim. Tucker's petition is denied and an appropriate order is attached.

_____
YVETTE KANE
United States District Judge

Dated: 18 June, 2002