UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
    MOVANT,

-V-

MICHAEL ZENK,
    RESPONDENT

IN RE: DOC.NO. 1: CV-00-1780

(HON. YVETTE KANE)

FILED
HARRISBURG, PA
DEC 23 2002
MARY E. D'ANDREA, CLE
Per _____

## MOTION FOR RELIEF FROM JUDGEMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)(2) AND (3)

**Comes Now,** Ronald Tucker, (hereinafter "Movant") pro se, and respectfully moves before this Honorable Court seeking relief from Judgement that was entered in this Court on June 18, 2002, denying movant's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

This motion is made pursuant to Rule 60(b)(2) and (3) of the Fed.R.Civ.P, which state: "60(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons:

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;...the motion shall be made within a reasonable time ...not more than one year after the judgement, order, or proceeding was entered or taken."

## JURISDICTION

In habeas corpus causes, District Court has jurisdiction to consider motion for relief from judgements despite fact that cases were currently on appeal. Fed.Rules.Civ. Proc. Rule 60(b), 28 U.S.C.A. **Bozeman v. Lambert** 587 F.Supp. 1021 (1984)

## FACTS

On February 5, 1998, the Bureau of Prisons, to wit, Carol J. Coffey, Legal Instruments Examiner, L.I.E., removed one thousand three hundred thirty-two (1,332) days from movant's sentence computation. The BOP based the decision to remove this credit on the premise that movant was removed from state custody via writ of habeas corpus ad prosequendum, and because movant was "borrowed" from the state of New York and "merely on loan", he could not receive credit for the time in question. (January 23, 1992 through September 17, 1995)[1]  Movant exhausted his administrative remedies in an effort to reinstate this jail credit to which same was denied at all levels. Movant thereafter petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. §2241; Civil Dock. No. 1:CV-00-1780. Movant sought,

---

[1] The Bureau of Prisons have since credited movant's sentence with a total of seven (7) months. So the time in question is now from January 23, 1992 through April 18, 1995

inter alia, the reinstatement of the 1,332 days that were removed from his sentence computation on February 5, 1998. The BOP has continuously maintained that the reason for this removal of credit was because "Records Office Staff at F.C.I. Allenwood discovered that [movant] had been removed from the state of New York pursuant to a federal writ." On March 2, 2001, Respondents responded to movant's petition, and on April 12, 2001, movant filed his traverse.

On May 6, 2002, movant filed a petition for writ of mandamus to the Third Circuit Court of Appeals requesting the Court to "issue an order directing this Court to decide his case forthwith." (Appeal No. 02-2473) On June 18, 2002, movant's petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 was denied by this Court. On June 24, 2002, movant filed a timely notice of appeal. On September 18, 2002, movant's petition for writ of mandamus (Appeal No. 02-2473) was denied as moot. On October 24, 2002, movant discovered evidence that gives rise to the instant motion. On November 4, 2002, movant received a briefing schedule from the Third Circuit Court of Appeals stating: "It is ordered that the brief and appendix for the Appellant shall be filed and served on or before 12/10/02;"

Movant filed his brief to the Third Circuit on December 2, 2002. Movant thereafter filed a motion for Stay in the Third Circuit whereby he can present this newly discovered evidence before this court.

## PRELIMINARY STATEMENT

This motion concerns the discovery of new evidence, pertaining to the Bureau of Prisons not being in possession of a writ of habeas corpus ad prosequendum, and includes evidence of fraud perpetrated upon this court which occurred during the time movant's 28 U.S.C. §2241 petition was pending. The fraud influenced this Court in reaching a conclusion in movant's §2241 petition, whereby absent the fraud, this Court would have ruled otherwise.

## NEWLY DISCOVERED EVIDENCE

On October 24, 2002, Movant discovered that the Bureau of Prisons do not have, nor did they ever have a writ of habeas corpus ad prosequendum. [See Exh. A] The Bureau of Prisons knew that they were not in possession of this writ of habeas corpus ad prosequendum. This evidence, of a writ of habeas corpus ad prosequendum not being in the possession of the Bureau of Prisons was never revealed to movant prior to October 24, 2002, and was not unveiled to this Court during the pendency of movant's §2241 habeas corpus petition. Movant has painstakingly and diligently attempted to obtain a copy of this "writ" from the Records Office at F.C.I. Allenwood and his Unit Team, ie. Unit Manager, Ms. Hattie Pearl Sims and Case Manager, Mr. Kevin Dewey. Movant was sent on a "wild goose chase" that produced nothing. Movant, prior to October 24, 2002, never had any reason to believe that a writ of habeas corpus ad prosequendum did not exist in his files, and all of movant's arguments, petitions, requests, etc., were made as if a writ existed.

(5)

Movant has requested to obtain a copy of the writ of habeas corpus ad prosequendum from numerous State and Federal Agencies via the Freedom of Information Act. While some of these Freedom of Information Requests are still pending, movant has yet to receive any information from any of these agencies (ie. United States Marshal Service, Executive Office of United States Attorneys, New York State Department of Corrections, Clerk's Office Eastern District of New York, etc.) that such a writ exists.

This evidence of "no writ being in the possession of the Bureau of Prisons (BOP)" was not only admissible and credible to movant's §2241 petition, but was of such material and controlling nature, that if movant was aware that the BOP was not in possession of a "writ", he would have most certainly argued this fact in his petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. If movant were to have known that no writ existed in the files of the BOP, his argument would have been completely different. Instead, movant was duped by the BOP, to wit, his Unit Team and the Records Office Staff, into believing, for the past approximately five (5) years that not only did a writ exist in his files, but movant could not obtain a copy of said writ because it was F.O.I. Exempt. [See Exh D ]

If this Court was made aware of the fact that there was a possibility that movant was not taken from state custody (the work release program) on January 23, 1992, pursuant to a writ of habeas corpus ad prosequendum, then this Court could have ordered the BOP to produce the writ, and if no writ existed, this Court would have properly known that movant was not "borrowed"

or "on loan", and the respondent's argument of movant being removed from state prison pursuant to a writ of habeas corpus ad prosequendum, would have been fruitless, and this ensconced information of "no writ existing" would have changed the outcome of movant's §2241 petition.

## FRAUD

On February 16, 2001, Mr. A. Farley, Assistant Inmate Systems Manager at F.C.I. Allenwood, stated in a sworn declaration to this Court that:

> "On January 23, 1992, the Petitioner was removed from state custody pursuant to a writ of habeas corpus ad prosequendam [sic] to answer federal charges which had been filed against him. The federal authorities therefore assumed secondary custody over the Petitioner." [See Doc.No.13, Declaration of A. Farley ¶6]

Mr. Farley made this statement to the Court, fully aware that he, nor any of the Records Office Staff were in possession of a writ of habeas corpus ad prosequendum. Mr Farley further stated in his sworn declaration that:

> "Records staff at F.C.I. Allenwood discovered that the Petitioner had been removed from the State of New York pursuant to a federal writ which meant that although the petitioner was incarcerated in a federal institution, the state had maintained primary custody over the Petitioner." [Declaration of A. Farley ¶10] (emphasis added)

It is the responsibility of Mr. Farley to "maintain the accuracy of inmate records, Judgement and Commitment files, and sentence computations."[Declaration of A. Farley ¶2] Bureau of Prisons Program Statement §5800.13, Inmate Systems Management Manual states:

Chapter 7, page 12, ¶717 <u>Federal Writs and Requests for Production</u>

> "Federal Writs of Habeas Corpus and Requests for Production are issued by the court and U.S. Attorneys. The Purpose is to bring confined individuals to court for hearings on issues concerning the legality or conditions of confinement, modification of a sentence, <u>new prosecution</u>, or as a witness to give testimony." (emphasis added) "....ISM Staff must contact the issuing court or U.S. Attorney to verify the authenticity of the writ or production request. The verification will be noted <u>on the document itself</u> and will include the date and signature of the staff member making the verification and the name of the court official providing the verification." (emphasis mine)

If it is in fact true that "Records staff at F.C.I. Allenwood discovered that [movant] had been removed from the State of New York pursuant to a federal writ", then surely, when this "discovery" was made, ISM Staff should have verified the authenticity of this "writ" by acknowledging on the document (writ of habeas corpus ad prosequendum) itself, by including the date, signature of the staff member making the verification, and the court official providing the verification.

Of course, movant now is absolutely certain that no verification was "noted on the document itself", because the BOP does not possess, or ever possessed this document. [<u>See</u> Exh.<u>A&B</u>]

Mr. Farley and the Records Office Staff knew that they were not in possession of this "writ", however, Mr. Farley and others has impressed upon movant, and this Court that such a writ existed. No one in the Records Office ever verified that a writ did indeed exist. This was nothing short of patently misleading information; as Mr. Farley and others knowingly concealed a fact, the fact being they (the BOP) do not possess

a writ, and never verified with the Court or Prosecutor that such a writ does in fact exists.

This is not a case where Mr. Farley mentioned the truth very quickly, and then went on to more important matters. Mr. Farley, in his declaration to the court, intended to deceive this court by omitting this fact that no writ was verified. In fact, In Mr. Farley's declaration at ¶11 it states:

> "Records staff verified with officials from the State of new York [sic] that the Petitioner had in fact received credit for this period of time (January 23, 1992, through September 17, 1995) towards his previously imposed state sentence..."

This Court, ultimately relied heavily on the misrepresentations of Mr. Farley to deny movant's §2241 petition. This Court, on at least five (5) occassions, in its Memorandum denying [movant's] petition for writ of habeas corpus, referred to movant being removed from state custody pursuant to a writ of habeas corpus ad prosequendum. This Court Stated on page 3 of its Memorandum:

> "Subsequently, staff at FCI-Allenwood discovered that the petitioner had been removed from the state of New York pursuant to a federal writ. (Doc. No. 13, Exhibit 1, Affidavit of A. Farley, Assistant Inmate Systems Manager, FCI-Allenwood, ¶ 10).  ....The Records staff verified that New York had credited the petitioner's state sentence for the period of time between January 23, 1992, <u>when he had been taken into federal custody pursuant to the writ of habeas corpus ad prosequendum</u>, through September 17, 1995, when petitioner's state sentence expired."

Mr. Farley handed to this Court faulty bricks, by which this Court built a faulty house. A house built with faulty bricks simply cannot stand. Mr. Farley concealed a material fact, by not telling movant and this Court that he nor the Records

(9)

Office were not in possession of a writ and thereby could not verify the authenticity of said writ. Had the Court been made aware of this consequential fact, the Court could have inquired as to what authority the federal agents used as a basis to remove movant from Fulton Correctional Facility (work release) on January 23, 1992.

Because of the fact that Mr. Farley and other staff members at F.C.I. Allenwood concealed the fact that they were not in possession of this "writ", and because movant has diligently attempted to obtain a copy of said writ via the Bureau of Prisons, and other Department of Justice and State Agencies, with no success as of the date of this writing, Movant vehemently contends that no such writ ever existed and that it is possible that the United States Marshal Service "removed" movant from the state work release facility pursuant to an "arrest warrant", and movant was not "borrowed" or "on loan", but instead, New York State relinquished custody of movant. Indeed on page 1 of movant's Presentence Report it says: "Detainer: New York State Department of Corrections" [See Exh._C_] Movant has requested a copy of said "detainer" and was told by BOP staff that there is no detainer in his records.

Allowing the Judgement to stand, based upon the misrepresentations of Mr. Farley would work a grave miscarriage of justice. Whether outright lying, or quiet omission, both take the risk of being discovered. It is the responsibility of Mr. Farley to "maintain[ ] the accuracy of inmate records, Judgement & Commitment files, and sentence computations." When Records

(10)

staff "discovered" that [movant] was removed from the state of New York pursuant to a federal writ, Mr. Farley should have maintained the accuracy of said writ by authenticating said document, before allowing the removal of over thirteen hundred (1300) days from movant's sentence computation.

Mr. Farley, nor any other Records staff can authenticate a document which they do not possess. Of course, this fact was hidden from movant and this Honorable Court. Mr. Farley, in his declaration to this Court on February 16, 2001, knowingly concealed a material fact, and thus committed fraud.

## CONCLUSION

Wherefore movant prays that this Honorable Court will grant Relief from Judgement that was entered in this Court on June 18, 2002, and movant respectfully requests a hearing to determine by what authority federal agents removed him from the state work release program on January 23, 1992.

Respectfully Submitted,

*Ronald Tucker*
Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887

Dated: December 19, 2002

## CERTIFICATE OF SERVICE

I certify that on December _19_, 2002, I mailed a copy of this Motion for Relief from Judgement and accompanying Memorandum of Law, along with attachments, via first class mail to the following parties at the addresses listed below:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

KATE L. MERSHIMER
U.S. ATTORNEYS OFFICE
ROOM 217, FEDERAL BUILDING
228 WALNUT STREET HARRISBURG, PA
17108

I certify that these documents were given to prison officials on December _19_, 2002 for forwarding to the addresses listed above. I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

/s/ _Ronald Duckes_

Dated: December _19_, 2002

RONALD TUCKER 39032-053
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887
UNIT #3A

LEGAL MAIL

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

_____
DATE

DEC 20 2002

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

CERTIFIED MAIL

7000 0090 0200 1170 4254

TO: OFFICE OF THE CLERK FOR
THE HONORABLE YVETTE KANE
UNITED STATES DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

RETURN RECEIPT REQUESTED

FILED
HARRISBURG, PA
DEC 23 2002
MARY E. D'ANDREA, CLERK
Per _____

LEGAL MAIL

LEGAL MAIL