**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,  :
    MOVANT,  :
                           :
                           :
    -V-                 :  IN RE:  DOC.NO. 1: CV-00-1780
                           :  (HON. YVETTE KANE)
MICHAEL ZENK,  :
    RESPONDENT.  :

FILED
...BURG, PA
DEC 23 2002
...DREA, CLERK

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION FOR
RELIEF FROM JUDGEMENT PURSUANT TO FED.R.CIV.P. 60(b)(2) AND (3)**

**Comes Now,** Ronald Tucker, (hereinafter "movant") pro se, and duteously submits this Memorandum of Law in support of his motion pursuant to Federal Rules of Civil Procedure 60(b)(2) and(3). Movant is proceeding pro se and is not adept at the formalities of law, and for this reason calls upon the indulgence of this Honorable Court to not measure this pleading against the criteria and standards this Court would apply to a professional lawyer. **Zilich v. lucht, 981 F.2d 694, 694 (3rd Cir. 1992)** ("when ...plaintiff is a pro se litigant, we have a special obligation to construe his complaint liberally.")

TABLE OF AUTHORITIES

**CASES**                         **PAGE#**

American Cetacean Society v. Smart, 673 F.Supp. 1102 (D.D.C. 1987) .................................

Colunga v. Young, 722 F.Supp. 1479 (W.D. Mich. 1989) .....

Gleason v. Jandrucko, 860 F.2d 556 (2nd Cir. 1988) .......

Petition of Devlas, D.C.N.Y. 1962, 31 F.R.D. 130 .........

Rozier v. Ford Motor Co., 573 F.2d 1332 (C.A. Ga 1978) ...

Saenz v. Kennedy, 178 F.2d 417 (5th Cir. 1949) ..........

Transaero, Inc. v. La Fuerza Area Bolivia, 24 F.3d 457 (2nd Cir. 1994) ......................................

United States ex rel Bradshaw v. Alldredge, 432 F.2d 1248 (3rd Cir. 1970) ....................................

Ursini v. Menninger Foundation, 384 F.Supp. 158 (D.C. Cal 1974) ..............................................

Valmont Industries Inc. v. Enresco Inc., 446 F.2d 1193 (C.A. Colo 1971) ......................................

Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002) ........

Werner v. Werner, 267 F.3d 288 (3rd Cir. 2001) ..........

Zilich v. Lucht, 981 F.2d 694 (3rd Cir. 1992) ............

**RULES**

Federal Rules of Civil Procedure 60(b)(2) ................

Federal Rules of Civil Procedure 60(b)(3) ................

**BUREAU OF PRISONS PROGRAM STATEMENTS**

§5800.13 .................................................

§5880.28 .................................................

Federal Rules of Civil Procedure 60(b) states in relevant part:

### Rule 60. Relief From Judgement or Order

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgement, order, or proceeding for the following reasons:

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
...The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgement, order, or proceeding was entered or taken.

Movant's case is currently on appeal, (Appeal No. 02-2825) and movant has requested a stay in the Court of Appeals whereby he can present this new evidence to this Court. **Werner v. Werner, 267 F.3d 288, 302 (3rd Cir. 2001)** "If a party discovers new evidence after judgement is entered, the appropriate procedure for that party is to request a stay from us, and move in the District Court for relief from its judgement under FED. R. CIV. P. 60(b).

### JURISDICTION

The District Court has jurisdiction to hear this motion as the Judgement of the District Court was rendered on June 18, 2002. It has been less than one year since judgement was rendered in this case. **United States ex rel. Bradshaw v. Alldredge, 432 F.2d 1248, 1250 (3rd Cir. 1970)** "It is, of course, black letter law the United States Court of Appeals may not consider

(1)

material or purported evidence which was not brought upon the record in the trial court."

## NEWLY DISCOVERED EVIDENCE 60(b)(2)

"To obtain relief from judgement pursuant to Rule 60(b)(2) on the basis of newly discovered evidence, the moving party must show that evidence was in existence at time of trial, that evidence was not in possession of moving party before judgement was rendered, that evidence was not and could not have been discovered by exercise of reasonable diligence, that evidence was admiissible and credible, and that it was of such material and controlling nature that it would probably change the outcome of previous suit." **American Cetacean Society v. Smart, 673 F.Supp. 1102 (D.D.C. 1987)**

**Colunga v. Young, 722 F.Supp. 1479 (W.D. Mich. 1989)** "The standards governing review of a Rule 60(b)(2) motion mirror those applied to motions under Rule 59 for new trial based upon newly discovered evidence." **Valmont Industries Inc. v. Enresco, Inc., C.A.Colo 1971, 446 F.2d 1193** "To obtain relief from final judgement on ground of newly discovered evidence, there must be showing that failure to discover the new evidence during or preceding trial was not due to lack of due diligence."

Since January 1998, movant was led to believe, by the Bureau of Prisons, that he was removed from state custody pursuant to a writ of habeas corpus ad prosequendum, and movant had no reason to believe otherwise. Although movant arrived at FCI-Allenwood on June 8, 1995, (Declaration of A.Farley @ ¶9, Doc. No. 13) Mr. Farley failed to mention that this

(2)

information of an alleged federal "writ" wasn't "discovered" until nearly three (3) years later, and the Bureau of Prisons removed the 1,332 days in question, thirty-four (34) months after movant had been sentenced and serving his time.

The Bureau of Prisons, FCI-Allenwood Records Office staff, Unit Team, etc., maintains the accuracy of movant's records and were always aware that there was no writ of habeas corpus ad prosequendum in movant's Judgement & Commitment files. Movant has been in federal custody since January 23, 1992, and has been at Allenwood since June 8, 1995. [See Exh. C ] All disclosable portions and Freedom of Information Exempt files are in possession of movant's Unit Team and the Records Office. Movant filed his petition for writ of habeas corpus in October 2000, [Doc. No. 1] and this petition was denied on June 18, 2002. During this twenty (20) month time period movant was repeatedly told that he was removed from state custody pursuant to a writ of habeas corpus ad prosequendum.

**Ursini v. Menninger Foundation, 384 F.Supp 158 D.C. Cal.1974** "New evidence can be grounds for a new trial or for reconsideration on rehearing only if moving party has been excusably ignorant of facts, despite due diligence to learn about them.

On October 24, 2002, after nearly five (5) years of being told by Records Office staff, Unit Team, etc., that [movant] was removed from state custody pursuant to a federal writ of habeas corpus ad prosequendum, It was revealed to movant for the first time, by Ms. Carol J. Coffey, Legal

(3)

Instruments Examiner, that "We do not have this document [writ of habeas corpus ad prosequendum] in your J&C file." [Please See Exhibits. A and B] Movant is exusably ignorant to the fact that there was and is no writ of habeas corpus ad prosequendum in his J&C file, as movant was duped into believing that not only did the writ exist, but movant could not receive a copy of said writ because it was "F.O.I. Exempt" [See Exh. D and "Affidavit of Ronald Tucker in Support of his Motion for Relief from Judgement..." @¶ 15]

Movant has exhausted his administrative remedies on several occassions and was always told that he was "removed from state custody pursuant to a writ of habeas corpus ad prosequendum." See Administrative Remedy Response dated March 11, 1998 from Warden Jake Mendez, Remedy I.D.#153406-F1 stating:

> "On January 23, 1992, the U.S. Marshal Service assumed custody pursuant to a federal writ ad prosequendum ...you are not eligible to receive any credit toward your federal sentence for time spent while on a federal writ. We are precluded from awarding you further credit for the time spent while on writ from the state of New York. ...You were inadvertently designated to a federal facility while on writ form [sic] the state of New York."

See also, Regional Administrative Remedy Appeal Response from Regional Director dated May 14, 1998, stating:

> "On January 23, 1992, while in service of your state sentence, the United States Marshal, removed you from the State of New York via a Federal Writ of Habeas Corpus Ad Prosequendum to answer federal charges ...upon an investigation conducted by staff at FCI Allenwood, it was determined that the [sic] you were still a state prisoner who had been removed from the State of New York via a federal writ."

(4)

In response to an "Inmate Request to Staff Member" dated June 19, 2001, Ms. Coffey, L.I.E. stated:

> "You were borrowed from New York Department of Corrections via a writ of Habeas Corpus Ad Prosequendum on 01-23-92."

See also, Response to Request for Administrative Remedy by Warden Michael Zenk, dated August 22, 2001, Remedy I.D.#245947-F1 stating:

> "At the time of federal sentencing, you were serving a sentence with the state of New York. The United States Marshal Service removed you from their custody via a federal writ. You were detained and never returned to the state of New York to complete the state sentence."

See also "Response to Central Office Administrative Remedy" Appeal by Harrell Watts, Administrator National Inmate Appeals dated February 2, 2002, I.D.#245947-A1 stating:

> "Although you reached your eligibility for conditional release while in custody pursuant to a federal writ of habeas corpus ad prosequendum, you were not "released" from your state sentence until September 17, 1995."

See also, "Response to Regional Administrative Remedy Appeal" No. 254353-R1, dated January 23, 1992, by Mickey Ray, Regional Director stating:

> "On January 23, 1992 you were "borrowed" from state custody pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum."

On April 8, 2002, prior to the judgement that was rendered in this case on June 18, 2002, movant wrote a letter to the "Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201, stating inter alia;

> "I would like to obtain a copy of the writ that was used to remove me from state custody."

(5)

Movant never received a response from the clerk of the court, however movant had his family members to get in contact with the clerk and arrange a meeting whereby they could go through the voluminous files of movant's criminal case papers. Movant's family members searched the files but were not able to find a copy of the writ.

On April 9, 2002, movant wrote a letter to the "United States Department of Justice, United States Marshal Service" stating inter alia;

> "...On January 23, 1992, I was removed from Fulton Correctional Facility, (Bronx, New York) by U.S. Marshals via writ of habeas corpus ad prosequendum, to answer to federal charges, Docket No. 92-CR-91. I would respectfully request, specifically, a copy of said writ that was used to remove my person from state custody."

The Marshal Service sent movant a "tracking form" and withheld one document. This request from the Marshal Service is currently pending appeal.

On October 24, 2002, movant wrote a letter to Fulton Correctional Facility, Records Department, Ms. Duarte, and requested records pursuant to New York's Freedom of Information Law, specifically requesting movant's Temporary Release and Parole Records "especially the writ of habeas corpus ad prosequendum that was used to remove my person from Fulton on January 23, 1992." Ms. Duarte responded to this request in a letter dated December 2, 2002, indicating that "no information is available in your records" [pertaining to the writ of habeas corpus ad prosequendum. Movant is currently awaiting thirty-one (31) pages of records relating to this request. Movant has exercised

(6)

due diligence in attempting to get a copy of the writ of habeas corpus ad prosequendum. All letters and requests in regards to this "writ" can be submitted to the court upon request, however movant has not submitted these letters/requests as they are voluminous and movant does not want to inundate the court with these papers unless of course, he is ordered to do so.

The evidence of "no writ existing in [movant's] J&C file is of such a controlling and material nature that it would change the outcome of movant's §2241 habeas corpus petition if it is determined that no writ exists. In **Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002)** The appellees contended in their brief that Mr. Weekes was in federal custody pursuant to a federal writ of habeas corpus ad prosequendum but when ordered to produce the writ, appellees conceded that none exist. Id.1179 Mr. Weekes contended, [as does now movant] that no writ of habeas corpus ad prosequendum ever existed.

In **Weekes**, (supra) "[t]he record demonstrate[d] that Idaho indeed relinquished primary custody of Mr. Weekes to the United States. Idaho allowed the United States to take exclusive physical custody of Mr. Weekes without presenting either a written request for temporary custody or a writ of habeas corpus ad prosequendum. When we asked appellee to produce the documents on which the United States based its authority to take custody of Mr. Weekes ...appellee produced only a warrant for arrest and the indictment. It is presumed therefore that both the United States and Idaho agreed to a permanent

(7)

change of custody. See P.P.S 5880.28(b) (defining exclusive custody as custody obtained without a writ of habeas corpus ad prosequendum.)"

In the instant case, the argument is tantamount to **Weekes**. (supra) The Bureau of Prisons, to wit, FCI-Allenwood staff has continuously proffered to movant and to this Court that he was removed from state custody pursuant to a writ of habeas corpus ad prosequendum. As of this writing, all efforts to obtain a copy of said writ have produced no writ. The BOP has conceded, albeit belatedly, that they are not in possession of this writ. Efforts to obtain this writ via the Clerk of the Courts, have been unsuccesful. Efforts made to obtain said writ from the United States Marshal Service, have produced no writ. Efforts made to obtain a copy of said writ from the State Institution where it was allegedly presented to state officials for the removal of movant's person has resulted in a response of "no information is available in your records."

## FRAUD 60(b)(3)

"One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence." Saenz v. Kennedy, 178 F.2d 417, 419 (5th Cir. 1949)

"A motion by a party to be relieved from a final judgement for fraud, misrepresentation or other cause, is equitable in nature and appeals to the conscience of the court, and such rule is to be liberally construed." **Petition of Devlas, D.C.N.Y. 1962, 31 F.R.D. 130.** "Although it is within the

(8)

discretion of the trial court whether to set aside judgement obtained through fraud, misrepresentation or other misconduct, this rule authorizing court to set aside judgement for such reasons is remedial and should be liberally construed." **Rozier v. Ford Motor Co., 573 F.2d 1332 (C.A. Ga 1978)**

Mr. Farley and other Bureau of Prisons staff absolutely knew that they were not in possession of a writ of habeas corpus ad prosequendum, but invariably led both movant and this court to believe that such a writ did in fact exist. [See Declaration of A. Farley Doc. No. 13, @ ¶10] Mr. Farley stated:

> "Records staff at F.C.I. Allenwood discovered that the Petitioner had been removed from the State of New York pursuant to a federal writ, which meant that although the Petitioner was incarcerated in a federal institution, the state had maintained primary custody over the Petitioner."

Mr. Farley then went on to state in his declaration at ¶11 that:

> "Records staff verified with officials from the State of New York that the Petitioner had in fact received credit for this period of time (January 23, 1992 through September 17, 1995) towards his previously imposed sentence. Records staff then updated [by the removal of 1,332 days] the Petitioner's sentence computation to reflect that he was not entitled to credit for this period of time toward his federal sentence since it had already been credited against his state sentence."

At no time did Mr. Farley mention in his sworn declaration that he nor any other Records staff verify the authenticity of this "writ" that was "discovered" pursuant to Bureau of Prisons Program Statement §5800.13.  Mr. Farley also, conspicuously failed to mention in his sworn declaration that the BOP is not in possession of any writ.

(9)

These unambiguous ommissions of Mr. Farley were intentionally done in an effort to deceive this Court. **Gleason v. Jandrucko, 860 F.2d 556, 558-59 (2nd Cir. 1988)** "Fraud upon the court ...is ... fraud which seriously affects the integrity of the normal process of adjudication." **Transaero, Inc. v. La Fuerza Area Bolivia, 24 F.3d 457 (2nd Cir. 1994)** "It involves far more than an injury to an individual litigant "or" a case of a judgement obtained [simply] with the aid of a witness who, on the basis of after discovered evidence, is believed possibly to have been guilty of perjury. Id "The concept embraces "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication."

Mr. Farley's intent was to deceive. Mr. Farley could have simply stated in his declaration, for example: "While the BOP is not in possession of this writ, it was verified with [  ] that a writ does in fact exist...." By leaving out this material fact in this case, there was no way for the "judicial machinery" to perform its impartial task of adjudging movant's case that was presented for adjudication.

Movant was never made aware, prior to October 24, 2002, that the Bureau of Prisons do not have a writ. Additionally, this Court was never made aware that there was a possibility that no such writ exists or ever existed. The Bureau of Prisons had this pertinent information, the movant and this Court did not.

(10)

## CONCLUSION

Wherefore movant prays that he be Relieved from Judgement that was entered in this Court on June 18, 2002, and whatever other relief this Court deems just.

Respectfully Submitted,

*Ronald Tucker*
Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, Pa 17887

Dated: December __19__, 2002

(11)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE — FEDERAL BUREAU OF PRISONS

AWP

| TO: (Name and Title of Staff Member) | DATE: |
| --- | --- |
| Associate Warden Cerny | October 24, 2002 |
| FROM: | REGISTER NO.: |
| Ronald Tucker | 39039-053 |
| WORK ASSIGNMENT: | UNIT: |
| UNOP | 3A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I forwarded an "inmate request to staff" to Mr. Williams on the 15th. I still have yet to receive a response. The request to Mr. Williams pertained to me receiving a copy of the Writ of Habeas Corpus Ad Prosequendum that was used to remove my person from state custody on January 23, 1992.

I am respectfully asking for your assistance in obtaining a copy of said writ.

Thank You,
R. Tucker

(Do not write below this line)

DISPOSITION:

OCT 28 2002

As we discussed at open house we do not have this document in your J&C f/b.

| Signature Staff Member | Date |
| --- | --- |
| Ms. Coffey | 10-28-02 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

EXHIBIT A

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                     FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Carell J Coffey ITE | October 28, 2002 |
| FROM: Ronald Tucker | REGISTER NO.: 39039-053 |
| WORK ASSIGNMENT: UNICO | UNIT: 3A |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

In regards to our conversation on Thursday at "Open House" in which you told me to get a copy of the writ of habeas corpus ad prosequendum from my Unit Team, or I have my Unit Team tell you to give me a copy of it, and then for you to later tell me that you do not have a copy of it and never did.

I would like acknowledgement from you that you do not have a copy of the writ of habeas corpus ad prosequendum, and have never had a copy of said writ in my file.

(Do not write below this line)

DISPOSITION:

You were standing in the Records Office when I looked for the writ in your J+C file.

| Signature Staff Member | Date |
|---|---|
| Carell Coffey | 10-30-02 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

EXHIBIT B

*jud, 6/21/94*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs | ) | PRESENTENCE INVESTIGATION REPORT |
| | ) | |
| RONALD EDWARD TUCKER | ) | DOCKET NO. 92-CR-91 (S-1)-09 |

Prepared for:  THE HONORABLE RAYMOND J. DEARIE
 U. S. District Judge

Prepared by:  MADELINE HART
 Senior U. S. Probation Officer

Assistant U. S. Attorney
Leslie Caldwell, Esq.

Defense Counsel
Joel Walters, Esq.
67 Atlantic Avenue
Brooklyn, NY  11201
(718) 237-2900

Sentence Date: August 10, 1994 @ 9:30 a.m.

Offense: Ct. 1: 18 USC 1962 RICO:  TRAFFICKING IN NARCOTICS, a
 Class A Felony.
 Ct. 2: 21 USC 846(a)(1):  CONSPIRACY TO DISTRIBUTE
 COCAINE BASE, a Class A Felony.
 Ct. 9: 21 USC 841(b)(1)(A):  DISTRIBUTION OF COCAINE
 BASE, a Class A Felony.

Arrest Date:  January 23, 1992

Release Status:  In custody since date of arrest.

Detainers:  New York State Department of Corrections

Other Defendants:  See page 2

Date Report Prepared:  June 15, 1994

EXHIBIT C

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Tucker, Ronald    E            39032-053           3A          F.C.I. Allenwood
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.         UNIT         INSTITUTION

Part A- INMATE REQUEST  On April 15, 2002, at approximately 7:10pm-8:10pm, I reviewed my Central File in the presence of Mr. Dewey, Case Manager Unit 3A. I explained to Mr. Dewey in detail of my pending court case and the specific documents that I was looking for. I reviewed and tagged numerous documents dealing with issues that would be relevant to my case, as well as other documents that I did not have in my possession. Prior to me reviewing my file, Mr. Dewey had removed all of the F.O.I.A. Exempt documents from my file. I placed stickers (given to me by Mr. Dewey) on approximately forty(40) documents that I wanted copied from my file.
   On April 19, 2002, I still had not received any of the papers that I requested. I asked Mr. Dewey when I would be able to be provided with these documents, and he replied: "You can't have all those papers you asked for." When I asked him "why not?" He stated that he had "talked to someone in the [unintelligible] department " and that I couldn't have certain papers.
   I then asked Mr. Dewey "Why did you say that I could have a copy of anything that was disclosable in my file?" Mr.Dewey stated, "Well, I was wrong."
   I brought this problem to the attention of Ms. Sims, Unit Manager Unit 3, via "Inmate Request to Staff Member" dated April 19,2002. (Cont'd on p.2)

MAY 12, 2002                                              Ronald Tucker
DATE                                                      SIGNATURE OF REQUESTER

Part B- RESPONSE




_____                                    _____
      DATE                                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

                                                    CASE NUMBER: 268624-F1

Part C- RECEIPT
Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.       UNIT         INSTITUTION

SUBJECT: _____

5/23/02
DATE                                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

### REQUEST FOR ADMINISTRATIVE REMEDY    PAGE 2

I had several conversations with Ms. Sims regarding my not receiving said documents from my Central File. Ms. Sims stated that [she] would help me and see what [she] could do, although Mr. Dewey was out of the institution.[the week of the 22nd]

On April 24, 2002, I received four(4) documents from my Central File along with a note attached from Mr. Dewey which read, " I suggest you file under FOI Central Office for anything else in your file." None of these four documents I received from Mr. Dewey had anything to do with my pending legal matters. ( I received these documents at mail call. )

On April 26,2002, I again had a conversation with Ms. Sims, and she stated to me that [she] would get Mr. Dewey and [myself] together on Monday [the 29th]to "get to the bottom of this." She stated that "Hattie Sims' name will not be on any lawsuits." Ms. Sims also stated that she had "called Records and the Legal Department and was told to wait until Mr. Dewey returned before giving me anything." Ms. Sims said she had "looked in my file personally and all the stickers were removed.

On Monday, April 29, 2002, I again had a conversation with Ms.Sims. She stated to me that she "was defending Mr. Dewey in his decision to not give me certain documents in my file that he was not comfortable with giving me." Ms. Sims also stated that"[my] file was in the Legal Department" and "they [were] going over it to see what documents I can and cannot have." Ms. Sims then started to become loud and boisterous. I then asked her for a written response to the 'cop-out' " I gave [her] last week." Ms. Sims said [she] would get it to me.

On May 1,2002, I initiated an "Informal Resolution Attempt", on this same day I received a response from my "Inmate Request to Staff Member" addressed to Ms. Sims, dated April 19,2002. In her response, Ms. Sims suggested that I "be specific in which documents you are requesting", "get with your Case Manager to set up a time to review your central file", and "tag the disclosable documents you need copied".  In short, Ms. Sims has told me to do all of the things that I have already done. Case Manager Dewey, and Unit Manager Sims' refusal to provide me with the documents that I requested, were done in an effort to impede upon and delay my being able to adequately prepare for my legal contests. Indeed, Mr. Dewey has been made aware of my plight for some time now.

Once again, I am requesting from my central file, pursuant to C.F.R. §513.40, any and all documents pertaining to my release date being April 4,2004 which was prior to February 5,1998. Including but not limited to my "Initial Progress Report", A copy of the detainer that was lodged against me by the New York State Department of Corrections, any and all "Custody Classification Data" prior to February 5,1998, "Sentence Monitoring Computation" and "Good Time Data" prior to February 5,1998, "Initial Classification Data" as of June 1995 The writ of habeas corpus ad prosequendum used to remove my person from state custody, my present "Data" for all of the above. If I am not allowed any of the above documents I would like to be provided with a "general description" of the information so that I may file a FOIA request. On May 3, 2002, I again review my file, this time in the presence of Ms. Sims, however numerous documents were missi that were previously tagged when I reviewed my file with Mr. Dewey.

Dated: May /2, 2002                                    /s/ Ronald Tucker

                                                       Ronald Tucker 39032-053

EXHIBIT D-2

# REQUEST FOR ADMINISTRATIVE REMEDY

TUCKER, Ronald
Reg. No.: 39032-053
Remedy ID: 268624-F1

**RESPONSE:** This is in response to your Request for Administrative Remedy, receipted May 23, 2002, in which you request documents from your central file.

An investigation into this matter reveals that you have reviewed your central file on two occasions. As of this date, you have received the documents you requested from your central file. According to Program Statement 1351.04, Release of Information, an inmate may request documents which have been withheld from disclosure during the file review through the provisions of the Freedom of Information Act. You may request copies of the documents by filing a Freedom of Information request to the Office of the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, DC 20534.

Program Statement 1352.04 outlines the following procedures to request information under the Freedom of Information Act. The inmate shall clearly mark on the face of the letter and on the envelope "Freedom of Information Act Request" and shall clearly describe the records sought including the approximate dates covered by the records. An inmate making such a request must provide his or her full name, current address, and date and place of birth. You are encouraged to provide your federal register number to assist in properly identifying requested records. Your unit team has assisted you in your efforts to obtain documents you requested.

Your request for relief is granted in part with the provision of the procedural information detailed above. Your request is denied with the regard to your request for FOIA Exempt documents for which you must follow the above procedures.

June 18, 2002                             S. A. Yates, Warden

EXHIBIT D-2