


● ORIGINAL ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD TUCKER,<br>　　　　Petitioner<br><br>　　　　v.<br><br>MICHAEL ZENK, Warden, Allenwood<br>Federal Correctional Institution,<br>BUREAU OF PRISONS; U.S. ATTORNEY<br>GENERAL; U.S. MARSHAL SERVICE,<br>　　　　Respondents | No. 1:CV-00-1780<br><br>(Judge Kane)<br><br>FILED<br>HARRISBURG, PA<br><br>JAN 0 6 2003<br><br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

### RESPONDENTS' BRIEF IN OPPOSITION TO TUCKER'S RULE 60(b) MOTION

Previously, Ronald Tucker, a federal prisoner, had filed a habeas petition pursuant to 28 U.S.C. §2241 to challenge the Bureau of Prisons' calculation of his federal sentence and the denial of credit that he believed he was entitled to receive. Tucker claimed, in part, that his federal sentence should be credited with the time he had spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, which time had already been credited to his state sentence.

In response to this part of Tucker's habeas petition, the BOP explained that Tucker could not receive double credit on his federal sentence for this period of time. In a June 18, 2002 Memorandum and Order, this Court agreed and denied Tucker's habeas petition. Tucker has appealed the Court's decision to the Third Circuit and the appeal is presently pending at C.A. No. 02-2825.

Tucker has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) and (3). Tucker claims that: (1) he asked BOP officials for a copy

of the writ of habeas corpus *ad prosequendum*; and (2) he was told that the BOP does not have a copy of the writ in Tucker's file. From this set of facts, Tucker claims that the writ *ad prosequendum* never existed, that a fraud has occurred on the Court, that this establishes that he was entitled to habeas relief, and that the Court should vacate its June 18, 2002 Order and grant his habeas petition.

The short, and only, response to this is that the fact that the BOP does not possess a hard copy of the writ *ad prosequendum* does not mean that the document does not exist nor that the BOP's calculation of Tucker's sentence was incorrect. As explained by the declaration of FCI Allenwood Inmate Systems Manager A. Farley, attached, writs of habeas corpus *ad prosequendum* are not documents that are contained within an inmate's file. Rather, the United States Marshal Service, which executes such writs, maintains those documents. Farley Decl., ¶5.

Thus, in determining a prisoner's status -- particularly in determining whether a prisoner's custody was pursuant to a writ of habeas corpus *ad prosequendum*, the BOP relies upon the Marshal Service's 129 Form. In this case, the Marshal Service's 129 Form for Tucker reflects that as of January 23, 1992, Tucker was in federal custody from a New York state correctional facility to the MCC New York pursuant to a "WHCAP," i.e., a writ of habeas corpus *ad prosequendum*. Id., ¶¶6-7.

2

Therefore, the fact that the BOP does not possess an actual copy of the writ issued as to Tucker but, rather, relied on the Marshal Service's 129 Form, does not reflect that a fraud was committed on the Court in the least.

Wherefore, this Court should deny Tucker's Rule 60(b) motion and certify that any appeal is frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

KATE L. MERSHIMER
Assistant United States Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

Date:  January 6, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER, :
    Petitioner : No. 1:CV-00-1780
:
v. : (Judge Kane)
:
MICHAEL ZENK, Warden, Allenwood :
Federal Correctional Institution, :
BUREAU OF PRISONS; U.S. ATTORNEY :
GENERAL; U.S. MARSHAL SERVICE, :
    Respondents :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 6th day of January, 2003, she served a copy of the attached

**RESPONDENTS' BRIEF IN OPPOSITION
TO TUCKER'S RULE 60(b) MOTION**

by placing said copies in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Ronald Tucker
Reg. No. 39032-053
FCI Allenwood
P.O. Box 2000
White Deer, PA  17887

_Kate Mershimer_
KATE L. MERSHIMER
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
  Petitioner    :  No. 1:CV-00-1780
           :
v.           :  (Judge Kane)
           :
MICHAEL ZENK, Warden, Allenwood :
Federal Correctional Institution,   :
BUREAU OF PRISONS; U.S. ATTORNEY :
GENERAL; U.S. MARSHAL SERVICE, :
  Respondents   :

## DECLARATION OF A. FARLEY

I, A. Farley, hereby declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), at the Allenwood Federal Correctional Institution (FCI) in Pennsylvania.

2. I have been an Inmate Systems Manager at FCI Allenwood since December 1999. Prior to that, since August 1997, I held the position of Inmate Systems Supervisor.

3. Included in my duties is the responsibility for maintaining the accuracy of inmate records, Judgment and Commitment files, and sentence computations.

4. I understand that petitioner, Ronald Tucker, believes that the BOP should possess a copy of the writ of habeas corpus *ad prosequendum* that was issued in 1992 that removed him from state custody and placed him in federal custody.

5. Writs of habeas corpus *ad prosequendum* are not documents that are contained within an inmate's file. Rather, the United States Marshal Service, which executes such writs, maintains those documents.

6. Rather, in determining a prisoner's status -- particularly in determining whether a prisoner's custody was pursuant to a writ of habeas corpus *ad prosequendum*, the BOP relies upon the Marshal Service's 129 Form.

7. In this case, the Marshal Service's 129 Form for Tucker reflects that as of January 23, 1992, Tucker was in federal custody from a New York state correctional facility to the MCC New York pursuant to a "WHCAP," i.e., a writ of habeas corpus *ad prosequendum*.

I declare that the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 6th day of January, 2003.

_____
A. FARLEY
Assistant Inmate Systems Manager
Federal Correctional Institution
Allenwood, Pennsylvania

2