ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
PETITIONER-MOVANT,

V. NO. 1:CV-00-1780

(JUDGE KANE)

MICHAEL ZENK,
RESPONDENT.

FILED
HARRISBURG

JAN 2 2 2003

MARY E. D'ANDREA, CLERK
Per DEPUTY CLERK

**TRAVERSE MOTION OPPOSING RESPONDENT'S RESPONSE TO MOVANT'S RULE 60(b) MOTION**

**COMES NOW**, Ronald Tucker, Petitioner-Movant, pro se (hereinafter "movant") and respectfully moves before this Honorable Court to traverse the Respondent's Brief in Opposition to movant's Rule 60(b) motion. The Respondent seeks to have this Court deny movant's Rule 60(b) motion and certify that any appeal is frivolous, lacking probable cause, and not taken in good faith. For the following reasons, movant's Rule 60(b) motion should be granted in toto.

Ronald Tucker
Reg.No. 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887
Unit #3A

Dated: January 14, 2003

In the Respondent's Opposition at page 2, the Respondent stated: "...the fact that the BOP does not possess a hard copy of the writ ad prosequendum does not mean that the document does not exist nor that the BOP's calculation of Tucker's sentence was incorrect." Movant is not suggesting that because the BOP does not have a copy of the writ that a writ does not exist. Movant is suggesting that because the BOP does not have a copy and because Fulton Correctional Facility does not have a copy, and because the United States Marshal Service has not provided movant with a copy, and because the Court that allegedly issued said writ does not have a copy, and because the BOP never verified, according to their own policy (5800.13) the authenticity of this alleged writ, and because movant has diligently and painstakingly sought to obtain a copy of this writ, with no success, and because the BOP now takes the position of "[r]egardless of the method the U.S. Marshal Service used to remove you from the custody of the State of New York..."

It is for these reasons that movant vehemently suggests to this Court that a writ of habeas corpus ad prosequendum was not used to remove my person from the Fulton Temporary Release Program (work release) on January 23, 1992. If no writ exists, then the calculation of movant's sentence is indeed incorrect, and the Records Staff should have never removed the one thousand, three hundred thirty-two days of credit from movant's sentence computation on February 5, 1998.

If indeed there is no writ, then what this means is that New York State officials relinquished primary custody to the federal authorities on January 23, 1992. See Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002)

> "Idaho allowed the United States to take exclusive physical custody of Mr. Weekes without presenting either a written request for temporary custody or a writ of habeas corpus ad prosequendum. When we asked appellee to produce the documents on which the United States based its authority to take custody of Mr. Weekes[ ], appellee produced only a warrant for arrest and the indictment. It is presumed therefore, that both the United States and Idaho agreed to a permanent change of custody. See P.P.S. 5880.28(b) **(defining exclusive custody as custody obtained without a writ of habeas corpus ad prosequendum)**" (emphasis added)

The Respondent further states: "As explained by the declaration of FCI Allenwood Inmate Systems Manager [sic] A. Farley, attached, writs of habeas corpus ad prosequendum are not documents that are contained within an inmates file. Rather, the United States Marshal Service, which executes such writs, maintains those documents. Farley Decl., ¶5."

Again, Mr.Farley has misrepresented to this Court, material facts. The above statement by Mr. Farley, simply is not true. The Inmate Systems Management Manual, Bureau of Prisons Policy Statement 5800.13, Chapter 7, page 12, ¶717 reads in pertinent part:

> "Federal Writs of Habeas Corpus and Request for Production are issued by the court and U.S. Attorneys. The purpose is to bring confined individuals to court for hearings on issues concerning the legality or conditions of confinement, modification of a sentence, new prosecution, or as a witness to give testimony.
> ...ISM Staff **must contact the issuing court or U.S.Attorney to verify the authenticity of the writ or production request. The verification will be noted on the document itself** and will

> include the date and signature of the staff member making the verification and the name of the court official providing the verification..." (emphasis mine)

If writs of habeas corpus ad prosequendum "are not documents that are contained within an inmates file", then how can an ISM Staff member verify the authenticity of said writ by "not[ing] on the document itself", and include the signature of the staff member making the verification etc.?

Furthermore, this policy statement makes no mention of, and the respondent has pointed to no authority which alludes to the theory that "in determining a prisoners status--particularly in determining whether a prisoner's custody was pursuant to a writ of habeas corpus ad prosequendum, the BOP relies upon the Marshal Service's 129 Form." [Respondent's Opposition @ p.2] The policy statement clearly states that "ISM Staff <u>must</u> contact the issuing court or U.S. Attorney to verify the authenticity of the writ..."; this fact cannot be understated.

If a writ exists, then surely it would be just a phone call away. It is the responsibility and duty of Mr. Farley to maintain the accuracy of inmate records, Judgement and Commitment files, and sentence computations.[Decl. of A. Farley @¶3] It is unclear why the Respondent did not submit the "129 Form"(which they relied on to remove 1,332 days of credit) with their response. The Respondent stated "The Marshal Service's 129 Form for Tucker reflects that as of January 23, 1992, Tucker was in federal custody from a New York state correctional facility to the MCC New York pursuant to a "WHCAP," i.e., a writ of habeas corpus ad prosequendum."

The fact that the Respondent would allude to the January 23, 1992 date on the 129 Form, and not mention the other information that was also on this form is disingenuous at best. For instance, the 129 Form shows an "admit date" and a "release date". [Please See Exhibit.E ] Although the admit date is January 23, 1992, the release date reflects May 18, 1994. What is the significance of these dates? Furthermore, this 129 Form is an "Individual Custody and Detention Report" This 129 Form is not a writ of habeas corpus ad prosequendum.

Movant has once again attempted to, administratively, have his 1,182 days reinstated, based upon the fact that no writ can be found; and after five (5) years of the BOP telling movant that he was "removed from state custody via a writ of habeas corpus ad prosequendum, the BOP now sings a different tune. The BOP no longer clings to the "writ" story, instead the BOP now states:

> "Regardless of the method the U.S. Marshals Service used to remove you from the custody of the State of New York, the fact remains that your state sentence did not stop running while you were physically in federal custody." [Please See Exhibit.F Request for Administrative Remedy and Response, I.D.#284713-F1]

The BOP is wrong. If in fact there is no writ of habeas corpus ad prosequendum, then the fact that movant's state sentence continued to run is of no consequence, as New York state relinquished primary custody on January 23, 1992. This would explain why, after the federal authorities took custody of movant, New York state authorities lodged a detainer with federal authorities. [See Exh. C]

If indeed a writ was used to remove movant from New York state custody, then there would have been no reason for New York state authorities to file a detainer, as the writ itself would have guaranteed movant's return to state custody.

Additionally, Ms. Carol J. Coffey, Legal Instruments Examiner at F.C.I. Allenwood has stated to movant that "there are no return dates on writs." [See Affidavit of Ronald Tucker @¶.15]. Movant has attached hereto a "sample writ" pursuant to Bureau of Prisons Policy Statement §5875.10 [See Exh.G @¶9] Although this form is a "request for transfer of an [federal] inmate for production on state writs", movant contends that a federal request for a state inmate would contain identical or similar language.

Finally, in the "Respondent's Opposition", Declaration of A. Farley, ¶4, Mr. Farley states:

> "I understand that Petitioner, Ronald Tucker <u>believes</u> that the BOP should possess a copy of the writ of habeas corpus ad prosequendum that was issued in 1992 that removed him from state custody and placed him in federal custody." (emphasis added)

Indeed, movant did believe that the BOP should possess a copy of the writ, as movant was told by BOP staff for approximately five (5) years that a writ existed, but he could not obtain a copy of said writ. Respondent (BOP) held fast to the writ "theory" until October 24, 2002, when it was revealed to movant for the first time that they (BOP) do not have this "writ" in their possession.

Movant no longer believes, as Mr. Farley has stated, "that the BOP should possess a copy of the writ"; for how can the BOP possess a document that never existed?

## CONCLUSION

Wherefore movant prays that this Honorable Court administer justice, and grant his request for Relief from Judgement from this Court's June 18, 2002 Order denying movant's request for habeas relief. Alternatively, this Court should issue an Order for the Respondent to produce the writ.

Respectfully Submitted,

Ronald Tucker

Ronald Tucker, Movant-Petitioner
Reg. No. 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887
Unit #3A

Dated: January 14, 2003

**CERTIFICATE OF SERVICE**

I certify that on January 14, 2003, I mailed a copy of this **"Traverse Motion Opposing Respondent's Response to Movant's Rule 60(b) Motion"**, along with attachments, via first class mail to the following parties at the addresses listed below:

OFFICE OF THE CLERK (JUDGE KANE)
UNITED STATES DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

KATE L. MERSHIMER ESQ.
ASSISTANT U.S. ATTORNEY
ROOM 217, FEDERAL BUILDING
228 WALNUT STREET
HARRISBURG, PA 17108

I certify that these documents were given to prison officials on January 14, 2003 for forwarding to the addresses listed above. I certify under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this 14th day of January, 2003.

/s/ Donald Tucker

Dated: January 14, 2003

7002 0510 0001 8776 9935

DATE: 09/22/2002 TIME: 14:41 PAGE:

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
EASTERN NEW YORK
DISTRICT: 53 OFFICE: DNY

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME: TUCKER RONALD EDWARD
USMS NUMBER: 39032053

I. IDENTIFICATION DATA:

USMS NBR: 39032053 NAME: TUCKER, RONALD EDWARD

ADDRESS: 32-20 RADCLIFF AVE BRONX, NY 10469 PHONE: 712-652-5129

DOB: 03/11/1369 AGE: 33 POB: QUEENS, NY SEX: M RACE: B HAIR: BLK EYE: BRO HEIGHT: 510 WEIGHT: 185

SSN: 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 FBI NBR: ALIEN NBR:

****SPECIAL HANDLING CODE: SPECIAL HANDLING REMARKS:
OTHER **CAUTION: FULL RESTRAINTS/ DES 49 FOR SEPS
OTHER TRIP NO PTN01288:LEWISBURG BUS 6/8/95

ACTIVE DETAINERS: DETAINER DATE AGENCY
NONE

PRISONERS ALIASES: ALIAS REMARKS:
NONE

GENERAL REMARKS:



II. CASE INFORMATION:

| CTR | STATUS | COURT CASE NUMBER | FEDERAL COURT CITY |
|---|---|---|---|
| 1 | RL-BOP | CR-92-91(S-1)-10 | BROOKLYN |

| CTR | JUDGE NAME | US ATTORNEY NAME | DEFENSE ATTORNEY NAME |
|---|---|---|---|
| 1 | DEARIE, RAYMOND | CALDWELL, LESLIE | |

| CTR | ARREST DATE | ARRESTING AGENCY | LOCATION OF ARREST | WARRANT NUMBER |
|---|---|---|---|---|
| 1 | 01/23/1992 | FEDERAL BUREAU OF INVESTIGATION | XX | |

| CTR | OFFENSE | OFFENSE REMARK | DISPOSITION |
|---|---|---|---|
| 1 | (3523) COCAINE | DISTRIBUTION OF COCAINE BASE | CONVICTED |
| 1 | (3533) COCAINE | CONSP. TO DISTR & P.W.I.D.COCAINE BASE | CONVICTED |
| 1 | (0039) UNKNOWN | RICO | CONVICTED |

| CTR | SENTENCE DATE | SENTENCE | APPEAL DATE |
|---|---|---|---|
| 1 | 04/19/1995 | 168 MONTHS/USDJ DEARIE | **/**/**** |

III. STATUS HISTORY

| CTR | STATUS | STATUS DATE | CUSTODY DATE | RELEASE DATE | REMARK |
|---|---|---|---|---|---|
| 1 | WT-TRIAL | 01/23/1992 | 01/23/1992 | **/**/**** | WT-DESIG/ 168 MO.-USDJ DEARIE |

EXHIBIT E

UNITED STATES MARSHALS SERVICE
PRISONER TRACKING SYSTEM
EASTERN NEW YORK
DISTRICT: 53 OFFICE: ONY

INDIVIDUAL CUSTODY AND DETENTION REPORT USM (129)

NAME: TUCKER, RONALD EDWARD
USMS NUMBER: 39032053

| | | | | | |
|---|---|---|---|---|---|
| 1 | WT-DESIG | 05/26/1995 | **/**/**** | **/**/**** | 168 MONTHS/USDJ DEARIE |
| 1 | WT-MOVE | 06/06/1995 | **/**/**** | **/**/**** | DESIG FCI ALN-MED |
| 1 | RL-BOP | 06/08/1995 | **/**/**** | 06/08/1995 | |

IV. CHRONOLOGICAL PRISONER HISTORY

| INST CODE | INSTITUTION NAME | ADMIT DATE | RELEASE DATE | DAYS BOARDED | ACTION OR DISPOSITION |
|---|---|---|---|---|---|
| NYM | MCC NEW YORK | 01/23/1992 | 05/19/1994 | 846 | HELD IN FULTON CORR FAC, NY |
| BRO | BROOKLYN MDC | 05/19/1994 | 06/08/1995 | 386 | TRANSFER |

TOTAL DAYS BOARDED 1232

V. MEDICAL EXPENSE HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| **/**/**** | | NO MEDICAL SERVICES HAVE BEEN PROVIDED TO THIS PRISONER |

THIS INFORMATION IS THE PROPERTY OF THE U.S. MARSHALS SERVICE AND SHALL NOT BE PUBLICLY RELEASED OR DISSEMINATED WITHOUT U.S. MARSHALS SERVICE AUTHORITY.

****** END OF REPORT ******

EXHIBIT E

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

3A-046
11-15-02

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: TUCKER, RONALD — #59632-053 — 3A — ALM
LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

Part A- INMATE REQUEST On February 5, 1998, The Records Office removed 1,332 days from my sentence computation. This deletion of credit, I was told, was based on the premise that I was removed from state custody pursuant to a writ of habeas corpus ad prosequendum. The Records Office reasoned that because I was "on loan" and "merely borrowed" from the state, I could not receive this credit.

After a lengthy investigation, which included numerous Freedom of Information requests from several different government agencies, pertaining to this "writ". The Records Office have recently revealed to me that no such writ exists in my file. (See attached "Inmate Request to Staff" to A.W. Craig, responded to by Ms. Coffey)(October 28, 2002)

Because this time (January 23,1992 through April 18, 1995) was removed on the basis of me being "borrowed " from the state, and because it has just been proven that no writ exists, I am respectfully asking that these days be reinstated on my sentence computation. Program Statement 5880.28(b) defines exclusive custody as custody obtained without a writ of habeas corpus ad prosequendum. (Continued on next page.)

November 18, 2002
DATE

SIGNATURE OF REQUESTER

Part B- RESPONSE

This is in response to your Request for Administrative Remedy, receipted December 5, 2002, in which you are requesting prior custody credits be awarded to your sentence from January 23, 1992 through April 18, 1995. You base this request on the fact that you can not locate a copy of the writ the U. S. Marshals Service, Eastern District of New York, used to remove you from the custody of the State of New York, Department of Corrections.

Regardless of the method the U. S. Marshals Service used to remove you from the custody of the State of New York, the fact remains that your state sentence did not stop running while you were physically in federal custody. Prior custody credits are governed by Title 18, section 3585(b) which states "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, 1) as a result of the offense for which the sentence was imposed; or 2) as a result of any other charge for which the sentence was imposed; that has not been credited against another sentence." New York Department of Corrections has verified that this time was credited to your state term. Your request for relief is denied.

December 18, 2002
DATE

S. A. Yates, Warden
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: ____________

**EXHIBIT F**

CASE NUMBER: 287713-F1

Part C- RECEIPT

Return to

REQUEST FOR ADMINISTRATIVE REMEDY PAGE 2

The response to my Request for Informal Resolution states: "The above mentioned complaint has been previously addressed. Therefore, your request to informal resolution in this matter is denied."

For almost five (5) years, the Records Office has been telling me that I was on a writ. On October, 24, 2002, it was revealed to me for the first time that no such writ exists in my file. Therefore, it would have been impossible for me to raise this issue previously, as I have just been made aware that no writ exists.

I would like to be made cognizant of when and where I have made these allegations of no writ existing, previously.

If this request for Administrative Remedy is denied, I would like to know what records were verified in order for the Records Office to pronounce that I was removed from state custody via writ of habeas corpus ad prosequendum. I am simply asking that if a writ exists, please produce the writ. If a writ doesn't exist, then please reinstate the jail credit that was removed on February 5, 1998.

/s/ [signature]
Ronald Tucker 39032-053
P.O. Box 2000
White Deer, PA 17887

Dated: November 18, 2002

EXHIBIT F

(State Authority)
Address

RE: Inmate's Name:
Reg. No.:

Dear ________:

The request for transfer of an inmate to state agents for production on state writs should contain at a minimum the following information:

1. Need for appearance of inmate;

2. Name and address of court issuing writ - name of judge, name of clerk, phone number of clerk and address;

3. Nature of action;

4. Party seeking production or making request for production to state court;

5. Reason production on writ is necessary and some other alternative is not available (for civil cases);

6. Name and location where the inmate will be confined during legal proceedings;

7. The date for requested proceedings;

8. Name and phone number of state agency and specific name of agent(s) who will transport the inmate at direction of the court;

9. The projected date of return to the federal institution; and

10. A statement from the state authority assuming custody, signed and dated to include the following:

> This is to certify that the above-named inmate will be provided safekeeping, custody, and care while in the custody of the (State Authority), and that said (State Authority) will assume responsibility for that custody, to include providing the inmate the same level of security

EXHIBIT G

required by Bureau of Prisons policy, and will return the inmate on conclusion of the inmate's appearance in the proceeding for which the writ was issued. I have the full power and authority to make this certification for said (State Authority) as the (Title or Position) for that authority.

PRINTED NAME/SIGNATURE DATE

WITNESS' PRINTED NAME/SIGNATURE DATE

Sincerely,

(Warden's Name)
Warden

EXHIBIT G