RONALD TUCKER 39032-053
F.C.I. ALLENWOOD
P.O. BOX 2000
WHITE DEER, PA 17887
UNIT #3A
JANUARY 30, 2003

CLERK OF THE COURT
THE HONORABLE YVETTE KANE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
HARRISBURG, PA 17108

IN RE: CIVIL NO. 1:00-CV-1780
       RULE 60(b) MOTION

FILED
HARRISBURG
FEB 03 2003
MARY E. [illegible], Clerk
Per _____

Dear Your Honor,

    I am the petitioner-movant in the above captioned case, and I currently have pending a motion before this Court pursuant to the Federal Rules of Civil Procedure 60(b). I am writing this letter to inform the Court of the clandestine actions of the Bureau of Prison officials in regards to my case.

    When I found out that the Bureau of Prisons do not have a writ, I attempted to administratively resolve my case by filing an Administrative Remedy Request. The Executive Assistant, Ms. Robin Gregg, here at Allenwood attempted to block my complaint by not acknowledging receipt of my request.

    I then filed a complaint against Ms. Gregg for impeding the Administrative Remedy Process. Ms. Gregg then attempted to bribe me with records that are relevant to this action, in an effort to get me to withdraw the complaint I have against her.

    I have also sent a request to the Records Office staff, and the Records staff refuse to answer or even acknowledge receipt of my request. I have also requested that my records be corrected pursuant to FOIA/Privacy Act statutes, and the Records staff have refused to acknowledge receipt of this request also.

    Furthermore, On January 24, 2003, I received a letter from Mr. Henry J. Sadowski, Regional Counsel, (included herein)

-1-

in which Mr. Sadowski concedes that there is no record of any writ of habeas corpus ad prosequendum. It should be noted that on at least two occassions in the past, Mr. Sadowski has told me that "On January 23, 1992, you were "borrowed" from state custody pursuant to a Writ of Habeas Corpus Ad Prosequendum."

I humbly and sincerely pray that this Court will take notice of the actions of the BOP staff in this case, and do justice.

Respectfully and in Truth,
Ronald Tucker

*Ronald Tucker* (signature)

cc: Kate L. Mershimer, Esq.
    Assistant United States Attorney
    United States Attorney's office
    Middle District of Pennsylvania
    228 Walnut Street, 2nd Fl.
    P.O. Box 11754
    Harrisburg, PA 17108-1754

    Kathleen Hawk Sawyer
    Director, Bureau of Prisons
    Homeowners Loan Corporation Building
    320 First Street, N.W.
    Washington D.C. 20534

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD TUCKER,
    MOVANT-PETITIONER,

V.

MICHAEL ZENK,
    RESPONDENT.

CIVIL NO. 1:00-CV-1780

(JUDGE KANE)

FILED:
HARRISBURG
FEB 0 3 2003
MARY E. D'ANDREA, Clerk
Per _____

REQUEST FOR PRODUCTION OF DOCUMENTS

## MOVANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

## IN CONJUNCTION WITH HIS PENDING RULE 60(b) MOTION

**COMES NOW**, Ronald Tucker, Movant- Petitioner, pro se, hereinafter "movant", pursuant to Federal Rules of Civil Procedure 34, hereby request the Respondent to produce for inspection and copying, the documents and tangible things identified below within thirty (30) calendar days of the service of this document request.

1. The documents that were disclosed to Ronald Tucker on Wednesday, January 15, 2003, in the FCI-Allenwood dining hall, by Ms. Robin Gregg, Executive Assistant, as described in the supporting affidavit at paragraphs 6-10, 13, 15, and 16.

2. Any documents pertaining to a writ of Habeas Corpus Ad Prosequendum, written by Records Office Staff at Allenwood to the State of New York Department of Correctional Services, New York State Division of Parole, Bureau of Prisons Regional Office, Central Office etc., and any replies thereof.

3. The U.S. Marshal Services' "129 Form", as mentioned in the Respondent's Response to movant's Rule 60(b) motion, that was relied upon by Records Staff to remove jail credit from movant on February 5, 1998.

Movant duteously requests this Court to appoint counsel and that this Court conduct an in camera review of the above-mentioned documents, and that Robin Gregg, Executive Assistant, Al Farley, Assistant Inmate Sysyems Manager, Carol Coffey, Legal Instruments Examiner, and Chris Moser, Correctional Counselor be deposed.

## CONCLUSION

Wherefore, movant prays that his request for documents be granted.

Respectfully Submitted,
Ronald Tucker

*/s/ Ronald Tucker*

Dated: January 30, 2003

## CERTIFICATE OF SERVICE

I certify that on January 30, 2003, I mailed a copy of this **REQUEST FOR PRODUCTION OF DOCUMENTS** and **AFFIDAVIT OF RONALD TUCKER REGARDING THE EVENTS OF JANUARY 10, 15, AND 16, OF 2003,** along with a letter from the **U.S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS, NORTHEAST REGIONAL OFFICE, HENRY J. SADOWSKI, REGIONAL COUNSEL,** via first class mail to the following parties listed below:

CLERK OF THE COURT
THE HONORABLE YVETTE KANE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
HARRISBURG, PA 17108

KATE L. MERSHIMER ESQ.
ASSISTANT U.S. ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET, 2ND FL.
P.O. BOX 11754
HARRISBURG, PA 17108-1754

I certify that these documents were given to prison officials on January 30, 2003, for forwarding to the above listed addresses. I certify that the foregoing is true and correct. 28 U.S.C. §1746.

/s/ _Ronald Tucker_

Dated: January 30, 2003

```
STATE OF PENNSYLVANIA  )                                          -1-
                       ) :ss
UNION COUNTY           )
```

### AFFIDAVIT OF RONALD TUCKER REGARDING THE EVENTS OF JANUARY 10, 15, AND 16, OF 2003

1]    On Friday, January 10, 2003, after the 4:00 pm institutional count, I was summoned to Counselor Moser's office in unit 3A. Counselor Moser was seated and told me to close the door and have a seat. Counselor Moser stated to me "I need you to do something for me." I asked Counselor Moser "What is it?"

2]    Counselor Moser stated to me, "I need you to drop the BP-9 you have in against Ms. Gregg."

3]    I then fully explained my situation to Counselor Moser and explained to him how Ms. Gregg is attempting to cover up the improprieties of the Records Office staff, by removing 1,332 days of my jail credit, based on a lie about me being borrowed from state custody pursuant to a writ of habeas corpus ad prosequendum, knowing that I wasn't "borrowed" from anyplace.

4]    Conselor Moser stated to me that "Ms. Gregg is in a lot of trouble with the warden and she doesn't need this hanging over her head."

5]    I told Counselor Moser that "I will not withdraw my BP-9. My problem was never with Ms. Gregg, but Ms. Gregg chose to interfere with my Administrative Remedy Request against the Records staff." I reiterated and emphasized to Counselor Moser that "I am not going to withdraw the BP-9." Counselor Moser then said to me that he would no longer ask me to withdraw my BP-9 until he got some answers as to what is going on.

-2-

6] On Wednesday, January 15, 2003, at mainline during the noon meal, as I was coming from the serving line with my tray in my hand, Ms. Gregg spoke to me and said "I have some papers for you to look at." I stopped and began conversing with her and noticed she had some papers in her hand.

7] Ms. Gregg held the papers for me to see and asked me "Do you have a copy of these?" I quickly looked at the papers and said "No". Ms. Gregg then asked me "Are you sure you've never seen these?"[Ms. Gregg was showing me three (3) pages] I said "I've never seen those two, but I do have a copy of that one, that's my state sentence computation."

8] Ms. Gregg was holding three (3) pages in her hand. The first page was a letter from Ms. Coffey to Dianne Holford at the New York State Department of Corrections, I am not sure of the complete date of this letter, but the year was 2001, and I believe the month was October.

9] At the bottom of this letter to Ms. Holford were the words "Confidential Information" or some similar language, and there was a paragraph under these words. I was not able to read this letter in its entirety but the letter began something like this: "Dear Ms. Holford, Ronald Tucker was borrowed from your custody pursuant to a Writ of Habeas Corpus Ad Prosequendum...."

10] The second page was a response from Dianne Holford to Carol Coffey. I wasn't able to read this letter, and the third page was my state sentence computation mentioned in paragraph 7, supra.

11] I asked Ms. Gregg "What is the significance of these letters?" Ms. Gregg stated "I figured you could use these, I can make copies for you and give them to you."

12] I told Ms. Gregg that "The problem with all of this is that Ms. Coffey keeps telling people that I was borrowed and on a writ, when she doesn't even have a writ."

-3-

13] Ms. Gregg said "Well Tucker, I don't know about all of this, this is not my expertise. Do you need these papers or not?" I said "Yes, if I could."

14] Ms. Gregg told me she was going to set up a meeting whereby I could go over my J&C file with Mr. Farley.

15] I told Ms. Gregg "I'm going to sit down to eat my food." Ms. Gregg asked me where I was going to be later, and I told her I was going to be in the law library. Ms. Gregg told me she had to go to A&O but she would make me copies of the papers and that she would call me later. Ms. Gregg never called for me or gave me any copies of the papers that she showed me at mainline.

16] The next day, January 16, 2003, at approximately 3:30 pm, I was agained summoned to Counselor Moser's office.[on the unit 3B side this time] Counselor Moser again asked me to withdraw the BP-9 that I have pending against Ms. Gregg. Counselor Moser stated "Here's the deal, Ms Gregg has some papers for you out of your file that you don't have." I said "I know, she showed them to me yesterday." Mr. Moser says "Those aren't the only papers, she has more. She's willing to give them to you, and we're all supposed to have a meeting on Tuesday [January 21, 2003] with you, myself, Ms. Gregg and Mr. Farley, but she said she's not doing anything for you unless you drop the BP-9."

17] I told Counselor Moser that "I'm not dropping the BP-9, but I would be willing to attend a meeting with Ms. Gregg and Mr. Farley so that we could get this straightened out, but Ms. Gregg must be crazy if she thinks she's going to try and bribe me with my own records. Mr. Moser then reiterated to me "Well she says she's not doing anything unless you drop the nine."  I then told Counselor Moser again, "I'm not dropping the nine."

18]   Counselor Moser then asked me "Well what do you want -4- to do?" I suggested to Counselor Moser that since there was only a couple of days left for the warden to respond to the BP-9, that they should ask for an extension of time, because this can't be resolved like this. I told Counselor Moser that we would see what happens Tuesday at this meeting that he told me about.

19]   On the next day, Friday, January 17, 2003, I received an "Extension of Time for Response-Administrative Remedy" in which a response was now due by February 9, 2003.

20]   As of the date of this writing, I was not called to attend any meeting, no papers were given to me by Ms. Gregg, and my decision to not withdraw said BP-9 still holds. I am not withdrawing my Administrative remedy Request #286728-F1, nor did I give anyone permission to withdraw said request.

   I declare under the pains and penalties of perjury that the foregoing is true and correct to the best of my knowledge and recollection, pursuant to 28 U.S.C. §1746. Executed this __25th__ day of January, 2003.

/s/ *Ronald Tucker*
Ronald Tucker 39032-053
F.C.I. Allenwood
P.O. Box 2000
White Deer, PA 17887
Unit #3A

Dated: January 25, 2003



U.S. Department of Justice

Federal Bureau of Prisons

Northeast Regional Office

U.S. Custom House - 7th Floor
2nd & Chestnut Streets
Philadelphia, PA. 19106

January 21, 2003

Ronald Tucker, Reg. No. 39032-053
Federal Correctional Institution - Allenwood
P.O. Box 2000
White Deer, Pennsylvania 17887

RE:  Your Request for Information, Request No. 2003-1750

Dear Mr. Tucker:

This is in response to your request for information that was received by this agency on December 17, 2002.  You request a copy of the approved Nunc Pro Tunc Order that was forwarded from the regional office to Allenwood on February 22, 2001, and a copy of the Writ of Habeas Corpus Ad Prosequendum that was used to remove you from the Fulton Work release facility on January 23, 1992.

In response to your request, one (1) page was received in this office for a release determination.  Upon review, it has been determined that this one page is releasable to you and is enclosed herein.  Please note that a search was conducted for a copy of the Writ of Habeas Corpus Ad Prosequendum regarding your alleged removal from the Fulton Work release facility and the search found no records responsive to your request.

If you are dissatisfied with this response, specifically the adequacy of the search, you may appeal to the Attorney General by filing a written appeal within 60 days of your receipt of this response to: Attorney General, Office of Information and Privacy, United States Department of Justice, FLAG Bldg., Suite 540, N.W., Washington, D.C. 20530.  Both the envelope and the letter of appeal itself should be clearly marked: "Freedom of Information Act Appeal".

Sincerely,

Henry J. Sadowski
Regional Counsel

Enclosure: 1 page