**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-2825
_____

RONALD TUCKER,
Appellant

v.

MICHAEL ZENK, Warden; BUREAU OF PRISONS;
US ATTORNEY GENERAL;
US MARSHAL SERVICE

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01780)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2003

Before: ROTH, MCKEE, AND AMBRO, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: July 30, 2003)

_____

OPINION
_____

PER CURIAM.

Ronald Tucker, a federal inmate presently housed at FCI-Allenwood in

Pennsylvania, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 in the United

States District Court for the Middle District of Pennsylvania, claiming that the Bureau of Prisons (BOP) has erred in calculating his sentence. The District Court denied relief, and Tucker timely filed this appeal.

On September 19, 1990, Tucker was arrested in New York and charged in state court with the criminal sale of a controlled substance (cocaine). On November 20, 1990, a New York State court sentenced Tucker to twenty to sixty months imprisonment. On January 23, 1992, Tucker was removed from state custody pursuant to a writ of habeas corpus ad prosequendum to face related cocaine trafficking charges in the United States District Court for the Eastern District of New York. On April 19, 1995, following his conviction on several counts, the federal court sentenced Tucker to 168 months in prison. The federal court did not specify whether its sentence was to run concurrently or consecutively to the state sentence.

Following the federal trial, and apparently due to an administrative oversight, Tucker was transferred to FCI–Allenwood on June 8, 1995, rather than returned to state custody to finish serving the state sentence. The BOP later verified that New York State had afforded Tucker credit toward his state sentence for the time served from when he was taken into federal custody on the writ (January 23, 1992), through to the maximum expiration date of the state sentence (September 17, 1995). Because Tucker's federal sentence initially was credited for this time improperly, the BOP recomputed the sentence to reflect no credit for this period.

Thereafter, following inquiries from the BOP, the federal sentencing court entered an order clarifying that Tucker's sentence was to run concurrently to his state sentence.[1] The BOP then updated Tucker's sentence calculation to run the federal sentence from the date when that sentence was imposed (April 19, 1995), rather than from the date on which his state maximum expired (September 17, 1995), thereby affording Tucker an additional five months credit. The record reflects that the BOP has also recently credited Tucker's sentence for the sixty-two days he spent imprisoned from the date of his arrest on the state charges (September 19, 1990) through the day before the date of conviction in state court (November 19, 1990).[2] Given these changes, Tucker's current projected release date on his federal sentence is May 11, 2007, via good-time credit. See Appendix at A57.

In his § 2241 petition, Tucker claimed that he should be afforded credit on his federal sentence for the sixty months from the date he was arrested and taken into custody on the state charges (September 19, 1990), through the date his state maximum expired (September 17, 1995).[3] In the alternative, Tucker asked that he be resentenced to receive

---

[1] The sentencing court later entered an amended criminal judgment providing for a total term of imprisonment of 168 months on all counts "to run concurrently with each other and with the state sentence." Appendix at A44.

[2] Although this sixty-two-day period was also credited toward Tucker's state sentence, the BOP afforded Tucker this credit based on Willis v. United States, 438 F.2d 923 (5th Cir. 1971) and its progeny. See, e.g., Rios v. Wiley, 201 F.3d 257, 272 n.13 (3d Cir. 2000). The propriety of the award of this credit to Tucker is not at issue on this appeal.

[3] As noted, Tucker has now received credit for the sixty-two days from September 19, 1990, through November 19, 1990, and thus, for purposes of this appeal, we view his contention to be that he should receive credit for the period from November 20, 1990,

the benefit of U.S.S.G. § 5G1.3(b), so that he would be afforded credit for the time he spent in state custody on the related state drug conviction, as well as the time he spent in federal custody serving that state sentence (i.e., the fifty-eight months from November 20, 1990, through September 17, 1995). Finally, Tucker claimed that his due process rights were violated due to the failure of the federal authorities to return him to state custody after the federal sentence was imposed because he potentially could have been paroled from the state sentence at that time, which would have led to an earlier commencement date for his federal sentence.

The District Court, as noted, denied relief. The court rejected Tucker's challenge to the calculation of his sentence, finding that the BOP properly ran the sentence from the date it was imposed (April 19, 1995), and that the BOP properly refused under 18 U.S.C. § 3585(b) to credit Tucker for the forty-four months that were credited to his state sentence. As to Tucker's alternative request for resentencing, the District Court held that Tucker was required to raise his challenge to the sentence based on U.S.S.G. § 5G1.3(b) in the sentencing court by motion pursuant to 28 U.S.C. § 2255, and that Tucker had not shown that § 2255 was "inadequate or ineffective" such that he could raise the claim in a § 2241 petition. The District Court noted that Tucker, in fact, had raised such a claim in a § 2255 motion, and that the sentencing court denied relief, thereby rendering his present attempt to raise the claim barred as successive under 28 U.S.C. § 2244(a). Finally, the

---

through September 17, 1995.

District Court rejected Tucker's due process claim, holding, <u>inter</u> <u>alia</u>, that Tucker failed to allege the deprivation of a cognizable property or liberty interest based on the failure to return him to state custody following the federal sentencing.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because the issues presented in this case are essentially legal in nature, our review is plenary. <u>Rios v. Wiley</u>, 201 F.3d 257, 262 (3d Cir. 2000).

Having carefully reviewed the record and the controlling law, we will affirm for the reasons expressed by the District Court. We note that Tucker's attempt to analogize his case to <u>Rios</u>, <u>supra</u>, is misplaced. <u>See</u> Appellant's Br. at 11-12. In <u>Rios</u>, we affirmed a grant of habeas relief to a federal prisoner who claimed that he was entitled to sentencing credit for the twenty-two months he spent in federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u>, even though that time was also credited to his state sentence. The prisoner in <u>Rios</u> was convicted on drug charges in state court and then taken into federal custody to face unrelated charges. At his federal sentencing, the court expressed an intention to afford credit for time served in federal custody, and the court's judgment expressly provided that the sentence would run concurrently with the state sentence, with the prisoner to "receive credit for time served." 201 F.3d at 260-61. In order to give effect to the sentencing court's desire to afford "credit for time served," we concluded on the record in <u>Rios</u> that the sentencing court had applied U.S.S.G. § 5G1.3(c) at sentencing to impose a reduced term of imprisonment to reflect that the prisoner had

5

already served twenty-two months in federal custody on the unrelated state conviction, and thus the BOP erred in failing to afford credit for that time.

Here, Tucker likewise spent an extended period of time in federal custody serving a state sentence pursuant to a writ ad prosequendum, but the similarity to Rios ends there. In this case, the sentencing court did not impose a sentence with a directive that Tucker "receive credit for time served." Instead, the court merely stated that the federal sentence was to run concurrently with the state sentence. Thus, unlike Rios, there is no basis in the record to infer that the sentencing court employed § 5G1.3 of the Sentencing Guidelines so as to sentence Tucker with an adjustment for time he spent in federal custody on the writ. Indeed, Tucker concedes that the sentencing court did not apply § 5G1.3 in his case, as he claims that it was error for the court not to have done so. See Habeas Br. at 15. Consequently, unlike Rios, the sole issue here is the one that the District Court properly addressed: namely, whether 18 U.S.C. § 3585(b) prohibits credit to Tucker's federal sentence for time that was already credited against his state sentence. As the District Court correctly noted, we held in Rios that the plain language of § 3585(b) unequivocally bars an award of credit in that circumstance. See Rios, 201 F.3d at 274-75. As such, the District Court correctly denied Tucker's requested relief.

Tucker also contends that the District Court erred in refusing to consider in this § 2241 proceeding his challenge to the sentence court's failure to apply § 5G1.3(b) to lessen his sentence. Tucker claims that the District Court erred in holding that he had

6

raised this claim in his § 2255 proceeding, noting that he raised in that action a claim that counsel was ineffective in failing to raise § 5G1.3(b), not that the court itself erred in failing to consider that provision. Appellant's Br. at 12-13. This argument is of no moment, however, as the District Court was correct that Tucker cannot raise this claim in a § 2241 proceeding absent a showing that his remedy by motion pursuant to § 2255 is "inadequate or ineffective." Because Tucker has filed a previous § 2255 motion, his only recourse is to seek permission from the Second Circuit Court of Appeals to raise the claim in a second or successive § 2255 motion. That Tucker is unlikely to meet the standard for filing a second or successive § 2255 motion does not open the door to raising the claim in this § 2241 proceeding. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."). Consequently, the District Court properly refused to address Tucker's sentencing challenge based on § 5G1.3(b).

     We have considered Tucker's remaining contentions, and we find them without merit and in need of no discussion. For the reasons stated, we will affirm the District Court's judgment.